UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 16  P 12: 49

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ANTON/BAUER, INC.<br><br>PLAINTIFF,<br><br>VS.<br><br>PAG, LTD.<br><br>DEFENDANT.<br><br>VS.<br><br>ANTON/BAUER, INC. AND<br>ALEX DESORBO<br><br>COUNTERCLAIM AND THIRD<br>PARTY DEFENDANTS. | CIVIL ACTION<br>NO. 3:01-CV-577 (CFD)<br><br><br><br><br><br><br><br>OCTOBER 15, 2003 |

## ANTON BAUER'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT PAG, LTD.'S
## SECOND MOTION FOR PROTECTIVE ORDER DATED OCTOBER 10, 2003

Pursuant to D. Conn. L. Civ. R. 7(a)1 and 37(a)3, the plaintiff, Anton/Bauer, Inc. and Third Party Defendants, Anton/Bauer, Inc. and Alex DeSorbo,[1] hereby submit this Memorandum of Law in Opposition to the Defendant, PAG, Ltd.'s "Second Motion for Protective Order to Preclude Discovery" dated October 10, 2003. PAG's instant motion concerns Anton/Bauer's First Request for Admissions dated September 10, 2003. This motion is both procedurally defective and without any substantive basis. For both of these reasons, set forth more fully below, PAG's motion must be denied.

---

[1] All of these parties will collectively be referred to as "Anton/Bauer" for purposes of convenience in this Memorandum.

ORAL ARGUMENT NOT REQUESTED

## I. GENERAL BACKGROUND

As this Court is well aware, Anton/Bauer commenced this action under the patent laws of the United States, 35 U.S.C. § 271 et seq., for infringement of the United States Patent owned by Anton/Bauer, U.S. Patent No. 4,810,204 (the '204 Patent). In its Answer, PAG raised numerous counterclaims against Anton/Bauer for attempted monopolization and monopolization under 15 U.S.C. § 2, violation of 15 U.S.C. § 1125(a) (the Lanham Act § 43(a)), violation of Conn. Gen. Stat. § 42-110b and § 42-110g ("CUTPA"), and for defamation. PAG further sought a declaratory judgment on the basis of invalidity and noninfringement of the '204 Patent. Additionally, PAG filed a Third Party Complaint against Anton/Bauer and Alex DeSorbo asserting violations of Federal unfair competition, false description and false representation under 15 U.S.C. § 1125(a), violation of CUTPA, and for defamation.

## II. DISCUSSION

Local Rule 37(a)2 provides, in pertinent part, that:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

D. Conn. L. Civ. R. 37 (a)2. "This rule serves an important purpose, namely to conserve the scarce resources of the Court and to encourage counsel to engage in a good faith

effort to eliminate or reduce areas of controversy and to resolve disputes of this nature between themselves." Murphy v. Barberino Bros., Inc., 208 F.R.D. 483, 484 (D. Conn. 2001).

PAG has failed to comply with this Rule in multiple respects. First, PAG's instant motion is not accompanied by an affidavit as required our Local Rules. On this basis alone, PAG's Motion should be denied. See Murphy, 208 F.R.D. at 484 (noting that an affidavit is required under our Local Rules). Even assuming that PAG's "Certification" can be construed as complying with the spirit of Local Rule 37, PAG has made absolutely <u>no efforts</u> to confer with Anton/Bauer's counsel with respect to Anton/Bauer's First Set of Requests for Admissions. Specifically, PAG's counsel has never called, written, faxed or e-mailed Anton/Bauer's counsel to raise or attempt to resolve any issues related to this set of discovery. See Messier v. Southbury Training School, No. 3:94cv1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998) (recognizing that "[c]onclusory statements in an affidavit asserting that the movement fulfilled the good faith meet-and-confer requirement does not satisfy" a party's obligations) (citations omitted). Rather, PAG simply chose to ignore our Local Rules and filed this motion in the first instance without affording Anton/Bauer an opportunity to discuss this matter in an effort to resolve any differences. PAG's "certification" that it has in fact conferred with Anton/Bauer's counsel concerning these Request for Admissions is troubling, at best.[2]

