**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ANTON/BAUER, INC.<br><br>        PLAINTIFF,<br><br>    VS.<br><br>PAG, LTD.<br><br>        DEFENDANT.<br><br>    VS.<br><br>ANTON/BAUER, INC. AND<br>ALEX DESORBO<br><br>        COUNTERCLAIM AND THIRD<br>        PARTY DEFENDANTS. | CIVIL ACTION<br>NO. 3:01-CV-577 (CFD)<br><br><br><br><br><br>NOVEMBER 13, 2003 |

**PLAINTIFF, ANTON/BAUER, INC.'S AND THIRD-PARTY**
**DEFENDANTS, ANTON/BAUER, INC. AND ALEX DeSORBO'S RESPONSE TO**
**LETTER BRIEF FILED BY DEFENDANT PAG, LTD., DATED NOVEMBER 6, 2003**

The Plaintiff, Anton/Bauer, Inc. ("Anton/Bauer") and the Third-Party Defendants,

Anton/Bauer and Alex DeSorbo, hereby responds to the Defendant, PAG, Ltd.'s letter

brief filed on or about November 7, 2003 (over 15 days after this Court heard argument

on all pending motions in this matter and the record was closed as to submissions).

PAG's letter purports to argue an "obscured" point in its continued effort to convince this

Court that Anton/Bauer should be denied discovery and summary judgment should be

entered.[1]  For the reasons set forth below, the Court should reject PAG's untimely and procedurally improper arguments presented in its letter brief.

## I.  DISCUSSION

There is no reason for PAG to have submitted any additional briefing on the question presently before the Court.  The parties have exhaustively briefed these issues; the Court has not requested additional briefing; and our Local Rules do not provide for such untimely submissions.  Even putting aside these procedural impediments, there is no valid justification presented for PAG's chosen course of conduct.  Notably, PAG does not state that it was precluded from previously making this argument in its submissions on file with the Court.  The facts now relied upon by PAG were known to it at the time it filed its papers.  Further, PAG omits from advising the Court that this precise argument was already made, for the first time, in its presentation to the Court on October 23, 2003.  PAG provides no valid explanation for its decision to now reargue this point.  Most importantly, PAG does not remind the Court of Anton Bauer's response to this very argument as made at the hearing.

The discovery request in which PAG takes some comfort asks for "additional uses of the female plate."  What PAG fails to disclose is that Anton/Bauer objected to that request, in part, on the basis of that it was unduly broad and burdensome.  Notwithstanding that objection, PAG's request does not support the position it maintains

---

[1]  It is not clear whether the Court will accept the letter brief inasmuch as letter briefs are typically disfavored favored in this District.  This response is filed in the event that the letter is considered by the Court.

in its letter brief.  Specifically, it does nothing to buttress PAG's implied license defense which PAG so desperately attempts to hide behind in this litigation.  After all, it merely seeks "additional uses"; not "non-infringing alternatives."  The phrase "non-infringing alternatives" is a legal term of art which PAG consciously chose not to utilize in its discovery request.  Based on this omission, PAG's request does not concern its implied license defense and, as such Anton/Bauer's response remains true.  For all Anton/Bauer knows, there may be one or more individuals who buy its female plate and use it as a doorstop or paperweight.  Those would certainly be "additional uses" of the female plate. Anton/Bauer, however, has no documents demonstrating this use.

In fact, even if this request were directed to non-infringing alternatives – which it is not – Anton/Bauer would still not have had any responsive documents at the time this request was completed.  The documents appended to Mr. DeSorbo's Affidavit of July 2003, which describes several non-infringing alternative uses of the female plate, were secured from an industry catalog which was not in the possession of Anton/Bauer at the time of its initial response.  PAG chooses to disregard these materials and the factual issues they create in an effort to avoid liability in this case.  Given the record presently before the Court, despite PAG's Herculean efforts, it is clear that the implied license question remains an open issue in this litigation.

For both of these reasons, this Court should not rely on Request No. 32 as a justification for depriving Anton/Bauer of its right to conduct discovery or for entering summary judgment at this stage of the litigation.

## II.     CONCLUSION

This is not the first instance where PAG has submitted a letter brief in this litigation.  PAG's conduct prejudices Anton/Bauer's rights and is a clear attempt to circumvent this District's rules governing motion practice.  For this reason, Anton/Bauer respectfully requests that PAG's letter brief be stricken or, failing that, the Court consider this brief in response thereto.  In the event the Court chooses the latter, PAG's construction of Request No. 32 is a blatant attempt to rewrite its discovery to support its new-found defense.  Moreover, it disregards Anton/Bauer's objection, an objection that to this day has gone unchallenged.  Finally, PAG's letter brief is an implicit concession that all the statements it previously relied on to support its "judicial admission" argument cannot stand in the face of Anton/Bauer's opposition to same.

Respectfully submitted,
Pullman & Comley, LLC

By:_____/s/_____
James T. Shearin (ct 01326)
Brian C. Roche     (ct 17975)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
Phone: (203) 330-2222 Fax: (203) 576-8888
E-mail: jtshearin@pullcom.com
            broche@pullcom.com

**– and –**

Allen D. Brufsky (ct 04490)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Boulevard, 34th Floor
Miami, FL   33131

5

Phone: (305) 371-8585 Fax: (305) 371-5732
*Counsel for Plaintiff and Counterclaim and
Third Party Defendants Anton/Bauer, Inc.
and Alex DeSorbo*

## CERTIFICATE OF FILING AND SERVICE

I certify that on the 13th day of November, a true and correct copy of the above and foregoing, Plaintiff Anton Bauer's And Third-Party Plaintiff Alex DeSorbo's Response To Letter Brief Filed By Defendant PAG, Ltd., Dated November 7, 2003, on counsel for Defendant as noted below:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

and

Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

_____/s/_____
Brian C. Roche  (ct 17975)

*Counsel for Plaintiff & Counterclaim
and Third Party Defendants
Anton/Bauer, Inc. and Alex DeSorbo*

BPRT/57052.2/BCR/497669v1