# TKHR

## THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.

ATTORNEYS AT LAW

100 Galleria Parkway, NW
Suite 1750
Atlanta, GA 30339-5948
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
www.tkhr.com

N. Andrew Crain                                                                                          E-Mail: andrew.crain@tkhr.com

November 6, 2003

**VIA FEDERAL EXPRESS**

The Honorable Christopher F. Droney
United States District Judge,
   District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re:   Anton Bauer, Inc. v. PAG, Ltd.
      Civil Action No. 3:01-CV-577-CFD
      Our File No.: 52308-7010

Dear Judge Droney:

At the October 23, 2003 hearing regarding Anton/Bauer's Rule 56(f) motion, much of the discussion focused on the contextual meaning of certain statements contained in several of *Anton/Bauer's* pleadings submitted to this Court over the past two and a half years since this litigation began. However, one aspect about these statements that may have been obscured is that the statements are judicial admissions binding on Anton/Bauer.

In PAG's August 1, 2003 Motion for Protective Order (Docket Nos. 111 and 112), PAG cited several authorities holding that statements, like the ones discussed during the hearing, are binding judicial admissions. For the convenience of the Court, PAG's Motion for Protective Order containing citations to those authorities is enclosed herein.

Upon review of those authorities contained in PAG's Motion for Protective Order (*i.e.*, on pages 9, 11, 13, and 14), it is evident that statements like Anton/Bauer's Response to Request No. 32 of PAG's Document Requests are binding on Anton/Bauer. Request No. 32, a copy of which is

*Handwritten annotation in left margin:* The Clerk shall docket this letter and include it in the Court's file. So ordered. Christopher F. Droney, United States District [Judge] 11/20/03

INTERNATIONAL PATENT, TRADEMARK AND COPYRIGHT LAW AND RELATED LITIGATION

♦   Atlanta, Georgia   ♦   Huntsville, Alabama   ♦

The Honorable Christopher F. Droney
November 6, 2003
Page 2

attached as Exhibit 7 to the Notebook that PAG provided during October 23, 2003 Hearing, states as follows:

> REQUEST NO. 32: All documents which show, refer to, relate to, concern, or identify *any additional uses of any female plate sold by Anton/Bauer*, other than for the combination that embodies the invention(s) of the '204 patent. (Emphasis added).

In response, Anton/Bauer stated:

> RESPONSE TO REQUEST NO. 32: Subject to General Objection 2; but to the extent of Plaintiff's knowledge, *there are none.* (Emphasis added).

This statement, like the others addressed in PAG's Summary Judgment briefs, state in plain language the requisite elements to satisfy PAG's implied license defense. Plus, based on the authorities cited in PAG's attached Motion for Protective Order, each one constitutes a binding judicial admission.

Thank you for receiving this communication. If the Court has questions or would like further information on the binding nature of Anton/Bauer's admissions, please let the parties know.

Sincerely,

THOMAS, KAYDEN,
  HORSTEMEYER & RISLEY, LLP

N. Andrew Crain

/acr
Enclosure (PAG's Motion for Protective Order)

cc: Anton/Bauer's Counsel, Allen D. Brufsky (via first class mail and facsimile)
    James T. Shearin (via first class mail and facsimile)
    Brian C. Roche (via first class mail and facsimile)

*00090298*