UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.<br><br>    PLAINTIFF,<br><br>    VS.<br><br>PAG, LTD.<br><br>    DEFENDANT.<br><br>    VS.<br><br>ANTON/BAUER, INC. AND<br>ALEX DESORBO<br><br>    COUNTERCLAIM AND THIRD<br>    PARTY DEFENDANTS. | CIVIL ACTION<br>NO. 3:01-CV-577 (CFD)<br><br><br><br><br><br><br><br><br>DECEMBER 5, 2003 |

### RESPONSE TO PAG, LTD.'S LETTER BRIEF OF DECEMBER 3, 2003

On behalf of the Plaintiff and Counterclaim Defendants, Anton/Bauer, Inc. and Alex DeSorbo, the undersigned submits this response to the Defendant, PAG, Ltd.'s letter of December 3, 2003. In its letter, PAG requests clarification on the Court's November 20, 2003 Ruling on Pending Motions (the "Ruling"). Without commenting on the propriety of PAG's filing of another letter brief in this action, Anton/Bauer would respond as follows to the issues raised in PAG's letter.

First, Anton/Bauer believes that the Court's Ruling is clear. The Ruling provides, in pertinent part, that the Plaintiff and Counterclaim Defendant are permitted to conduct discovery only on the "prongs of the implied license test indicated in their memorandum in support of their response to renewed motion for summary judgment (dated July 3, 2003 with Docket No. #107)." The Plaintiff and Counterclaim Defendants were the only parties seeking additional discovery, as demonstrated by their response to PAG's Motion to Renew Motion for Summary Judgment and the filing of a Motion to Compel. As such, the only issue presented to the Court was whether or not the Plaintiff and Third Party Defendant's should be permitted to engage in further discovery in accordance with Federal Rule of Civil Procedure 56(f). PAG has consistently represented throughout its pleadings that additional discovery is unnecessary. PAG's dramatic shift in position on this issue is not well taken in light of their filings to date.

Second, from a review of the Court's November 20, 2003 Ruling, it is clear that after the 90-day discovery period is completed, the parties are permitted to move for summary judgment with respect to the implied license question. After that issue is resolved,

Anton/Bauer assumes that the Court will revisit, if necessary, the issue of additional discovery before moving forward in this case.[1]

                    Respectfully submitted,
                    Pullman & Comley, LLC

By:_____
    James T. Shearin (ct 01326)
    Brian C. Roche    (ct 17975)
    Pullman & Comley, LLC
    850 Main Street
    Bridgeport, CT 06604
    Phone: (203) 330-2222 Fax: (203) 576-8888
    E-mail: jtshearin@pullcom.com
    broche@pullcom.com

**– and –**

Allen D. Brufsky (ct 04490)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Boulevard, 34th Floor
Miami, FL   33131
Phone: (305) 371-8585 Fax: (305) 371-5732
*Counsel for Plaintiff and Counterclaim and Third Party Defendants Anton/Bauer, Inc. and Alex DeSorbo*

---

[1] Finally, it should be noted for the record that an answer on behalf of Mr. DeSorbo will be timely filed in accordance with Federal Rule of Civil Procedure 12(a)(4)(a). As notice of the Court's Order was received on November 26, 2003, any responsive pleading is not due until December 11, 2003.

## **CERTIFICATE OF FILING AND SERVICE**

I certify that on the date hereon, a true and correct copy of the above and foregoing, was served on counsel for Defendant as noted below:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

and

Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Brian C. Roche  (ct 17975)

*Counsel for Plaintiff & Counterclaim
and Third Party Defendants
Anton/Bauer, Inc. and Alex DeSorbo*

BPRT/57052.2/BCR/500102v1