# TKHR

## THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.

ATTORNEYS AT LAW

100 Galleria Parkway, NW
Suite 1750
Atlanta, GA 30339-5948
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
www.tkhr.com

Stephen R. Risley                                                                                                 E-Mail: steve.risley@tkhr.com

December 3, 2003

**VIA FACSIMILE & HAND DELIVERY**

The Honorable Christopher F. Droney
United States District Judge,
 District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re:  Anton Bauer, Inc. v. PAG, Ltd.
     Civil Action No. 01-CV-577
     Our File No.: 52308-7010

Dear Judge Droney:

Defendant, PAG Limited, respectfully requests clarification, and/or a conference call with the Court to discuss the Court's November 20, 2003 "Ruling On Pending Motions." Counsel for PAG has been advised by the Court's Chambers to submit a written request to the Court for the Court's consideration. If preferred, PAG will file a formal motion and memorandum. However, in light of the Court's ordered 90-day "limited" discovery period, time is of the essence. Thus, PAG believes that a letter and a conference call are the most efficient route to address the issues raised below.

Briefly, PAG would like to discuss the following two issues:

(1)  Since the Court denied PAG's Motion To Renew Its Motion For Summary Judgment without prejudice to renewal after discovery, is PAG also permitted to take discovery during the 90-day "limited" discovery period relating to PAG's implied license defense and Anton/Bauer's rebuttal arguments/evidence thereto?

As currently worded, the Ruling states that "Plaintiff [Anton/Bauer] and counterclaim defendants [Anton/Bauer and Mr. DeSorbo] are permitted to conduct discovery...." See Ruling On Pending Motions at 1. The Ruling does not state that PAG is permitted to conduct any discovery.

INTERNATIONAL PATENT, TRADEMARK AND COPYRIGHT LAW AND RELATED LITIGATION

♦ Atlanta, Georgia    ♦    Huntsville, Alabama    ♦

---

*[Handwritten/stamped margin annotation:]* The Clerk shall docket this letter and include it in the Court's file. The defendant is permitted to conduct discovery during the 90-day period relating to the implied license test. So ordered.

Christopher F. Droney
United States District Judge
12/4/03

PAG too would like to take discovery related to the two prongs of the implied license defense. With respect to the first prong of the implied license defense, PAG would like to conduct discovery related to Anton/Bauer's allegation that there are several devices that can be used with Anton/Bauer's female plate in a non-infringing manner. PAG anticipates that discovery related to this prong would be taken from Anton/Bauer and the third party manufacturers of the allegedly non-infringing usable devices.

With respect to the second prong of the implied license defense, PAG seeks discovery related to Anton/Bauer's allegation that the circumstances of Anton/Bauer's sales indicate that a license should not be inferred. PAG anticipates that discovery on this prong would be taken from Anton/Bauer and Anton/Bauer's distributors and customers.

(2) After the 90-day "limited" discovery period closes, will a "general" discovery period open such that PAG and Anton/Bauer will be afforded an opportunity to conduct more general discovery related to patent infringement/non-infringement, patent validity/invalidity, damages, and PAG's antitrust, defamation, and unfair competition counterclaims?

Thus far, no depositions have been taken in this case, and virtually no substantive written discovery has been provided by any party. Indeed, third party defendant, Mr. DeSorbo, has not yet filed an answer to PAG's third party complaint or responded to any of PAG's discovery requests.

Thank you for your consideration.

Sincerely,

THOMAS, KAYDEN,
HORSTEMEYER & RISLEY, LLP

Stephen R. Risley

cc:   Anton/Bauer's Counsel: (1) Allen D. Brufsky (via facsimile and first class mail); and (2) Brian C. Roche (via facsimile and first class mail)

00096437