## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.<br><br>          PLAINTIFF,<br><br>     VS.<br><br>PAG, LTD.<br><br>          DEFENDANT.<br><br>     VS.<br><br>ANTON/BAUER, INC. AND<br>ALEX DESORBO<br><br>          COUNTERCLAIM AND THIRD<br>          PARTY DEFENDANTS. | CIVIL ACTION<br>NO. 3:01-CV-577 (CFD)<br><br><br><br><br>DECEMBER 11, 2003 |

### THIRD PARTY DEFENDANT, ALEX DeSORBO'S
### ANSWER TO THIRD PARTY COMPLAINT

The Third-Party Defendant, Alex DeSorbo (hereinafter "DeSorbo"), by and through undersigned counsel, files this Answer to the Third party Plaintiff, PAG, Ltd.'s (hereinafter "PAG" or "Third Party Plaintiff") Third Party Complaint dated May 25, 2001, and states as follows:

### JURISDICTION AND VENUE

1.    The Third Party Defendant makes no response to Paragraph One of PAG's Third Party Complaint as said Paragraph contains conclusions of law and not statements of fact.

2.    The Third Party Defendant makes no response to Paragraph Two of PAG's Third Party Complaint as said Paragraph contains conclusions of law and not statements of fact.

## THE PARTIES

3.    The Third Party Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of said Third Party Complaint, and therefore denies the same and leaves the Third Party Plaintiff to its proof.

4.    The Third Party Defendant admits the allegations contained in Paragraph 4 of the Third Party Complaint.

5.    The Third Party Defendant denies the allegations contained in Paragraph 5 of the Third Party Complaint.

## FACTUAL ALLEGATIONS COMMON
## TO THE COUNTERCLAIMS AND THIRD PARTY CLAIMS

6.    The allegations in this Paragraph are directed to Anton/Bauer, Inc. ("Anton/Bauer") and therefore, the Third Party Defendant makes no response to this Paragraph. Notwithstanding this fact, the Third Party Defendant admits that Anton/Bauer was the owner of the '107 Patent. The Third Party Defendant denies that the '107 Patent is in litigation and therefore denies all of the remaining allegations contained in Paragraph 6 of the Third Party Complaint.

7.    The Third Party Defendant makes no response to the allegations contained in Paragraph 7 of the Third Party Complaint as they are directed solely to

2

Anton/Bauer.  Notwithstanding this fact, the Third Party Defendant denies that the '107 Patent is in litigation, and therefore denies all of the allegations contained in Paragraph 7 of the Third Party Complaint.  Moreover, to the extent the allegations in this Paragraph attempt to characterize the content of Anton/Bauer's pleadings in some other litigation, those documents speak for themselves.

8.    The Third Party Defendant makes no response to the allegations contained in Paragraph 8 of the Third Party Complaint as they are directed solely to Anton/Bauer.  Moreover, to the extent the allegations in this Paragraph attempt to characterize the content of Anton/Bauer's pleadings in some other litigation, those documents speak for themselves.

9.    The Third Party Defendant makes no response to Paragraph 9 of the Third Party Complaint as it is directed solely to Anton/Bauer.  Notwithstanding this fact, the Third Party Defendant admits the allegations contained in Paragraph 9 of the Third Party Complaint.

10.    The Third Party Defendant admits that the Third-Party Plaintiff's L75 battery pack was designed to work with only Anton/Bauer's female battery plates.  The remaining allegations in this paragraph are denied.

11.    The Third Party Defendant admits the allegations contained in Paragraph 11 of the Third Party Complaint.

12.    The Third Party Defendant makes no response to the allegations contained in Paragraph 12 of the Third Party Complaint as they are directed solely to

Anton/Bauer.  Moreover, to the extent the allegations in this Paragraph attempt to characterize the content of an October, 2000 Letter from Robert Jehan, that document speaks for itself.  Notwithstanding the above, the Third-Party Defendant admits that the PAG L75 battery pack was designed  to fit all Anton/Bauer female plates.  The remaining allegations in this paragraph are denied.

13.     The Third Party Defendant makes no response to the allegations contained in Paragraph 13 of the Third Party Complaint, as they are conclusions of law and not statements of fact.  Notwithstanding this fact, the Third-Party Defendant admits this allegation.

