UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.<br><br>    PLAINTIFF,<br><br>VS.<br><br>PAG, LTD.<br><br>    DEFENDANT.<br><br>VS.<br><br>ANTON/BAUER, INC. AND<br>ALEX DESORBO<br><br>    COUNTERCLAIM AND THIRD<br>    PARTY DEFENDANTS. | CIVIL ACTION<br>NO. 3:01-CV-577 (CFD)<br><br><br><br><br><br><br><br><br><br>DECEMBER 12, 2003 |

## MOTION FOR LEAVE TO FILE AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule of Civil Procedure 7(a), the Plaintiff and Counterclaim Defendant, Anton/Bauer, Inc. ("Anton/Bauer"), hereby seeks leave of this Court to file an amended answer in the above-referenced matter. Anton/Bauer's current Answer was filed on or about April 11, 2003. Between that time period and as recent as November 20, 2003, the parties to this action were involved in various procedural disputes surrounding the Defendant, PAG, Ltd.'s Motion to Renew its Motion for Summary Judgment, as well as various motions to compel and for protective orders. By Ruling dated November 20, 2003, the Court has recently resolved these issues for the parties and placed this litigation back on track. Anton/Bauer now seeks to amend its Answer solely to raise various affirmative

NO ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED

defenses consistent with the Answer of Third Party Defendant, Alex DeSorbo, which was filed with the Court on December 11, 2003.  For all those reasons set forth more fully below, the Counterclaim Defendant, Anton/Bauer, respectfully requests that its Motion be granted.

I.    STANDARD OF REVIEW

Rule 15(a) requires that a court's permission to amend a pleading "shall be freely given when justice so requires."  See Rule 15(a), Fed. R. Civ. P.  In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court explained that:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject to relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. - -  the leave should, as the Rule requires, be "freely given."

Foman, 371 U.S. at 182.

The decision whether to grant leave to amend is within the Court's sound discretion.  See id.  As Foman "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consistent with the liberalizing 'spirit of the Federal Rules.'" United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Rule 1, Fed. R. Civ. P., which states that rules are to be construed "to secure the just, speedy, and inexpensive determination of every action").

## II. DISCUSSION

Here, Anton/Bauer respectfully submits that it has satisfied Rule 15(a). There is no evidence of any undue delay, bad faith or dilatory motive accompanying Anton/Bauer's actions in this instance, Moreover, PAG will suffer no undue prejudice as the affirmative defenses being raised are identical to those being asserted by Third Party Defendant, Alex DeSorbo, in his Answer, which was filed in the Court on December 11, 2003. In all other respects, the Answer is entirely consistent with that previously submitted to the Court on April 11, 2003. To the extent that PAG could contend that these affirmative defenses could require additional discovery, such discovery would necessarily have to be taken up with respect to the Answer of Alex DeSorbo. As such, this litigation will not be unnecessarily delayed. Furthermore, this matter has yet to be scheduled for trial and the parties are within a ninety day period of discovery directed to PAG, Ltd.'s defense of implied license. Based on all these factors, Anton/Bauer submits that the instant Motion should be granted. Attached hereto as Exhibit A is Anton/Bauer's Amended Answer to PAG's Counterclaim.

## III.    CONCLUSION

For all those reasons set forth more fully above, Anton/Bauer respectfully requests that this Motion be granted and that the attached Amended Answer be filed with the Court.

                Pullman & Comley, LLC

By:/s/
    James T. Shearin (ct 01326)
    Brian C. Roche    (ct 17975)
    Pullman & Comley, LLC
    850 Main Street
    Bridgeport, CT 06604
    Phone: (203) 330-2222 Fax: (203) 576-8888
    E-mail: jtshearin@pullcom.com/broche@pullcom.com

                **– and –**

Allen D. Brufsky (ct 04490)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Boulevard, 34th Floor
Miami, FL   33131
Phone: (305) 371-8585 Fax: (305) 371-5732
*Counsel for Plaintiff and Counterclaim and Third Party Defendants Anton/Bauer, Inc. and Alex DeSorbo*

4

## CERTIFICATE OF FILING AND SERVICE

    I certify that on the date hereon, a true and correct copy of the above and foregoing, was served on counsel for Defendant as noted below:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

and

Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

/s/ _____
Brian C. Roche  (ct 17975)

*Counsel for Plaintiff & Counterclaim
and Third Party Defendants
Anton/Bauer, Inc. and Alex DeSorbo*

BPRT/57052.2/BCR/500809v1