IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON BAUER, INC., | ) |
| Plaintiff, | ) ) ) Civil Action |
| v. | ) File No.: 3:01-CV-577-CFD |
| PAG LIMITED, | ) ) ) |
| Defendant. | ) ) |

### STIPULATED FACTS OF PLAINTIFF, ANTON BAUER, INC. AND DEFENDANT, PAG, LIMITED

As Ordered by the Court, plaintiff, Anton Bauer, Inc. and defendant, PAG Limited herein submit facts to which the parties have stipulated for purposes of the Court's consideration of plaintiff's Motion for a Preliminary Injunction.

The parties recognize that Affidavits and/or sworn Declarations have in the past and may in the future be submitted to the Court averring to additional facts. The parties stipulate that the Affidavits and/or sworn Declarations submitted by the parties may be received into evidence for the Court's consideration of Plaintiff's Motion for a Preliminary Injunction. The parties further agree not to object to these documents on any evidentiary basis, although the same may be countered by like evidence.

I.  STIPULATED FACTS

   A.  Defendant, PAG, Limited

   1.  Defendant, PAG, Limited ("PAG") is a United Kingdom corporation based in London, England. PAG introduced its PAG L75 battery pack in the United States in April of 2000.



EXHIBIT E
PAGE 1 OF 8

2. The PAG L75 battery pack in question is designed to be fitted to "female plate" designs that embody the design shown in expired U.S. Patent No. 4,218,107 and may also be fitted to plaintiff's Gold Mount™ products employing a female plate with a latch as shown in Figs. 14-19 of U.S. Patent No. 4,810,204.

3. PAG's accused L75 battery packs can only be construed to employ the male plate of the claimed releasable connection.

4. PAG, Ltd. is offering for sale to industry users of video cameras, a battery pack that can be used with the female plates exclusively being sold by Anton/Bauer as the Gold Mount and affixed to portable TV cameras.

B. Plaintiff, Anton/Bauer, Inc

5. Plaintiff, Anton/Bauer is a corporation duly organized and existing under the laws of the State of Delaware having its principal place of business at 14 Progress Drive, Shelton, Connecticut 06480. Anton/Bauer is in the business of manufacturing battery packs especially designed for use to power professional portable video cameras.

6. Anton/Bauer's battery packs are constructed to incorporate a releasable connection between the camera and batteries contained within the pack as shown and claimed in U.S. Patent No. 4,810,204. The battery pack connection of the '204 patent-in-suit includes (1) a flat female plate having a plurality of keyhole slots and at least one elongated electrical terminal (the female plate is also manufactured by Anton/Bauer and is normally affixed to the camera or other electrically operated device, such as a battery charger); and (2) a flat male plate including a plurality of shaped headed projections adapted to be received in the keyhole slots to releasable lock the female and male plates


EXHIBIT E
2 OF 8

2

together, the male plate also including at least one elongated electrical terminal which mates with the electrical terminal on the female plate when the plates are locked together (the male plate is usually a portion of the housing of the pack containing an electrical battery or AC-to DC power source for powering the camera through the mating terminal connection); and (3) a releasable locking means on the female plate for engaging at least one of the headed projections for locking and preventing relative movement between the plates once they are assembled in mating relation.

7. Anton/Bauer also manufactures and sells battery chargers for recharging its batteries. Anton/Bauer's charger employs the connection described in the preceding paragraph.

8. Anton/Bauer's female plates are sold to members of the portable TV video camera industry, and are attached to certain commercial TV portable video cameras manufactured by Sony, Hitachi, Panasonic, Ikegami, Philips, JVC and others. These camera manufacturers sell the camera and female plate to the ultimate user, e.g., a TV station for use by a TV news crew. Users of such cameras which do not have the female plate attached by the camera manufacturer as original equipment may purchase the female plate from Anton/Bauer and its distribution channels and attach it to the camera as an aftermarket product. End users may also purchase a battery charger manufactured by Anton/Bauer which also has a female plate.

9. Plaintiff holds 100% of the U.S. market for "female plates" that comprise the "releasable locking means on said female plate" required by claims 9 and 11 of the '204 patent.


EXHIBIT E
PAGE 3 OF 8

10. The only way to get the "female plate" component described in claims 9 and 11 of the '204 patent is to purchase the "female plate" comprising the "releasable locking means" from plaintiff.

C. The Professional Battery Pack Market

11. The battery packs at issue in this lawsuit are primarily directed to the professional camera/battery market. In the professional camera/battery market, sales of the pertinent battery packs generally occur in two ways.

