UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC., )<br>)<br>    Plaintiff and )<br>    Counterclaim Defendant )<br>)<br>v. )<br>)<br>PAG, LTD. )<br>)<br>    Defendant and )<br>    Counterclaim Plaintiff )<br>)<br>v. )<br>)<br>ANTON/BAUER, INC. and )<br>ALEX DESORBO, )<br>)<br>    Counterclaim and Third )<br>    Party Defendants ) | CIVIL ACTION NO.<br>3:01-CV-577-CFD |

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 5 AND 6 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TOWARDS THE IMPLIED LICENSE ISSUE**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant and Third-Party Plaintiff PAG, LTD. ("Defendant"), submits this supplemental response to Interrogatory Nos. 5 and 6 of Plaintiff Anton/Bauer, Inc.'s First Set of Interrogatories Directed Towards the Implied License Issue:

I. PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant incorporates by reference the Preliminary Statement and Reservation of Rights from its January 30, 2004 responses to Anton/Bauer's First Set of Interrogatories Directed Towards the Implied License Issue as if fully stated herein.

II. OBJECTIONS

A. General Objections To Plaintiff's Interrogatories

Defendant incorporates by reference the General Objections to Plaintiff's Interrogatories from its January 30, 2004 responses to Anton/Bauer's First Set of Interrogatories Directed Towards the Implied License Issue as if fully stated herein.

DEFENDANT HEREBY INCORPORATES BY REFERENCE EACH AND EVERY ONE OF THE ABOVE-REFERENCED GENERAL OBJECTIONS AS PART OF DEFENDANT'S SPECIFIC OBJECTIONS TO EACH AND EVERY ONE OF PLAINTIFF'S INTERROGATORIES AS IF RESTATED THEREIN.

B. Objections To Plaintiff's Definitions And Instructions

Defendant incorporates by reference the Objections To Plaintiff's Definitions And Instructions from its January 30, 2004 responses to Anton/Bauer's First Set of Interrogatories Directed Towards the Implied License Issue as if fully stated herein.

DEFENDANT HEREBY INCORPORATES BY REFERENCE EACH AND EVERY ONE OF THE ABOVE-REFERENCED SPECIFIC OBJECTIONS

AS PART OF DEFENDANT'S SPECIFIC OBJECTIONS TO EACH AND EVERY ONE OF PLAINTIFF'S REQUESTS, TO THE EXTENT ANY OF PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS TO WHICH DEFENDANT HAS OBJECTED ARE USED OR REFERENCED IN ONE OR MORE OF PLAINTIFF'S INTERROGATORIES, AS IF RESTATED THEREIN.

III. DEFENDANT'S RESPONSES

<u>Interrogatory Request No. 5</u>: Describe in detail the reasons that PAG. Ltd. designed, manufactures and sells the PAGlok adaptors, including Models 9515, 9516, 9517, 9518, 9524, 9577, 9677, 9678, 952258, and 952264.

<u>Objections</u>: Defendant incorporates by reference the above-stated Preliminary Statement and Reservation of Rights; the General Objections to Plaintiff's Interrogatories; and the Objections to Plaintiff's Definitions and Instructions. Defendant also objects to this Interrogatory as overly broad, and unduly burdensome to the extent that it is not limited to a relevant time period for which the information is sought. Defendant also objects to this Interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant objects to this interrogatory as being vague and ambiguous.

Defendant additionally objects to this Interrogatory to the extent that it requests information about adaptors not designed, manufactured, and/or sold in the United States. Thus, Defendant will construe this Interrogatory as only applying to sales of such identified products in the U.S., that is, if any exist.

<u>Response</u>: Subject to and without waiving these objections, Defendant responds as follows: To generate revenues for PAG, LTD.

PAG Model No. 9518 adapts PAGlok batteries for use with Anton/Bauer-type mounts.

4

<u>Interrogatory Request No. 6</u>: Describe in detail why PAG. Ltd. sells the PAGlok adaptors, including Models 9515, 9516, 9517, 9518, 9524, 9577, 9677, 9678, 952258, and 952264, notwithstanding the existence of the PAG L75.

<u>Objections</u>: Defendant incorporates by reference the above-stated Preliminary Statement and Reservation of Rights; the General Objections to Plaintiff's Interrogatories; and the Objections to Plaintiff's Definitions and Instructions. Defendant also objects to this Interrogatory as overly broad, and unduly burdensome to the extent that it is not limited to a relevant time period for which the information is sought. Defendant also objects to this Interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant additionally objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 5. Furthermore, Defendant objects to this Interrogatory to the extent that it requests information about adaptors not sold in the United States. Thus, Defendant will construe this Interrogatory as only applying to adaptors sold in the U.S., that is, if any exist.

<u>Response</u>: Subject to and without waiving these objections, Defendant responds as follows: To generate revenues for PAG, LTD.

PAG Model No. 9518 adapts PAGlok batteries for use with Anton/Bauer-type mounts. Model No. 9518 has been offered for sale and sold at least since 1991. PAG's L75 battery pack was first offered for sale in 2000. PAG Model No.

9518 remains in PAG's product line after the introduction of the L75 to continue to adapt PAGlok batteries with Anton/Bauer-type mounts.

Dated: March 1, 2004

As to the objections,

_____
Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
N. Andrew Crain (ct24514)

THOMAS, KAYDEN, HORSTEMEYER
& RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Defendant
PAG, LTD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC., <br>     Plaintiff and <br>     Counterclaim Defendant <br><br> v. <br><br> PAG, LTD. <br>     Defendant and <br>     Counterclaim Plaintiff <br><br> v. <br><br> ANTON/BAUER, INC. and <br> ALEX DESORBO, <br>     Counterclaim and Third <br>     Party Defendants | CIVIL ACTION NO. <br> 3:01-CV-577-CFD |

## CERTIFICATE OF SERVICE

I certify that on the 1st day of March, 2004, a true and correct copy of the above and foregoing "Defendant's Supplemental Response to Interrogatory Nos. 5 and 6 of Plaintiff's First Set of Interrogatories Directed Towards the Implied License Issue" was served on the following counsel of record:

| | |
|---|---|
| James T. Shearin, Esq. <br> PULLMAN & COMLEY, LLC <br> 850 Main Street <br> Bridgeport, Connecticut 06604 | Allen D. Brufsky, Esq. <br> HAHN LOESER + PARKS <br> 3301 Bonita Beach Road, Suite 308 <br> Bonita Springs, Florida 34134-7836 |

by facsimile and by depositing a copy of the same in the United States mail, in a properly addressed envelope with sufficient first class postage affixed thereto.

N. Andrew Crain (ct24514)
Attorney for Defendant
PAG, LTD

7