IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 3:01-CV-577-CFD |
| | ) | |
| PAG, LTD., | ) | |
|     Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTON/BAUER, INC. and ALEX | ) | |
| DESORBO, | ) | |
| | ) | |
|     Counterclaim and Third Party | ) | |
|     Defendants | ) | |

**DEFENDANT PAG LIMITED'S MEMORANDUM IN OPPOSITION TO PLAINTIFF,
ANTON BAUER, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

In order for the Court to grant Plaintiff's Motion for Summary Judgment, Plaintiff needs

the Court to do two things:  (1) forget about construing the claims of the '204 patent; and (2)

forget about Plaintiff's prior admissions of fact that satisfy all elements of PAG's implied license

defense.  However, these two things are crucial and cannot be forgotten, and they each are

reasons that Plaintiff's motion should be denied.

Over the course of three pages in Plaintiff's brief in support of its Motion for Summary

Judgment, Plaintiff lays out the law on determining whether an accused device does or does not

infringe a patent claim.  However, Plaintiff fails to actually follow that law and construe the

disputed claims, as well-established patent law requires.  Instead, Plaintiff summarily reaches

unsupported conclusions of what the claim terms supposedly mean by inserting words into the claims that are not contained in the claims and by omitting other words that are. Nevertheless, Plaintiff's failure to construe the limitations of claims 9 and 11 according to well-settled patent law precedent precludes a determination at this time regarding whether the female plate of the '204 patent does or does not have noninfringing uses.

For at least the reason that the terms of claims 9 and 11 of the '204 patent (attached as Defendant's Exhibit "A" (hereinafter "DX")) have not been construed by this Court as a matter of law, Plaintiff's Motion for Summary Judgment must be denied. Plaintiff's motion cannot be granted because it ignores the well-established law on patent infringement determination as set forth in Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc) aff'd 517 U.S. 370 (1996) (hereinafter "Markman), and its progeny that requires the meaning of the disputed claims to be interpreted as a matter of law. Then and only then can the properly interpreted claims be compared to the allegedly noninfringing devices to determine whether each one truly is or is not a noninfringing use for Plaintiff's female plate.

Instead, Plaintiff has totally glossed over the claim interpretation step of the Markman infringement analysis so that Plaintiff can indiscriminately label devices as noninfringing uses for Plaintiff's female plate, thereby eviscerating PAG's implied license defense. PAG contends, however, that a proper claim analysis of the terms in claims 9 and 11 of the '204 patent will prove that many of the devices identified by Plaintiff as noninfringing uses for Plaintiff's female plate are actually *infringing* uses instead. Thus, the first step of the mandated Markman infringement analysis will greatly reduce the universe of devices for which the second step of the Markman infringement analysis must actually be performed.

Additionally, Plaintiff has repeatedly admitted, stipulated, and represented to this Court that its female plate actually has no noninfringing uses. This fact was one of the very bases for which PAG initially brought its Motion for Summary Judgment in 2002, which it also renewed in 2003. No claim construction was necessary when PAG brought its summary judgment motion because Plaintiff admitted the dispositive facts related to the two implied license factors. Those facts still have not changed. But now, Plaintiff has identified several devices that allegedly may be used with the '204 patented female plate in a noninfringing way. Thus, Plaintiff's Motion for Summary Judgment should be denied at least because these admissions of fact create a genuine issue of fact that PAG should be allowed to present at trial.

Accordingly, PAG submits that Plaintiff's Motion for Summary Judgment should be denied so that this Court can conduct a proper Markman hearing[1] to construe the legal meaning of these disputed claims. Unless claims 9 and 11 are construed as a matter of law, Federal Circuit precedent prevents any comparison of the unconstrued claims to these devices. Only after the Court properly construes the claims of the '204 patent can the issue of noninfringing uses under the implied license test be resolved.

## II.    STATEMENT OF FACTS

In 2002, PAG brought a motion for summary judgment on its implied license defense that was based on admissions, stipulations, and representations by Plaintiff that satisfied both elements of PAG's implied license defense. See Docket Nos. 41, 42, and 43. Neither PAG nor

---

[1] At a minimum, PAG requests the opportunity to brief the Court regarding the disputed terms in claims 9 and 11 of the '204 patent.

