# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,                )
                                  )
      Plaintiff,          )
                                  )
v.                                )        CIVIL ACTION NO.
                                  )        3:01-CV-577-CFD
                                  )
                                  )
PAG, LTD.                         )
                                  )
      Defendants.         )
_____)

## PLAINTIFF, ANTON/BAUER'S, INC.,CROSS MOTION
## FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Plaintiff, ANTON/BAUER, by and through undersigned

counsel, hereby moves this Court for the entry of summary judgment. The factual and legal

bases supporting this Motion are set forth in (1) Plaintiff, ANTON/BAUER'S Memorandum of

Law in Support of ANTON/BAUER, INC.'S Cross Motion for Summary Judgment; and (2)

Plaintiff, ANTON/BAUER'S, Local Rule 9(c)(1) Statement of Facts Not in Dispute In Support

of ANTON/BAUER'S Motion for Summary Judgment, both of which are filed herewith.

Respectfully submitted this 3RD day of May, 2002.

Allen D. Brufsky (CT 04490)
Ferrell Schultz Carter Zumpano &
   Fertel, P.A.
201 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
(305) 371-8585
(305) 371-5732 (Fax)


DEFENDANT'S EXHIBIT C

claimed in the '204 patent has no substance <u>without both</u> the male plate and the female plate. The female and the male plates have no use at all until and unless they are combined with one another.

ANTON/BAUER'S female plates are sold to the members of the portable television camera industry and are attached to certain commercial television portable products (e.g., video cameras) manufactured by different vendors. Users of the cameras that do not have the female plate attached to the camera by the manufacturer as part of the original equipment can purchase the female plate from ANTON/BAUER and attach the female plate to the camera as an aftermarket product. Plaintiff, ANTON/BAUER, holds 100% of the U.S. market for the female plates that comprise the releasable locking means on the female plate and the only way to get the female plate with the releasable locking means is by purchasing it from ANTON/BAUER.

In the professional camera/battery market, sales of the pertinent battery packs (incorporating the male plate component) generally occur when an end user purchases such a battery pack from ANTON/BAUER directly or from an ANTON/BAUER authorized re-seller/distributor. There is no prescribed order for purchasing the products that incorporate the male or female plates of the '204 combination. [<u>See</u> Exhibit D, Affidavit of Alex De Sorbo, President of ANTON/BAUER].

First Scenario:

As both parties agree, the two elements of the '204 combination enter commerce at slightly different times. *It is assumed, by the Defendant, for the convenience of its argument,* that the female plate is first part of the combination that is produced and sold in the market. However, Defendant, PAG, has provided no evidence of this alleged order of sales and production and will not be able to because its position is nothing more than mere speculation.

1451 (Fed. Cir. 1997) (holding that a buyer's implied license to use a patented device includes the right to repair the device, but not the authority to make a new device or reconstruct one).

While there *may* be a license inferred for the end user to replace the internal battery cells when depleted or to effect repair of the <u>connection</u> combination *if* damaged, there is no inferred license to make a new, original combination or to reconstruct the invention from separate components. As such, ANTON/BAUER'S motion for summary judgment should be granted as a matter of law.

For the above-stated reasons, ANTON/BAUER'S Motion for Summary Judgment should be <u>Granted</u>.

Respectfully submitted,

Allen D. Brufsky (CT 044490)
Ferrell Schultz Carter Zumpano &
    Fertel, P.A.
201 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
(305) 371-8585
(305) 371-5732 (Fax)

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. |
| | )     3:01-CV-577-CFD |
| | ) |
| PAG, LTD. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that on the 3RD day of May, 2002, a true and correct copy of the above and foregoing Plaintiff, ANTON/BAUER'S, Cross Motion for Summary Judgment, was served on the following counsel of record for PAG Limited:

Stephen R.Risley

J.Scott Culpepper

Thomas, Kayden, Horstemeyer & Risley, L.L.P.

100 Galleria Parkway, Suite 1750

Atlanta, Georgia 30339

and

Brien P. Horan

Robinson & Cole, LLP

280 Trumbull Street

Hartford, Connecticut 06013

by depositing a copy of the same in the U.S. Mail, in a properly addressed envelope with sufficient first class postage affixed thereto.

Allen D. Brufsky (CT 04490)

Ferrell Schultz Carter Zumpano &
   Fertel, P.A.