---

[2] To the extent that PAG seeks to rely on previous efforts to resolve discovery disputes related to Anton/Bauer's Interrogatories and Requests for Production, those efforts cannot be applied to the instant Motion for a variety of reasons. First, as Anton/Bauer argued in its Memorandum of Law in Support of Motion to Compel and in Opposition to PAG's First Motion for Protective Order, PAG has previously ignored the import of Local Rule 37. Moreover, Anton/Bauer's First Set of Requests for Admissions was submitted after PAG filed its First Motion for Protective Order and as such, the parties were under a <u>new obligation</u> to confer and resolve any disputes raised by the discovery in accordance with our Local Rules.

Given PAG's disregard for its obligations under Local Rule of Civil Procedure 37, the instant motion must be denied. Because PAG's time to either answer or object to the Request for Admissions has passed, the matters set forth in Anton/Bauer's First Set of Requests for Admissions are now deemed admitted within the plain and unambiguous language of Fed. R. Civ. P. 36(a). As such, any issues related to these Requests for Admissions are now moot.

Putting aside these deficiencies for the moment, PAG's instant motion also has no substantive basis. Local Rule 37(a)3 requires that "[e]ach memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(a)3. Anton/Bauer's Requests for Admissions consisted of 151 separate inquiries. PAG has not even attempted to demonstrate why it should be relieved of its obligation to respond to all of the areas covered by these requests. Rather, PAG throws caution to the wind and premises its refusal to engage in discovery on its overly restrictive interpretation of the Federal Circuit's ruling. Even more shocking, however, PAG waited until the eve of its response deadline to file this motion. Anton/Bauer recognizes that PAG's strategic decisions are its own. This Court however, should not condone PAG's tactics in this instance.[3]

---

[3] To the extent that the Court rejects the analysis set forth above, Anton/Bauer respectfully incorporates those arguments set forth in its previously filed papers related to its Motion to Compel and PAG's Motion for Protective Order.

4

### III. CONCLUSION

This Court should not permit PAG to disregard Local Rule 37(a)2. The spirit and purpose of this Rule is to allow parties to streamline issues before seeking Court intervention. Here, PAG has brought this Motion in the first instance without conferring in any way with Anton/Bauer's counsel. Moreover, PAG's instant Motion does not articulate any specific objection or issue related to any of the Requests for Admissions posed by Anton/Bauer. In fact, it does not even attach the Requests for the Court's consideration. Rather, PAG argues that discovery is no longer necessary. Finally, to the extent that the Court addresses any of the general arguments asserted by PAG, those claims must be rejected for the reasons previously stated by Anton/Bauer in its papers submitted concerning its Motion to Compel and PAG's first Motion for Protective Order. For all of these reasons, Anton/Bauer respectfully requests that PAG's motion be denied and that Anton/Bauer be afforded all other available relief under Local Rule 37.

Respectfully submitted,
Pullman & Comley, LLC

By: _____
James T. Shearin (ct 01326)
Brian C. Roche   (ct 17975)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
Phone: (203) 330-2222  Fax: (203) 576-8888
E-mail: jtshearin@pullcom.com
        broche@pullcom.com

– and –

Allen D. Brufsky (ct 04490)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Boulevard, 34th Floor
Miami, FL  33131
Phone: (305) 371-8585  Fax: (305) 371-5732
*Counsel for Plaintiff and Counterclaim and Third Party Defendants Anton/Bauer, Inc. and Alex DeSorbo*

## CERTIFICATE OF FILING AND SERVICE

I certify that on the 15th day of October, a true and correct copy of the above and foregoing Memorandum of Law in Opposition to the Defendant, PAG, Ltd.'s Second Motion for Protective Order to Preclude Discovery Dated October 10, 2003 on counsel for Defendants as noted below:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

and

Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

/s/ Brian C. Roche
Brian C. Roche  (ct 17975)

*Counsel for Plaintiff & Counterclaim
and Third Party Defendants
Anton/Bauer, Inc. and Alex DeSorbo*

BPRT/57052.2/BCR/494689v1