14.     The Third Party Defendant makes no response to the allegations contained in Paragraph 14 of the Third Party Complaint, as they are conclusions of law and not statements of fact.  Notwithstanding the above, the Third-Party Defendant admits the allegations contained in this Paragraph due to the fact that the '107 Patent has expired.

15.     The Third Party Defendant makes no response to the allegations contained in the  admits the allegations first sentence of Paragraph 15 of the Third Party Complaint, as they are directed solely to Anton/Bauer.  The Third Party Defendant makes no response to the allegations contained in the second and third sentence of Paragraph 15 as they are conclusions of law and not statements of fact.

16.    The Third Party Defendant makes no response to the allegations contained in Paragraph 16 of the Third Party Complaint, as it states a conclusion of law and not a statement of fact.  Notwithstanding this fact, this allegation is admitted.

17.    The Third Party Defendant makes no response to the allegations contained in Paragraph 17 of the Third Party Complaint, as it is directed solely towards Anton/Bauer.  Moreover, the Complaint in this action speaks for itself.

18.    The Third Party Defendant makes no response to the allegations contained in Paragraph 18 of the Third Party Complaint, as they are directed solely toward Anton/Bauer.  Notwithstanding this fact, this allegation is denied.

19.    The Third Party Defendant makes no response to the allegations contained in Paragraph 19 of the Third Party Complaint, as they are directed solely towards Anton/Bauer.  Notwithstanding this fact, the Third Party Defendant admits that Anton/Bauer has only asserted Claims 9 and 11 of the '204 Patent against PAG to date.

20.    The Third Party Defendant makes no response to the allegations contained in Paragraph 20 of the Third Party Complaint, as they are conclusions of law and not statements of fact.  To the extent that these allegations can be construed as statements of fact, they are denied.

21.    The Third Party Defendant makes no response to the allegations contained in Paragraph 21 of the Third Party Complaint, as they are conclusions of law and not statements of fact.  Moreover, the allegations contained in this paragraph appear

to be directed solely towards Anton/Bauer. Finally, to the extent that the allegations in this Paragraph attempt to characterize the language contained in the '204 Patent, that document speaks for itself. Notwithstanding the above, the allegations contained in this Paragraph are denied.

22. The Third Party Defendant makes no response to the allegations contained in Paragraph 22 of the Third Party Complaint, as they are conclusions of law and not statements of fact. Moreover, the allegations contained in this paragraph appear to be directed solely towards Anton/Bauer. Finally, to the extent that the allegations in this Paragraph attempt to characterize the language contained in the '204 Patent, that document speaks for itself. Notwithstanding the above, the allegations contained in this Paragraph are denied.

23. The Third Party Defendant makes no response to the allegations contained in Paragraph 23 of the Third Party Complaint, as they assert conclusions of law and not statements of fact. Notwithstanding this fact, this allegation is denied because the invention is the combination and the battery pack is attached to the female plate in the combination, which constitutes infringement.

24. The Third Party Defendant makes no response to the allegations contained in Paragraph 24 of the Third Party Complaint, as they are directed solely towards Anton/Bauer. Notwithstanding this fact, the allegations of Paragraph 24 are denied in their entirety.

25.   The Third Party Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of the Third Party Complaint, and therefore denies the same and leaves the Third Party Plaintiff to its proof.

26.   The Third Party Defendant makes no response to the allegations contained in Paragraph 26 of the Third Party Complaint, as they are directed solely towards Anton/Bauer.  Notwithstanding this fact, to the extent that the allegations contained in this Paragraph attempt to characterize Anton/Bauer's Complaint or request for injunctive relief, those documents speak for themselves.

27.   The Third Party Defendant admits that on or about April 23, 2001, as President of Anton/Bauer, he drafted a letter directed to all distributors and dealers of Anton/Bauer.  The Third Party Defendant, however, denies the remaining allegations contained in  this Paragraph.

28.   To the extent that the allegations contained in this Paragraph attempt to characterize the content of the April 23, 2001 letter, that document speaks for itself.  Notwithstanding this fact, and to the extent that the allegations contained in this Paragraph refer to the Third Party Defendant, they are denied.