12. The first instance occurs when a camera manufacturer purchases a Gold Mount™ "female plate" directly from plaintiff. The Gold Mount™ generically includes female plates of the type described in the '204 patent. The camera manufacturer incorporates the "female plate" into a camera as an OEM-type part, and then, sells the camera with the Gold Mount™ "female plate" attached thereto to the public.

13. The second instance occurs when plaintiff sells its Gold Mount™ "female plate" directly to an end user as an after-market product. Either way, the only way for the end user, a would-be direct infringer, to obtain the "releasable locking means on said female plate" required by claims 9 and 11 of the '204 patent, is by the sale, authorization, and consent to use by plaintiff.

14. In addition to the female plates having a "releasable locking means" as described by the '204 patent, prior art female plates may exist that can be used in conjunction with PAG's L75 battery pack.



4

15. PAG's L75 battery can be a replacement battery pack for use with older "female plate" designs such as the design disclosed in plaintiff's now expired patent, U.S. Patent No. 4,218,107 ("the '107 patent").

16. PAG is clearly entitled to sell its L75 battery pack as a replacement battery for the releasable connections that exist in the marketplace and that have been now dedicated to the public by virtue of the expiration of the '107 patent in May 1999.

D. The Patent-In-Suit

17. Plaintiff is the owner of the patent-in-suit, U.S. Patent No. 4,810,204.

18. The patent-in-suit issued on March 7, 1989.

19. U.S. Patent No. 4,218,107 is an expired patent, but is not being sued on..

20. The expired '107 patent discloses all aspects of the male-female battery pack connection claimed in the patent-in-suit except for the components of the "releasable locking mechanism on said female plate" specified in claims 9 and 11 of the patent-in-suit.

21. The '204 patent-in-suit comprises 18 claims. Plaintiff's preliminary injunction motion asserts that PAG has infringed claims 9 and 11 of the '204 patent.

22. Claims 9 and 11 of the '204 patent require, inter alia, a "male plate," a "female plate," and a "releasable locking mechanism on said female plate."

23. The "releasable locking mechanism on said female plate" required by the claims of the '204 patent must comprise (1) at least one rotatable member on the backside of the female plate, (2) a pin on said rotatable member between said member and the backside of the female plate, and (3) a means urging the member to a closed condition

5


EXHIBIT E
PAGE 5 OF 8

with said pin disposed in the path of movement of said headed projection inserted in said slot.

24. It is undisputed that PAG does not directly infringe any claim of the '204 patent because PAG does not make, use, or sell any "female plate" in the United States with a "releasable locking means on said female plate.", but Anton/Bauer contends that the end user of the PAG battery pack and Anton/Bauer Gold Mount would infringe claims 9 and 11 by forming the combination illustrated in Figs. 14 to 19 of the patent.

E. The Parties' Pre-Suit Correspondence

25. PAG sought the opinion of a patent counsel regarding the L75 design and the parties began corresponding about the patent-in-suit in October 2000, at least six months prior to plaintiff's initiation of this lawsuit.

26. PAG initiated a discussion with plaintiff about PAG's allegedly infringing product with a letter on October 25, 2000. Plaintiff responded to PAG's letter on December 2, 2000. PAG again wrote to plaintiff on January 22, 2001. These letters are attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction.



Respectfully submitted this ____ day of June, 2001.

_____
Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
Robert B. Dulaney III (ct22654)
**Thomas, Kayden, Horstemeyer & Risley, L.L.P.**
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

_____
Allen D. Brufsky (ct04490)
Allen D. Brufsky, P.A.
10700 Stringfellow Road, Unit 80
Bokeelia, Florida 33922
Telephone: (941) 283-0065
Facsimile: (941) 283-0093
and
124 Old Easton Turnpike
Weston, Connecticut 06883
Telephone: (203) 454-3030

Counsel for Plaintiff

Brien P. Horan (ctxxxxx)
**Robinson & Cole, LLP**
280 Trumbell Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Counsel for Defendant

7

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON BAUER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | File No.: 3:01-CV-577-CFD |
| ) | |
| PAG LIMITED, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I certify that on the 6th day of June, 2001, a true and correct copy of the above and foregoing "Stipulated Facts of Plaintiff, Anton Bauer, Inc. and Defendant, PAG, Limited" was served on the following counsel of record:

Allen D. Brufsky, Esq.
Allen D. Brufsky, P.A.
10700 Stringfellow Road, Unit 80
Bokeelia, Florida 33922

by depositing a copy of the same in the United States mail, in a properly addressed envelope with sufficient first class postage affixed thereto.

J. Scott Culpepper (622653)
Thomas, Kayden, Horstemeyer
  & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Counsel for Defendant