Plaintiff requested that the Court construe the claims at that time because PAG's motion was based on Plaintiff's admissions. See id.; see also Docket Nos. 46, 49, and 59  The Court denied PAG's motion (and Plaintiff's Cross Motion for Summary Judgment – Docket Nos. 48 and 49) on February 27, 2003 without prejudice with right to renew.  See February 27, 2003 Endorsement to Docket Entry 41.

In 2003, PAG renewed its motion for summary judgment after the Federal Circuit held that PAG indeed was likely to succeed on the merits of its implied license defense based in part on these admissions, stipulations, and representations.  See Docket No. 102; see also Anton/Bauer v. PAG, 329 F.3d 1343 (Fed. Cir. 2003).  Plaintiff, however, asserted that it never admitted, stipulated, or represented those facts upon which the Federal Circuit based its holding. See Docket Nos. 107 and 110.  Instead of granting PAG's renewed summary judgment motion at that time, this Court ordered the parties to conduct highly focused discovery on the implied license issue.[2]  See Ruling on Pending Motions, Docket No. 129.

The implied license discovery period ended on May 1, 2004.  See Docket No. 136. During the implied license discovery period, Plaintiff identified approximately 25 devices that Plaintiff alleged could be used with Plaintiff's '204 patented female plate in a manner that did not infringe the '204 patent.  On May 25, 2004, Plaintiff filed its currently pending Motion for Summary Judgment alleging that one or more of the 25 devices create a noninfringing use for

---

[2] This highly focused discovery constitutes the only real discovery that has transpired thus far. Plaintiff's motion should be denied so that the parties can conduct general discovery on issues pertaining to infringement, validity, and PAG's other defenses so that this litigation, which began on April 10, 2001, may advance.

Plaintiff's female plate, thereby causing PAG's implied license defense to fail. See Plaintiff's Motion for Summary Judgment at 13-28 (Docket No. 140).

This Court has not held a hearing pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995) (en banc) aff'd 517 U.S. 370 (1996), to construe the disputed claims of the '204 patent. So as of Plaintiff's May 25, 2004 Motion for Summary Judgment, the claims of the '204 patent have not been construed, as a matter of law. Yet, Plaintiff asks this Court to compare those unconstrued claims to devices that allegedly enable noninfringing uses for Plaintiff's female plate. See Plaintiff's Motion for Summary Judgment at 13-28 (Docket No. 140).

III.    **ARGUMENT AND CITATION OF AUTHORITIES**

    1.    **Claims 9 and 11 Must Be Construed as a Matter of Law**

It is "well known that 'the determination of [patent] infringement is a two-step process. First, the language of the claims must be interpreted. Second, the accused device must be compared to the claim language as interpreted.'" Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 791 (Fed. Cir. 1995) (quoting Reed Corp. v. Portec, Inc., 970 F.2d 816, 821 (Fed. Cir. 1992)); see also Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995) (en banc) aff'd 517 U.S. 370 (1996). "The first step, claim construction, is a matter of law exclusively for the court." Graco, 60 F.3d at 791.

In interpreting the claim limitations, "the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and if in evidence, the prosecution history." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir.

1996). In beginning with the claims, "[t]he general rule is … that terms in the claim are to be given their ordinary and accustomed meaning[, and] a court must presume that the terms in the claim mean what they say…." Johnson Worldwide Assoc., Inc. v. Zebco Corp., 175, F.3d 985, 989 (Fed. Cir. 1999).

However, proclaiming that the ordinary meaning of a claim controls does not end the examination. The court must still determine what the ordinary meaning is for each disputed claim term. See W.E. Hall Co. v. Atlanta Corrugating, LLC, 2004 U.S. App. LEXIS 11122, *14 (Fed. Cir. 2004) ("The ordinary and customary meaning of a claim term to one of ordinary skill in the art may be ascertained from a variety of sources, first … from the intrinsic evidence of record such as the claims themselves, the written description, and the prosecution history, but also from the 'common understanding' of the terms that may be reflected in dictionaries, encyclopedias, and treatises."). The Federal Circuit has indicated that it "sets the meaning of the claim terms by ascertaining their technological and temporal context." Metabolite Labs., Inc. v. Laboratory Corp. of America Holdings, 2004 U.S. App. LEXIS 11248, *9 (Fed. Cir. 2004). More specifically, a court is tasked with "ascertaining the meaning of the claim terms to one of ordinary skill in the art at the time of invention." Id. at *10. So the ordinary meaning must be affirmatively analyzed and determined and is not something left dangling as if known to all.