201 S. Biscayne Blvd.

34th Floor

Miami, FL 33131

(305) 371-8585

(305) 371-5732 (Fax)

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,     )
                              )
       Plaintiff,      )
                              )
                              )
v.                      )     CIVIL ACTION NO.
                              )     3:01-CV-577-CFD
                              )
                              )
PAG, LTD.            )
                              )
       Defendants.    )
                              )

## PLAINTFF, ANTON/BAUER, INC.'S, MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S APRIL 16, 2002 ORDER

1.     In the Court's April 16, 2002 Order, the Court ordered that the question of whether consumers who use PAG's L75 battery pack with ANTON/BAUER products designed to employ the connection described in the '204 patent are performing the permissible repair of a patented combination or device. To that end, the Court desires to hear arguments on (1) whether the combination of (a) a battery pack with a casing that includes a male plate and (b) a product containing a female plate (i.e. a camera mount or battery charger) constitutes a patented combination or a patented device for purpose of the permissible repair doctrine; and (2) whether the male and female plates of the battery connection disclosed in the '204 patent are themselves covered by the '204 patent.

2.     With regard to issue (1), the answer is NO.

- The statute involved, 35 U.S.C.271(c) speaks to a "patented combination".

     35 U.S.C. §271 Infringement of Patent, part (c), states "whoever offers to



1

an infringer supplying an unpatented component of a patented component under 35 U.S.C. 271 (c), as a contributory infringer. This is an impermissible reconstruction and not repair or maintenance. The doctrine of permissible repair does not apply to the case at hand as there is only reconstruction of the patented combination by substitution of an unmodified male plate for a non-worn component of the combination. Under the express language of 35 U.S.C. 271(c) the sale of the unpatented component (the male plate) of the patented combination, which has no non-infringing use, and therefore is not a staple article of commerce, is an infringement.

3.    With regard to issue (2), the unpatentable individual components of the patented '204 connection (the male and female plates) would not be individually covered by the claims of the '204 patent, but in view of the fact that they have no other use but as a practical matter to be used in an infringing '204 combination, the answer is YES. They are proscribed for sale and use in the patented combination, except if the components are purchased with an express license to use in the patented combination from ANTON/BAUER.

PAG has offered no evidence that there is a substantial non-infringinging use of the battery pack male plate it sells. Indeed the evidence is otherwise. (See: Affidavit of Alex DeSorbo dated June 11, 2001, Exhibit 3 to Anton/Bauer's Supplemental Hearing Memorandum in Response to the Order to Show Cause establishing that less than 1% of the battery plates in use today are of the '107 expired patent type). If there were female plates in the market operating as described in the expired '107 patent which could be used with the PAG battery, then there would be a substantial non-infringing use of the PAG male battery plate, which would

4

Indeed, the Court of Appeals for the Federal Circuit has given recent credence to this doctrine, holding in Carborundum Company v. Molten Metal Equipment Innovations, Inc., 72 F.3d 872 (Fed. Cir. 1995), that an unpatented component (i.e., a pump, the subject of an expired patent) for use in a patented combination was an infringement because the combination was being reconstructed, not repaired.

Respectfully submitted,

Allen D. Brufsky (CT 04490)
Ferrell Schultz Carter Zumpano
     & Fertel, P.A.
201 South Biscayne Blvd.
Suite 3400
Miami, FL 33131
(305) 371-8585
(305) 371-5732 (Fax)

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:01-CV-577-CFD |
| | ) | |
| PAG, LTD. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that on this 6th day of May, 2002, a true and correct copy of the above and foregoing Plaintiff, ANOTON/BAUER INC.'S, Memorandum of Law in Response to the Court's April 16, 2002 Order, was served on the following counsel of record for PAG Limited:

Stephen R.Risley
J.Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
and
Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

by delivering a copy of the same in open Court.

_____
Allen D. Brufsky (CT 04490)
Ferrell Schultz Carter Zumpano &
 Fertel, P.A.
201 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
(305) 371-8585
(305) 371-5732 (Fax)

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,                    )
                                      )
      Plaintiff,            )
                                      )
                                      )
v.                                    )     CIVIL ACTION NO.
                                      )
                                      )     3:01-CV-577-CFD
                                      )
PAG, LTD.                             )
                                      )
      Defendants.           )
_____)

## PLAINTIFF, ANTON/BAUER, INC.'S, MEMORANDUM OF LAW CONCERNING COMBINATION PATENTS

The Court requested that both Plaintiff, ANTON/BAUER, and Defendant, PAG, draft memorandums of law discussing what a combination patent is, what protection is granted to the components in a combination patent, and what is protected under a combination patent.