29.   The Third Party Defendant denies the allegations contained in Paragraph 29 of the Third Party Complaint.

30.   The Third Party Defendant denies the allegations contained in Paragraph 30 of the Third Party Complaint.

31.  To the extent that the allegations contained in this Paragraph attempt to characterize the content of the April 23, 2001 letter, that document speaks for itself.  Notwithstanding this fact, the Third Party Defendant denies the allegations contained in Paragraph 31 of the Third Party Complaint.

32.  The Third Party Defendant makes no response to the allegations contained in Paragraph 32 of the Third Party Complaint, as they are conclusions of law and not statements of fact.  Moreover, to the extent that the allegations contained in this Paragraph attempt to characterize the content of the April 23, 2001 letter, that document speaks for itself.  Finally, notwithstanding the above, the allegations contained in this Paragraph are denied in their entirety.

33.  To the extent that the allegations contained in this Paragraph attempt to characterize the content of the April 23, 2001 letter, that document speaks for itself.  Notwithstanding this fact, the Third Party Defendant denies the allegations contained in Paragraph 33 of the Third Party Complaint in their entirety.

34.  To the extent that the allegations contained in this Paragraph attempt to characterize the content of the April 23, 2001 letter, that document speaks for itself.  Notwithstanding this fact, the Third Party Defendant denies the allegations contained in Paragraph 34 of the Third Party Complaint in their entirety.

35.  The Third Party Defendant denies the allegations contained in Paragraph 35 of the Third Party Complaint.

## COUNTERCLAIMS

## COUNT ONE

### Violation of 15 U.S.C. § 2: Attempted Monopolization

36.    The Third Party Defendant incorporates by reference Paragraphs 1 through 35 above as his responses to this Paragraph.

37.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 37.

38.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 38.

39.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 39.

40.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 40.

41.    Because this Count is directed towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 41.

42.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 42.

43.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 43.

44.    Because this Count is directed towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 44.

45.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 45.

46.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 46.

47.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 47.

48.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 48.

49.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 49.

50.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 50.

51.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 51.

52.     Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 52.

## COUNT TWO

### Violation of 15 U.S.C. § 2: Monopolization

53.   The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 52 above as his response to this Paragraph.

54.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 54.

55.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 55.

56.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 56.

57.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 57.

58.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 58.

59.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 59.

60.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 60.

61.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 61.

62.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 62.

## COUNT THREE

### Declaratory Relief Relating to U.S. Patent No. 4,810,204: Invalidity

63.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 62 above as his response to this Paragraph.

64.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 64.

65.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 65.

66.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 66.

67.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 67.

## COUNT FOUR

### Declaratory Relief Relating to U.S. Patent No. 4,810,204: Non-Infringement

68.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 67 above as his response to this Paragraph.

69.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 69.

70.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 70.

71.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 71.

72.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 72.

## COUNT FIVE

### Violation of 15 U.S.C. § 1125: Federal Unfair Competition

73.   The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 72 above as his response to this Paragraph.

74.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 74.

75.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 75.

76.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 76.

77.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 77.

78.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 78.

## COUNT SIX

### Violation of C.G.S.A. §§ 42-110b and 42-110g: Unfair Trade Practices

79.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 78 above as his response to this Paragraph.

80.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 80.

81.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 81.

82.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 82.

83.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 83.

84.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 84.

## COUNT FIVE [sic]

### Defamation

85.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 84 above as his response to this Paragraph.

86.    Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 86.

87.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 87.

88.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 88.

89.   Because this Count is directed solely towards Anton/Bauer, the Third Party Defendant makes no response to the allegations contained in Paragraph 89.

## THIRD PARTY COMPLAINT

## COUNT ONE

90.   The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 89 above as his response to this Paragraph.

91.   It is admitted that DeSorbo is the President of Anton/Bauer.  With respect to the second sentence contained in this Paragraph, it is admitted that the Third Party Defendant had decision-making authority as President of Anton/Bauer, but to the extent that this allegation is without limit or boundary, the remainder of this sentence is denied.

92.   It is admitted that the Third Party Defendant drafted the April 23, 2001 letter referenced in the first sentence of this Paragraph.  It is further admitted that the Third Party Defendant signed said letter.  The remainder of the allegations contained in this Paragraph are denied in their entirety.