To that end, the Federal Circuit has found that dictionaries, encyclopedias and treatises are useful in determining the ordinary and customary meanings of claim terms. See Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1203 (Fed. Cir. 2002). However, even a common dictionary oftentimes has multiple dictionary definitions for a single term, some having no relation to the claimed invention, so resort to such authorities does not always provide the

6

proper interpretation for a claim term. See id. at 1204. Thus, "the intrinsic record[, including the specification and prosecution history,] must always be consulted to identify which of the different possible dictionary definition meanings of the claim terms in issue is most consistent with the use of the words by the inventor." Id. at 1203.

Additionally, the intrinsic record must also be examined in every case to determine whether the presumption of ordinary meaning is rebutted. See Id. at 1204. The patent's specification must be consulted because the "claims must be construed so as to be consistent with the specification, of which they are a part." Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc., 347 F.3d 1367, 1371 (Fed. Cir. 2003). If the patentee has chosen to be his own lexicographer by setting forth an explicit definition for a claim term, then that definition can rebut or refine what may otherwise be the ordinary and accustomed meaning. See Johnson Worldwide, 175 F.3d at 990. This is at least one instance where the ordinary meaning of a claim term does not control.

The specification and prosecution history must also be consulted to determine if the "patentee has disavowed or disclaimed the scope by using words or 'expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope.'" Resqnet.com, Inc. v. Lansa, Inc., 346 F.3d 1374, 1378 (Fed. Cir. 2003) (quoting Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1325 (Fed. Cir. 2002)); see also Omega Eng'g., Inc. v. Raytek Corp., 334 F.3d 1314, 1326 (Fed. Cir. 2003) (finding that disavowals and disclaimers affecting claim interpretation scope may reside in the prosecution, which therefore must be considered when construing claims).

Another instance to depart from the ordinary meaning is "where a term or terms chosen by the patentee so deprive the claim of clarity that there is no means by which the scope of the claim may be ascertained from the language used." Johnson Worldwide, 175 F.3d at 990. Because a term may be vague or unclear as it resides in the claim, its meaning must be found elsewhere in the patent or in the prosecution history. See J.T. Eaton & Co. v. Atlantic Paste & Glue Co., 106 F.3d 1563, 1568 (Fed. Cir. 1997). In this instance, the specification and/or prosecution history may provide insight to what is otherwise a vague and ambiguous claim term.

Therefore, stating that the ordinary meaning controls a claim term's meaning does not end the inquiry. As set forth above, that ordinary meaning, if controlling, must be affirmatively determined. If the ordinary meaning does not control, then the claim term's true meaning must still be determined.

Determining whether a device may be used with the '204 patented female plate in a noninfringing manner dictates that the '204 patent's claims be first construed in the manner set forth above. If the meaning of the terms contained in the claims are not determined as a matter of law, then there is no basis for comparison to the device to conclude that it does or does not qualify as a noninfringing substitute. While this analysis normally is conducted to determine whether a device infringes a patent claim, the analysis is no different for evaluating whether the same device does not infringe the claim.

### 2. Failure to Construe the Claims at Issue According to Federal Circuit Precedent Constitutes Error

In order for the Federal Circuit to be able to review a district court's finding that an accused device infringes a patent claim, the Court must "know what meaning and scope the district court gave the asserted claims." See Key Mfg. Group, Inc. v. Microdot, Inc., 925 F.2d

1444, 1448 (Fed. Cir. 1991).  So a district court must determine the meaning and scope of the claims as a matter of law, and omitting this step in conjunction with making a finding of infringement or noninfringement is consistently recognized by the Federal Circuit as error justifying remand.