### *Memorandum of Law*

Combination patents are directed to inventions defined by claims reciting a combination of elements which are individually old, the invention residing in a particular manner of combining these elements. *ROSENBERG, PATENT LAW FUNDAMENTALS, 2NDEDITION, VOL. 3, PART V., EXPLOITING PATENT RIGHTS, CH. 17, LITIGATION OF PATENT RIGHTS, §17.02 PATENT INFRINGEMENT.* As the Supreme Court has stated: what constitutes a combination patent is a patent which contains claims, each one of which defines as an invention, a totality of elements. *Aro Mfg. Co. v. Convertible Top Co.,* 365 U.S. 336 (1961). In *Aro,* the Supreme Court held that



1

patent covers the two plates as a combination patent, just as the patent in the case at hand does. This is the perfect example of a combination patent where only the combination is patented, but the components are also protected under the patent because they have no other use than to form the patented combination.

In Patent Number 4,709,974, Defendant, PAG, patented a battery connector for mechanically and electrically connecting an external battery to a piece of equipment that has two plates that mate face to face. The first plate has two claws and an electrical connector attached to it and the second plate has two recesses and a second electrical connection. Again, this is an example of a combination patent and the individual components could not be sold separately for use in the patented combination without the consent of the patentee, unless it happened to be a staple article of commerce.

Black & Decker, Inc., in Patent 5,681,667 claimed a cordless device comprising the combination of elements including a cavity, a receptacle in the cavity, a battery removably located in the cavity, with the battery including means for electrically coupling with the receptacle; a latch for the battery in the cavity; a release member coupled with at least one annular member, and a spring means for biasing the annular member between a normally engaged position and its release position.

Similarly, in Patent 6,003,472, Black & Decker, Inc., patented a leash apparatus comprising a housing having a rotatable reel, with a first housing connected to a second housing, a leash connected to a reel such that the leash can extend and retract, and a lighting section having a light and a battery in the second housing.

Both of these Black and Decker patents utilize the combination patent theory and patent an invention based upon distinctly separate parts that are joined together in a novel manner to

form a patented combination. The components are unpatented, "non-staple" items that have no use other than their use within the patented combination. They cannot be used in any way other than in the combination. These are the exact same circumstances surrounding the combination patent in issue in this case.

If the component is sold separately as a substitute by a vendor other than the patentee, the question as to whether the sale of the component part of the combination is an infringement is determined under the standards set forth in 35 U.S.C. §271(c). This exists here. The combination of the '204 consists of its two primary elements – *both in and of themselves not staple articles of commerce* and *neither suitable for any non-infringing use*. In this way, as supported by the practice of the marketplace as well as the patent structure and the statute(s) the ANTON/BAUER '204 patent is a uniquely pure combination. A combination is defined in the dictionary as: "(1) the act of joining together or the state of being joined; union. (2) that which is formed by combining." The '204 combination patent protects the act of employing the two elements together. It can, therefore, be contributorily infringed by the sale of either component as such sale can *only* serve to induce infringement, by definition, and by statute.

If the component purchased is a replacement for a worn or spent part or is an improvement for the combination, the end user of the combination may have an *implied* license to replace the component and there is no direct infringement by the end user (purchaser) or the vendor under 35 U.S.C. §271 (c). *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336,346 (1961). This does not exist here. The '204 combination does not prescribe the electrical source nor the device to be powered by the electrical source. In this manner again it is unique. This was a purposeful approach in the construct of the patent as the *combination* could (and often does) have utility beyond a battery/camera application. Defining the scope of the patent and the

unique the circumstances, the fundamental interpretation of those circumstances and the law regarding the '204 combination is inescapable.

Respectfully submitted,

Allen D. Brufsky (CT 06490)
Ferrell Schultz Carter Zumpano &
   Fertel, P.A.
201 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
(305) 371-8585
(305) 371-5732 (Fax)

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTON BAUER, INC.                          )
                Plaintiff,                )
                           )
v.                                         )
                           )
PAG LIMITED,                               )
                           )
                Defendant                 )
v.                                         )
                           )
ANTON/BAUER, INC. and                      )
ALEX DESORBO,                              )
                           )
           Counterclaim and          )
           Third Party Defendants     )
_____)

Civil Action
File No.:  3:01-CV-577-CFD

### PLAINTIFF ANTON/BAUER, INC.'S RESPONSES TO
### DEFENDANT PAG, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION

        Plaintiff by and through its counsel and pursuant to the FEDERAL RULES OF

CIVIL PROCEDURE hereby answers Plaintiff's First Set of Requests for Production to

Anton/Bauer, Inc., as follows:

### GENERAL OBJECTIONS

      1.    Plaintiff objects to these interrogatories to the extent they seek information

which is protected from disclosure under the attorney-client privilege or work product

immunity.

      2.    Plaintiff objects to these interrogatories to the extent they seek the

production of "all" documents or the like.  Such requests are unduly broad and

burdensome.