93.   The Third Party Defendant denies the allegations contained in this Paragraph 93 of the Third Party Complaint in their entirety.

94.    It is admitted that the April 23, 2001 letter was directed to "All Anton/Bauer Distributors and Dealers."  With respect to the remaining allegations contained in Paragraph 94, the Third Party Defendant denies them in their entirety.

95.    The Third Party Defendant denies the allegations contained in Paragraph 95 of the Third Party Complaint in their entirety.

96.    The Third Party Defendant denies the allegations contained in Paragraph 96 of the Third Party Complaint in their entirety.

97.    The Third Party Defendant denies the allegations contained in Paragraph 97 of the Third Party Complaint in their entirety.

98.    The Third Party Defendant denies the allegations contained in Paragraph 98 of the Third Party Complaint in their entirety.

99.    The Third Party Defendant denies the allegations contained in Paragraph 99 of the Third Party Complaint in their entirety.

## COUNT TWO

### Violation of C.G.S.A. §§ 42-110b and 42-110g: Unfair Trade Practices

100.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 99 above as his response to this Paragraph.

101.    The Third Party Defendant denies the allegations contained in Paragraph 101 in their entirety.

102.    The Third Party Defendant denies the allegations contained in Paragraph 102 in their entirety.

103.    The Third Party Defendant denies the allegations contained in Paragraph 103 in their entirety.

104.    The Third Party Defendant denies the allegations contained in Paragraph 104 in their entirety.

105.    The Third Party Defendant denies the allegations contained in Paragraph 105 in their entirety.

## COUNT THREE

### Defamation

106.    The Third Party Defendant incorporates by reference his responses to Paragraphs 1 through 105 above as his response to this Paragraph.

107.    It is admitted that the April 23, 2001 letter was directed to "All Anton/Bauer Distributors and Dealers."   The Third Party Defendant denies the remaining allegations contained in Paragraph 107 of the Third Party Complaint in their entirety.

108.    The Third Party Defendant denies the allegations contained in Paragraph 108 of the Third Party Complaint in their entirety.

109.    The Third Party Defendant denies the allegations contained in Paragraph 109 of the Third Party Complaint in their entirety.

110.    The Third Party Defendant denies the allegations contained in Paragraph 110 of the Third Party Complaint in their entirety.

**Affirmative Defenses**

1.    Each and every Count of the Third Party Complaint fails to state a claim as a matter of law.

2.    Each and every Count of the Third Party Complaint is barred by the statute of limitations.

3.    The Third Party Plaintiff's defamation claim fails under the doctrine of qualified or conditional privilege.

4.    Each of the claims asserted is barred by the doctrine of laches.

5.    Each of the claims asserted is barred by the doctrine of unclean hands.

6.    Each of the claims asserted is barred by the doctrine of equitable estoppel.

7.    Each of the claims asserted is barred by the doctrine of waiver.

Pullman & Comley, LLC

By:/s/_____
    James T. Shearin (ct 01326)
    Brian C. Roche    (ct 17975)
    Pullman & Comley, LLC
    850 Main Street
    Bridgeport, CT 06604
    Phone: (203) 330-2222 Fax: (203) 576-8888
    E-mail: jtshearin@pullcom.com/broche@pullcom.com
    **– and –**
    Allen D. Brufsky (ct 04490)
    Ferrell Schultz Carter Zumpano & Fertel, P.A.
    201 S. Biscayne Boulevard, 34th Floor
    Miami, FL  33131
    Phone: (305) 371-8585 Fax: (305) 371-5732
    *Counsel for Plaintiff and Counterclaim and Third Party Defendants Anton/Bauer, Inc. and Alex DeSorbo*

## CERTIFICATE OF FILING AND SERVICE

I certify that on the date hereon, a true and correct copy of the above and foregoing, was served on counsel for Defendant as noted below:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

and

Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013


/s/_____
Brian C. Roche  (ct 17975)

*Counsel for Plaintiff & Counterclaim
and Third Party Defendants
Anton/Bauer, Inc. and Alex DeSorbo*

BPRT/57052.2/BCR/499795v1