"The entire omission of a claim construction analysis from the [district court's] opinion, and the conclusory factual findings on infringement, each provide an independent basis for remand." Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1346 (Fed. Cir. 2002); see also Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc., 340 F.3d 1298, 1311 (Fed. Cir. 2003).  Likewise, "finding[s], which [are] conclusory in nature, [are] entirely inadequate under Rule 52(a) of the Federal Rules of Civil Procedure." Graco, 60 F.3d at 791.  For this reason, it is imperative that the claims of the '204 patent be properly construed by the Court prior to any comparison to the devices allegedly offering noninfringing uses for the '204 patented female plate.

### 3.    Plaintiff Has Not Construed the Claims But Has at Best Offered Inadequate Conclusory Findings

In Plaintiff's Brief in support of its Motion for Summary Judgment (hereinafter "Plaintiff's Brief"), Plaintiff describes how claim terms are construed according to the ordinary meaning, but Plaintiff provides little to no insight as to what that ordinary and customary meaning is for each term.  Instead, Plaintiff's Brief identifies four key elements supposedly contained in claim 9 of the '204 patent, but the key element recitations actually contain words that are not even found in claim 9 and omit other words that are. See Plaintiff's Brief at 14-15. It is obvious that Plaintiff has failed to construe claims 9 and 11 in its determination of whether the female plate of the '204 patent has noninfringing uses or not.  And it is for at least this

reason—that claims 9 and 11 have not been construed according to <u>Markman</u>—that Plaintiff's Motion for Summary Judgment cannot be granted.

### a.    Plaintiff Failed to Explain Why the Preamble of Claim 9 is Limiting

On page 14 of Plaintiff's brief, Plaintiff contends that the preamble of claim 9 requires "a *direct*, releasable connection for a battery pack or the like, comprised of a *single* male plate and a *single* female plate." Plaintiff's Brief at 14.   Plaintiff ignores the fact that this claim phrase is part of the preamble of claim 9 and that claim preambles usually are *not* limiting on the claim. <u>See</u> <u>Allen Eng'g Corp.</u>, 299 F.3d at 1347 ("Generally, the preamble does not limit the claims.") (citing <u>DeGeorge v. Bernier</u>, 768 F.2d 1318, 1322 n.3 (Fed. Cir. 1985)).   A claim preamble may be construed as limiting on the claim if the preamble is "necessary to give life, meaning and vitality" to the claim.   <u>Jansen v. Rexall Sundown, Inc.</u>, 342 F.3d 1329, 1333 (Fed. Cir. 2003) (citing <u>Kropa v. Robie</u>, 187 F.2d 150, 152, (C.C.P.A. 1951)).   But Plaintiff has not made any such evaluation.   Instead, Plaintiff merely concludes that the preamble is limiting on claim 9 without explaining why, which evidences that Plaintiff failed to properly construe claim 9.

### b.    Plaintiff's Conclusory Constructions Mysteriously Adds Words Not Found in Claim 9

Plaintiff's recitation of the first alleged "key element" of claim 9 on page 14 of Plaintiff's Brief contains words that are not found in claim 9, which are emphasized in the quoted section below:

> a ***direct***, releasable connection for a battery pack or the like, comprised of a ***single*** male plate and a ***single*** female plate.

Plaintiff's Brief at 14 (emphases added).   The word "direct," and each instance of the word "single" in the quotation above ***are not even found in claim 9 of the '204 patent.***   <u>See</u> <u>Comark</u>

Comm. v. Harris Corp., 156 F.3d 1182, 1186 (Fed. Cir. 1998) ("[L]imitations from the specification are not to be read into the claims.").

Nevertheless, Plaintiff submits to the Court that claim 9 requires a "direct" connection between only two plates (a "single" male plate and a "single" female" plate) and that this meaning is "readily apparent." Plaintiff's Brief at 15. Plaintiff offers no explanation based on the '204 patent for how the ordinary meaning of this claim phrase is somehow limited to a "direct" connection between only two "single" male and female plates. The significance of this improper construction is that it enables Plaintiff to assert that an entire class of devices—comprising adapters—constitute noninfringing uses for Plaintiff's female plate. This class contains the greatest number of devices allegedly usable with Plaintiff's female plate in a noninfringing manner.