DEFENDANT'S
EXHIBIT

**F**

REQUEST NO. 29: All documents, such as engineering specifications, drawings, written descriptions, formulas, brochures, videotapes and other documents that describe or exemplify commercial embodiments of any products that Anton/Bauer contends fall within the scope of any claim of the '962 patent.

RESPONSE TO REQUEST NO. 29:  Subject to General Objections 2 and 4.

REQUEST NO. 30: All documents, including correspondence which indicate, describe, concern or relate to the marking of any product that Anton/Bauer contends fall within the scope of any claim of the '962 patent with the number of the '962 patent, including the date such marking began, whether such marking was continuous, and the date upon which such marking ceased or stopped for any length of time or for any reason.

RESPONSE TO REQUEST NO. 30:  Subject to General Objections 2 and 4.

REQUEST NO.31: All documents which show, refer to, relate to, concern, or identify any restriction at the time of sale, on the use of any female plate that embodies the invention(s) of the '107 patent, the '968 patent, the '204 patent, and/or the '962 patent.

RESPONSE TO REQUEST NO. 31  Subject to General Objections 2 and 4.

REQUEST NO. 32: All documents which show, refer to, relate to, concern, or identify any additional uses of any female plate sold by Anton/Bauer, other than for the combination that embodies the invention(s) of the '204 patent.

RESPONSE TO REQUEST NO. 32:  Subject to General Objection 2; but to the extent of Plaintiff's knowledge, there are none.

REQUEST NO. 33: All documents and things you may use at trial, including, without limitation, demonstrative exhibits and evidentiary exhibits.

RESPONSE TO REQUEST NO. 33: Defendant will be supplied with same as they are produced and before trial as part of Plaintiff's pretrial memorandum.

REQUEST NO. 34: All documents and things exchanged between Anton/Bauer and/or Anton/Bauer's counsel, and all purported experts or consultants that Anton/Bauer will call to testify at trial.

RESPONSE TO REQUEST NO. 34:  Subject to General Objection 1, 2 and 3; but, Defendant will be advised as required in Plaintiff's pre-trial memorandum.  Also expert affidavits in pleadings.

by depositing a copy of the same in the **U.S. Mail**, in a properly addressed envelope with sufficient **first class** postage affixed thereto.

_____
Allen D. Brufsky (CT 04400)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
Telephone:  (305) 351-0761
Facsimile:   (305) 371-5732

MIA67717

19

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ANTON BAUER, INC.           )
      Plaintiff,            )
                           )      Civil Action
v.                          )      File No.:  3:01-CV-577-CFD
                           )
PAG, LTD.,               )
      Defendant and Third Party Plaintiff  )
v.                          )
                           )
ANTON/BAUER, INC. and     )
ALEX DESORBO,          )
                           )
           Counterclaim and    )
           Third Party Defendants   )
—————————————————————————)

### CERTIFICATE OF SERVICE

I certify that on this 14th day of May 2003, true and correct copies of the above and foregoing were served on the following counsel of record for PAG LTD:

Stephen R. Risley
J. Scott Culpepper
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
and
Brien P. Horan
Robinson & Cole, LLP
280 Trumbull Street
Hartford, Connecticut 06013

by depositing a copy of the same in the U.S. Mail, in a properly addressed envelope with sufficient first-class postage affixed thereto.

                      _____
                      Allen D. Brufsky (CT 04490)
                      Ferrell Schultz Carter Zumpano & Fertel, P.A.
                      201 S. Biscayne Blvd., 34th Floor
                      Miami, FL 33131
                      Telephone:  (305) 351-0761
                      Facsimile:  (305) 371-5732

MIA68337

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTON BAUER, INC.                          )
      Plaintiff,                        )
                                        )         Civil Action
v.                                         )         File No.: 3:01-CV-577-CFD
                                        )
PAG, LTD.,                                 )
      Defendant and Third Party Plaintiff  )
v.                                         )
                                        )
ANTON/BAUER, INC. and                      )
ALEX DESORBO,                              )
                                        )
      Counterclaim and                  )
      Third Party Defendants            )
_____ )

## NOTICE OF FILING

COMES NOW, the Third Party Defendant Alex DeSorbo, by and through

undersigned counsel, and serves this Notice of Filing of Responses to Defendant PAG,

LTD.'S First Set of Requests for Production and Responses to Defendant PAG, LTD.'S

First Set of Interrogatories (Pursuant to Fed.R.Civ. P. 26(a)(1)).

Respectfully submitted,

_____
Allen D. Brufsky (CT 04490)
Ferrell Schultz Carter Zumpano & Fertel, P.A.
201 S. Biscayne Blvd ,34th Floor
Miami, FL 33131
Telephone:  (305) 351-0761
Facsimile:  (305) 371-5732

Dated: May 14, 2003