Plaintiff's first recited "key element" is nothing more than a conclusory finding and not a construction of the claim phrase. As a result, the Court must construe this claim phrase to provide the proper legal interpretation, which means that Plaintiff's Motion for Summary Judgment must be denied.

c. **Plaintiff Failed to Construe the Claim Phrase, "or the like," in Claim 9 of the '204 Patent**

If indeed Plaintiff's first key element (which is part of the preamble of claim 9) is a limitation as a matter of law on claim 9, then Plaintiff has failed to properly construe its terms that are relevant to this litigation. The preamble of claim 9 recites a connection "for a battery pack *or the like*." Plaintiff offers no insight as to the ordinary meaning for this term, "or the like." Plaintiff does not refer to the specification or prosecution history—proper intrinsic evidence—anywhere in its brief to define this claim phrase. The only discussion of this phrase is

a single sentence based on the testimony of Plaintiff's CEO, which states: "'Or the like' refers to some other power source." Plaintiff's Brief at 23. That is it.

This conclusory finding violates claim interpretation procedure as set forth above. First, the statement by Plaintiff's CEO is *extrinsic* evidence that should only be considered if the intrinsic evidence cannot resolve the ambiguity in the claim language. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996) (finding that it is improper for public notice reasons to even consider extrinsic evidence when the intrinsic record is sufficient). Second, the statement is uncorroborated. Third, there is no discussion as to why "or the like" *only* means "some other power source" instead of some other broader meaning.

### (1) Plaintiff Relies Heavily on the Unconstrued "or the like" Term to Conclude that Select Devices Do Not Infringe the '204 Patent When Used With Plaintiff's Female Plate

It is clear that Plaintiffs did not construe this term as required, yet its meaning is the underpinning for Plaintiff's conclusion that two entire classes of devices do not infringe the '204 patent because they are *not* a battery "or the like." Plaintiff's third class of allegedly noninfringing devices are those that have no direct connection. Plaintiff asserts that devices which intervene between a battery and a DC device (*i.e.*, the camera), such as adapters, are not "or the like" devices.

Putting aside for the moment that Plaintiff has also failed to explain how claim 9 is limited to a "direct" connection, as discussed above, Plaintiff asserts that adapters are not "or the like" even though they indisputably contain a '204 patented male plate that attaches to the '204 patented female plate. Plaintiff has omitted a claim construction analysis for this "or the like"

element but somehow determined that adapters are not "or the like" devices. See Graco, 60 F.3d at 791 (conclusory factual findings on infringement or noninfringement are insufficient).

Likewise, Plaintiff's fourth class of noninfringing devices relates to "sandwich" devices that are not a DC power source. See Plaintiff's Brief at 26. Similarly, Plaintiff provides no identification of the ordinary meaning or reference to the intrinsic record in regard to this "or the like" element but instead just concludes that sandwich devices are not "or the like" devices. It is obvious that the Court must construe this claim phrase pursuant to Markman because sandwich devices are at least "like" a battery for the reasons that they: (1) may be releasably connected to the '204 patented female plate according to the male plate-related terms of the '204 patent; (2) relate to video cameras like camera batteries; (3) are after-market products for use with video cameras; (4) allow interchangeability like batteries. So it is essential that the Court determines the proper legal meaning of this claim phrase so that the parties can know what is and what is not "or the like." Accordingly, Plaintiff's Motion for Summary Judgment must be denied so that this claim can be construed to determine the proper legal construction of the term "or the like."

### d.    Contrary to Plaintiff's Conclusion That Claim 9 Requires a "Mechanical Connection," Claim 9 Does Not Even Contain the Words "Mechanical Connection"

Plaintiff's second "key element" of claim 9 is that claim 9 requires a "mechanical connection." Plaintiff's Brief at 14. More explicitly, Plaintiff's Brief states that "[c]laim 9 requires a releasable mechanical connection." Id. at 20.

This assertion typifies that Plaintiff has not construed claim 9 at all, as the phrase "mechanical connection" is not found in claim 9. Thus, to the extent that Plaintiff contends that claim 9 requires a "mechanical connection," it is based on a conclusory finding instead of a

proper claim construction analysis. See Graco, 60 F.3d at 791 (omission of a claim construction analysis constitutes error). It is for this very reason that the Court must properly construe claim 9 of the '204 patent to determine whether claim 9 actually does require a "mechanical connection" as a matter of law. Until then, Plaintiff's Motion for Summary Judgment must be denied.

**e.    Plaintiff Concludes that Claim 9 Requires an "Electrical Connection," But Claim 9 Does Not Contain the Words "Electrical Connection"**

On pages 14 and 15 of Plaintiff's Brief, Plaintiff asserts as a third "key element" that claim 9 requires an "electrical connection." However, the words "electrical connection" are not found in claims 9 or 11 at all.

Plaintiff bases its conclusion that claim 9 requires an electrical connection on the assertion that claim 9 recites that the terminals of the male plate and the female plate "actually connect," but this language too is not found in claim 9. Apparently, Plaintiff has construed the phrase "with the one terminal within the mating terminal" to mean that an electrical connection is made between contacts on the two plates. But that is not what the language of claim 9 says, so Plaintiff has clearly developed some meaning for claim 9 beyond the ordinary meaning without performing a claim construction analysis as mandated by the Federal Circuit.

Additionally, Plaintiff's "electrical connection" key element indicates that claim 9 requires "elongated electrical terminals." Just as with the phrase "electrical connection," the phrase "elongated electrical terminals" is not recited in claim 9. Somehow, Plaintiff has inserted the word "electrical" into the phrase "elongated terminal," but Plaintiff's Brief fails to explain why this limitation should be added to claim 9. See Comark Comm. v. Harris Corp., 156 F.3d 1182, 1186 (Fed. Cir. 1998) ("[L]imitations from the specification are not to be read into the claims.").

14

Moreover, Plaintiff did not provide any construction for the term "elongated terminal," yet Plaintiff apparently utilized this unconstrued term in determining whether certain allegedly noninfringing male plates possessed this feature. See Plaintiff's Brief at 18-20. Thus, Plaintiff performed the second step of the Markman analysis as to this "elongated terminal" claim limitation without performing the first step of the analysis. As stated above, Markman requires that the claim term *must* be construed prior to comparison to the allegedly infringing (or, in this case, noninfringing) device. Since Plaintiff has not complied with Markman and properly construed this term, Plaintiff's comparison of claim 9 to allegedly noninfringing devices is premature, which means that Plaintiff's Motion for Summary Judgment should be denied.

     **f.**     **No Comparison Between Claim 9 and the Allegedly Noninfringing Devices Can Occur Until the Court has Construed as a Matter of Law Several Additional Terms Not Construed by Plaintiff**

Not only has Plaintiff provided conclusory meanings for claim 9 by adding words and limitations not contained in claim 9 and also omitting plain words that are, Plaintiff has provided absolutely no insight as to even the ordinary meaning of a number of other terms contained in claim 9. As stated above, a proper claim construction analysis begins with the claim and its ordinary meaning, but it is axiomatic that one must at least determine what that ordinary meaning is and whether it applies. See Johnson Worldwide Assoc., Inc. v. Zebco Corp., 175, F.3d 985, 989 (Fed. Cir. 1999). Plus, the context of ordinary meaning is that meaning to one of ordinary skill in the art, which may be different from what a person *not* of ordinary skill in the art might understand.

The following terms in claim 9 of the '204 patent are not properly construed (and many are not even addressed) in Plaintiff's Brief and are terms that PAG contends must be construed

by this Court in order for a comparison to be made with each of the allegedly noninfringing devices offered by Plaintiff:

1.    "or the like"

2.    "a plurality of depending slots"

3.    "one elongate terminal"

4.    "elongate in the same direction"

5.    "a plurality of spaced headed projections"

6.    "head and leg portions"

7.    "elongated mating terminal"

8.    "one terminal within the mating terminal"

9.    "means ... for engaging"

10.    "relative movement"

11.    "path of movement"

'204 patent: Column 12, lines 31-63.

As required by <u>Markman</u> and subsequent Federal Circuit precedent, each of these claim phrases must be construed by the Court so that the proper legal claim construction can be ascertained prior to any comparison to the allegedly noninfringing devices identified by Plaintiff. It is crucial for the Court to construe these claims terms because, for example, the "means ... for engaging" term must be construed as a matter of law according to the guidelines set out in 35 U.S.C. § 112, paragraph six, since it is a means-plus-function claim. So to make a determination of infringement or noninfringement in respect to the allegedly noninfringing devices without

construing these terms as well as the terms discussed above for which Plaintiff has only provided conclusory meanings runs afoul of that same Federal Circuit precedent.

Accordingly, Plaintiff's Motion for Summary Judgement on PAG's implied license defense must be denied for at least the reason that step one of the mandated infringement analysis has not been performed by the Court or even by Plaintiff. PAG submits that the Court should conduct a <u>Markman</u> hearing prior to determining whether any device does or does not constitute a noninfringing use for Plaintiff's female plate. It is only after the Court has rendered its legal conclusions of law as to the meaning of claims 9 and 11 after the <u>Markman</u> hearing can this issue be revisited. Until then, it is simply premature.

### g.    Plaintiff's Motion Wastes Judicial Resources by Requiring the Court to Conduct Two *Markman* Hearings—One for a Non-Dispositive Issue

Plaintiff cannot dispute that the Court will have to construe the claims of the '204 patent at some juncture in this case. Moreover, Plaintiff's Motion for Summary Judgment is not dispositive of this case, but potentially only of *one* of PAG's defenses. Consequently, Plaintiff's motion requires the Court to construe certain claim terms related to PAG's implied license defense now but ignores the fact that the Court will also have to construe terms related to other issues, such as infringement and validity of the '204 patent, at a later time as well.

Plaintiff disregards the tremendous waste of judicial resources in essentially demanding two rounds of claim interpretation when a single round construing all disputed terms would be more economical for the Court and also both parties. PAG submits that general discovery should occur first so that the other issues of this case can be advanced. Then, the Court can construe any still disputed term after allowing the parties to submit briefs and expert testimony, as

required.  Thus, Plaintiff's current Motion for Summary Judgment is premature and must be denied for these additional reasons.

4. **Plaintiff's Motion for Summary Judgement Should Also Be Denied Because PAG Should be Allowed to Present Facts Related to Plaintiff's Admissions, Stipulations, and Representations at Trial**

At several instances in this litigation, Plaintiff has admitted and represented to this Court and to PAG that its female plate has no noninfringing uses and that it places no express restriction on the sale of its female plate to the public—both factors satisfying PAG's implied license defense. Only after the Federal Circuit endorsed PAG's position did Plaintiff suddenly begin to argue that indeed there are noninfringing uses for its '204 patented female plate, which now serves as the basis of this pending motion.

However, PAG should be allowed to present evidence of Plaintiff's prior admissions, stipulations, and representations at trial in regard to the factual determination of whether noninfringing substitutes exist because each of these admissions, stipulations, and representations constitutes binding judicial admissions of *fact*.  See Purgress v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of *fact*.") (emphasis added).

PAG submits that Plaintiff has already and repeatedly admitted, stipulated, and/or represented the following in this litigation, which PAG should be permitted to present at trial on the issue of noninfringing uses:

Plaintiff's "female plate" has no non-infringing uses.

DX "B," Docket Entry No. 49, Exhibit B of Anton/Bauer's Cross Motion of Summary Judgment at 5, filed May 6, 2002;

> [T]he <u>female</u> and the male <u>plates have no use at all</u> until and unless they are combined with one another.

DX "C," Docket Entry No. 49, Anton/Bauer's Cross Motion for Summary Judgment at 4, filed

May 6, 2002, (emphasis added);

> [T]he unpatentable individual components of the patented '204 connection (the male and <u>female plates</u>) would not be individually covered by the claims of the '204 patent, <u>but in view of the fact that they have no other use</u> but as a practical matter to be used in an infringing '204 combination....

DX "D," Docket Entry No. 51, Plaintiff, Anton/Bauer, Inc.'s Memorandum of Law In Response

to the Court's April 16, 2002 Order at 4, filed May 6, 2002 (emphasis added);

> [T]he combination of the '204 [patent] consists of its two primary elements - *both in and of themselves not staple articles of commerce* and <u>*neither suitable for any non-infringing use*</u>.

DX "E," Docket Entry No. 53, Plaintiff, Anton/Bauer, Inc.'s Memorandum of Law Concerning

Combination Patents at 6, filed May 13, 2002 (italics in original, underline added);

> [In the Black & Decker patents, t]he components are unpatented, 'non-staple' items that have no use other than their use within the patented combination. *They cannot be used in any way other than in the combination. These are the exact same circumstances surrounding the combination patent in this case.*

Id. at 5-6. (emphasis added); and

> REQUEST NO. 32: All documents which show, refer to, relate to, concern, or identify *any additional uses of any female plate sold by Anton/Bauer*, other than for the combination that embodies the invention(s) of the '204 patent. (Emphasis added).
>
> RESPONSE TO REQUEST NO. 32: Subject to General Objection 2; but to the extent of Plaintiff's knowledge, *there are none.*

DX "F," Anton/Bauer's Response to Request No. 32 of PAG's Document Requests (emphasis

added).

In addition to these explicit statements, Anton/Bauer failed to controvert the statement, "Plaintiff's 'female plate' has no noninfringing uses," contained in PAG's Local Rule 9(c)(1) Statement, which was filed with PAG's first Motion for Summary Judgment (Docket Entry No. 42). So this too is a fact that PAG should be permitted to present at trial as relevant to whether the '204 patented female plate has noninfringing uses.

These admissions, stipulations, and representations are factually binding on Plaintiff. PAG should be able to present each one at trial *after* the Court has construed the claims. In fact, these very admissions, stipulations, and representations constitute a genuine issue of material fact, which themselves support the denial of summary judgment on the implied license issue.

At trial, Plaintiff may assert that one or more devices is a noninfringing use for the '204 patented female plate and/or attempt to diffuse or refute these statements above, that is, after the Court has construed the claims. But PAG should at least be allowed to present these prior admissions, stipulations, and representations, and the ultimate factfinder can then make the final determination. For this additional reason, Plaintiff's Motion for Summary Judgment should be denied.

## IV.    CONCLUSION

Because claims 9 and 11 of the '204 patent have not been construed as a matter of law, no determination can be made as to whether certain devices identified in Plaintiff's Brief are or are not noninfringing uses for Plaintiff's '204 patented female plate. Plus, each of Plaintiff's prior admissions of fact alone creates a genuine issue of material fact on the implied license issue. Accordingly, Plaintiff's Motion for Summary Judgment should be DENIED so that the Court can conduct a Markman hearing to properly construe the disputed claims and so that PAG can present Plaintiff's admissions of fact at trial.

Respectfully submitted this 29th day of June, 2004.

Stephen R. Risley  (ct22652)
J. Scott Culpepper  (ct22653)
N. Andrew Crain (ct24514)
THOMAS, KAYDEN, HORSTEMEYER
    & RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Brien P. Horan (ct06870)
ROBINSON & COLE, LLP
280 Trumbell Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Counsel for Defendant and
Third-Party Plaintiff,
PAG Limited

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| ANTON/BAUER, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:01-CV-577-CFD |
| | ) | |
| PAG, LTD. | ) | |
|     Defendant, Counterclaim and | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTON/BAUER, INC. and | ) | |
| ALEX DESORBO, | ) | |
|     Counterclaim and Third | ) | |
|     Party Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on the 29th day of June, 2004, a true and correct copy of the above and foregoing "DEFENDANT PAG LIMITED'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ANTON/BAUER, INC.'S MOTION FOR SUMMARY JUDGMENT" was served on the following counsel of record:

|  |  |
|---|---|
| James T. Shearin, Esq. | Allen D. Brufsky, Esq. |
| Brian C. Roche, Esq. | **HAHN LOESER + PARKS, LLP** |
| **PULLMAN & COMLEY, LLC** | 3301 Bonita Beach Road, Suite 308 |
| 850 Main Street | Bonita Springs, Florida 34134 |
| Bridgeport, Connecticut 06604 | |

by depositing a copy of the same in the United States mail with sufficient first class postage.

_____
N. Andrew Crain (ct24514)
Counsel for PAG, Limited