UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC. | | |
|         PLAINTIFF | | CIVIL ACTION |
| VS. | | NO. 3:01-CV-577 (CFD) |
| PAG, LTD. | | |
|         DEFENDANT | | |
| VS. | | |
| ANTON/BAUER,INC. AND ALEX DESORBO | | |
|         DEFENDANT | | July 12, 2004 |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to D. Conn. L. Civ. R. 7(d), the plaintiff, Anton/Bauer, Inc. ("Anton/Bauer"), hereby submits this reply memorandum of law in further support of its motion for summary judgment with respect to the defendant, PAG, Ltd.'s ("PAG") implied license defense. For the reasons set forth below, Anton/Bauer's motion must be granted.

Throughout this litigation PAG has claimed that Anton/Bauer's patent infringement claims could not withstand PAG's implied license defense. PAG made this representation to both this Court and the Federal Circuit Court of Appeals. In fact, when this case was remanded by the Federal Circuit, PAG, for the second time, claimed that it was entitled to summary judgment on this precise issue. In response, Anton/Bauer requested the opportunity to conduct discovery on the two elements of PAG's defense. PAG vigorously opposed this request and claimed that no additional discovery was warranted.[1] The Court disagreed,

---

[1] Interestingly, PAG never made mention of the need for a "Markman" hearing prior to the Court ruling on its own request for summary judgment on this precise defense.

discovery went forward, and this motion resulted. Now, after exhaustive discovery has been conducted with respect to this issue, PAG amazingly contends that the motion for summary judgment must be denied as premature. PAG's newfound position smacks of hypocrisy and should not be tolerated by this Court. The simple fact is that PAG's opposition does not raise a single genuine issue of material fact because it cannot do so. It has not uttered a single word about Anton/Bauer's recitation of the circumstances by which its female plates are sold, has not sought to challenge Anton/Bauer's description of even one of the designated non-infringing alternatives, has not filed an affidavit by anyone to challenge the factual representations made by Anton/Bauer's affiants, and has not even begun to offer its own construction of the claim terms in issue (although ironically it says this is a necessary first step), let alone refute Anton/Bauer's construction with an affidavit or other competent evidence.

PAG's burden was to come forth with reliable proof that makes this implied license issue a question for the trier of fact. See Augustine Med., Inc. v. Progressive Dynamics, Inc., 194 F.3d 1367, 1370 (Fed. Cir. 1999). This it has not done.

I. **PAG'S IMPLIED LICENSE DEFENSE CANNOT WITHSTAND SUMMARY JUDGMENT**

At page 2 of its brief, PAG argues that Anton/Bauer's motion for summary judgment must be denied because "claims 9 and 11 of the '204 patent . . . have not been construed by this Court as a matter of law[.]" (PAG's Mem. in Opp'n at p.2 [hereinafter, "PAG's Mem."].) PAG's argument misses the mark. The parties agreed that any memoranda related to summary judgment on PAG's implied license defense would contain a claims construction analysis of relevant terms to the extent deemed necessary by that party.[2] Anton/Bauer lived up to its end of this agreement and included a discussion of this issue in its brief. PAG conveniently ignores this agreement, choosing instead to criticize the content of Anton/Bauer's discussion at the same

---

[2] Amazingly, PAG requests the opportunity to now brief this issue at footnote 1 of its brief. Had PAG desired to opine on this issue, its memorandum in opposition to Anton/Bauer's motion for summary judgment was the proper forum, pursuant to the agreement between the parties. Notably, PAG acknowledges in the parties' Joint Motion for Scheduling Order, that the implied license issue could be addressed by summary judgment.

time it fails to provide any insight on what it believes is a proper construction. Indeed, PAG desperately attempts to create issues of fact by suggesting, <u>but not addressing</u> issues of claims construction. If PAG truly believes Anton/Bauer's claim construction analysis is deficient, PAG has the obligation to come forward with a foundation for this argument and its proposal with respect to the same. PAG's failure to address these issues constitutes a waiver.[3] <u>See</u> <u>Holdmeyer v. Veneman</u>, No. 3:02CV1978(PCD), 2004 WL 1300458, at *3 (D. Conn. June 9, 2004) (stating that "[a] party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial'") (citation omitted).

PAG consistently glosses over the fact that it is the party who bears the burden of proof on this issue, not Anton/Bauer. <u>Augustine</u>, 194 F.3d at 1370. PAG is the one who raised this defense in this litigation. PAG is the party who claimed that it was entitled to summary judgment on this precise issue on two separate occasions. In order to avoid the entry of summary judgment, PAG must show that there are <u>no</u> noninfringing uses for the female plate and that the circumstances of sale warrant the finding of an implied license. PAG has completely failed to make such a showing in this regard because it cannot. It has testified repeatedly under oath that it has no knowledge of any of the noninfringing alternatives. <u>See</u> Pl.'s Rule 56(a)1 Stat. at ¶ 105.

## II.     PAG CANNOT PRESENT EVIDENCE ON THE ISSUE OF NONINFRINGING ALTERNATIVES

PAG's claim that summary judgment must be delayed is nothing more than a smokescreen. (<u>See</u> PAG's Mem. at pp. 2-3.) Discovery on PAG's implied license defense has now elapsed. During that time period, Anton/Bauer identified numerous noninfringing alternatives in response to various discovery requests. PAG decided that it was unnecessary to even conduct an investigation or to take any position on

---

[3] PAG implicitly concedes that Anton/Bauer is entitled to summary judgment on PAG's implied license defense where it states the following: "PAG contends, however, that a proper claim analysis of the terms in claims 9 and 11 of the '204

3

whether or not any of these devices qualified as noninfringing alternatives at PAG's 30(b)(6) deposition. (See Anton/Bauer's Mem. in Supp. of Mot. for Summ. J. at pp. 31-33 [hereinafter "Pl.'s Mem."].) While PAG's decision is peculiar, it may not now, or in the future, argue that the devices at issue actually infringe. (See id.).[4] It may not now create an issue of fact on an issue that it refused to take any position on during the course of discovery. Accordingly, on this basis alone, Anton/Bauer's motion must be granted.

### III.   ANTON/BAUER HAS NOT MADE ANY ADMISSIONS ON THIS ISSUE

PAG's desperation is best illustrated at page 18 of its brief where PAG once again attempts to argue that Anton/Bauer has made admissions which purportedly establish both elements of PAG's implied license defense. (See PAG's Mem. at pp. 18-20.) This issue has previously been presented to and rejected by this Court. PAG's arguments read Anton/Bauer's statements completely out of context and constitute nothing more than a gross mischaracterization. To the extent the Court could possibly find it necessary to revisit this issue, Anton/Bauer respectfully relies upon its July 25, 2003 "Rebuttal to Defendant PAG Ltd.'s, Reply Brief in Support of Its Renewed Motion for Summary Judgment," as well as it arguments made with respect to same before this Court at oral argument on this issue.

### IV.   PAG'S LOCAL RULE 56 STATEMENT IS DEFICIENT

It should also be noted that PAG's Local Rule 56(a)2 Statement does not comply with our Rules of Civil Procedure. As this Court is aware, Local Rule 56 provides, in pertinent part, that:

> Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, **must be followed by a specific citation to** (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

---

patent will prove that **many** of the devices identified by Plaintiff as noninfringing uses for Plaintiff's female plate are actually *infringing* uses instead." (PAG's Mem. at p.2.)

[4]   PAG's attempt to now contest this undisputed fact in its Rule 56(a)2 Statement is troubling. (See PAG's Local Rule 56(a)2 Statement at ¶¶ 24 & 105 [hereinafter, "PAG's Stat."].) PAG's deposition testimony is unequivocal on this issue. Notably, PAG failed to present any admissible evidence in support of its new found denial in clear violation of Local Rule 56(a)3.

See D. Conn. L. Civ. R. 56(a)3 (emphasis added). A party may not simply deny a moving party's statement without pointing out some admissible evidence that supports the denial. This is precisely what PAG has done in this instance on multiple occasions. Alternatively, PAG has attempted to avoid taking any position on various issues by claiming that they fall within the scope of general discovery. (See PAG's Stat. at ¶¶ 13, 14, 15, 19, 20, 21, 27, 28, 29, 37, 38, 39, 41, 42, 43, 48, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 79, 81, 82, 96, 105.)[5] These issues (including the various devices identified, terms of sale, etc.) are directly related to PAG's implied license defense. While PAG may have declined to investigate these issues during the course of implied license discovery, this fact does not allow PAG to now escape their import. Because PAG has simply denied statements of fact contained in Anton/Bauer's Rule 56 statement, those statements are deemed admitted. See Coger v. Connecticut, 309 F. Supp.2d 274, 278 (D. Conn. 2004) (recognizing same).

## V.    CLAIMS CONSTRUCTION ISSUES

In an effort to avoid summary judgment, PAG takes issue with the scope of Anton/Bauer's claim construction contained in its brief. (See PAG's Mem. at pp. 9-16.) As previously noted, however, PAG does not offer any insight as to what it believes is a proper construction of claims 9 and 11 of the '204 patent. PAG's fundamental argument is that the Court has not conducted a Markman hearing construing a wide variety of claim terms. Of course, the irony of the argument is inescapable. How could PAG possibly have claimed there were no noninfringing alternatives if the claims had not been construed? In point of fact, PAG is simply trying to obfuscate the record. The issue before the Court on this motion is not infringement; the issue before the Court is non-infringement. Once that difference is appreciated, the futility of PAG's argument becomes apparent.

---

[5]    PAG makes a fleeting reference for the need for the parties to complete the general discovery remaining in the case. That request, however, is simply one calling for further delay of the date when PAG will be held accountable for its infringement.

To establish infringement, a patentee must demonstrate that the accused devise embodies each and every claim element or the equivalent of every claim element. Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S. 17, 29 (1997); Kustom Signals, Inc. v. Applied Concepts, Inc., 264 F.3d 1326, 1333 (Fed. Cir. 2001). In such a case, <u>all</u> the disputed claim terms need to be considered and applied by the Court. But, the corollary to the "all element" rule in a non-infringement context, is that a patentee need only establish that a single claim element is not embodied in the device under scrutiny. And, once the existence of even a single non-infringing use is proven, PAG's defense is defeated. Anton/Bauer, 329 F.3d 1343, 1351 (Fed. Cir. 2003).

In its response, PAG does not contest the existence or description of the numerous devices identified by Anton/Bauer in this Motion, nor does PAG disagree with the way these devices connect, attach and interact with the Anton/Bauer female plates as described in the Affidavit and exhibits attached to the Motion. Thus, to demonstrate the absence of any genuine dispute on the implied license defense, Anton/Bauer need only establish that <u>one</u> of the many devices shown in the Motion failed to contain even a single claim element of Claim 9. Anton/Bauer has divided the devices into four groups, explained with respect to each group what claim element is in issue, how it is construed under the patent, and how it is missing in the respective device. A review of just one of these categories of devices reveals how truly weak PAG's argument is.

    a.    **The Electrical Connection**

Perhaps the clearest group of noninfringing alternatives are those which do not establish electrical connection.[6] Without truly arguing to the contrary, PAG questions whether Claim 9 requires an electrical connection and whether the elongated terminals in the claim language must be electrical terminals. Anton/Bauer has fully addressed this issue at pages 16 to 18 of its memorandum of law and will not repeat

---

[6] Anton/Bauer identified seven such devices in its Memorandum, Affidavit and Exhibits. PAG does not question the existence, configuration or operation of any of these.

those arguments here. Anton/Bauer would note, however, that PAG's questioning of Anton/Bauer's construction ignores the very law PAG cited that terms be given their ordinary meaning, and is furthermore inconsistent with the construction they have already agreed to in this case. In the <u>Stipulated Facts</u>, Exhibit A to original Memorandum, the parties stipulated: "The battery pack connection of the '204 Patent-in-suit includes . . . at least one elongated electrical terminal . . . and . . . at least one elongated electrical terminal which mates with the electrical terminal on the female plate . . ." Ex. A, par. 6, at 2-3. This is no different than Anton/Bauer now argues.

PAG also fails to address the fact that Anton/Bauer has demonstrated non-infringement for this category of devices based on "the literal meaning language of the claim." (<u>See</u> Pl.'s Mem. at 18). Anton/Bauer has demonstrated that several of the noninfringing devices actually use alternative means to transmit power, such as a cable, and do not have <u>any</u> terminals. For example, the ASPEN PSM-160 is clearly pictured in Ex.'s I (PAG 000994; PAG 000998) and J to Plaintiff's Memorandum. It shows a male plate utterly devoid of any "elongated mating terminal," whether electrical or otherwise, the ASPEN PSM-160 photos show only the projections used for mechanical connection . . . no terminals. Another example cited in the original brief is the ASPEN Model Dual NP/AB. The photograph (Pl'.s Mem. Ex. H) shows the male plate also absent any "elongated mating terminal." Clearly depicted is a cable connection which originates from the side of the unit, not the plate. A third example in this category is the Camplex CAB-23 Anton/Bauer Adapter. This is clearly shown on two Exhibits (Pl.'s Mem. Ex. N at 15 and Ex. N-2 at 2). Both photos show the male plate without any terminals. Because at least three non-infringing alternatives do not contain any "terminal", PAG's effort to distract the Court with the possibility of alternative constructions is irrelevant. PAG's attempt to create issues, where none exist, should not be condoned by this Court.

PAG also maintains that Anton/Bauer failed to explain the relationship between the preamble as a limitation on the claim. (<u>See</u> PAG's Mem. at p. 10.) PAG's own brief, however, reveals what Anton/Bauer

believed was self-evident. That is, that a claim preamble "is treated as a limitation if it gives 'life and meaning' to the claim." Jansen v. Rexall Sundown, Inc., 342 F.3d 1329, 1333 (Fed. Cir. 2003) (citation omitted). Here, the preamble sets forth the intent and purpose of the underlying claim. As such, they must be read in conjunction with one another. (See '204 patent at p. 1, lines 12-16 – stating "This invention relates to a battery pack connection, and more particularly, a battery pack connection in which a battery pack can be quickly and efficiently replaced upon the discharge of the batteries")

      **b.**    **The Direct Connection and Single Plate**

PAG next contends that the words "direct" and "single" are not contained in claim 9 of the '204 patent. (See PAG's Mem. at p. 10-11.) PAG's argument is disingenuous at best. The language of claim 9 is set forth at page 14 of Anton/Bauer's memorandum of law in support of motion for summary judgment. Anton/Bauer's use of the words "direct" and "single" were offered to emphasize and clarify the ordinary meaning of the claim terms. After all, that is what claims construction is all about.

The clear language provides, in pertinent part: *"A releasable connection for a battery pack or the like comprising a relatively flat male plate and a relatively flat female plate said plates being adapted to be releasably locked together in connected position[.]"* The meaning of these claim terms are readily apparent. Indeed, simple common sense suggests a direct connection when two items are locked together to form a single component. The claim language is clear. The plates, when locked together, must be in a "connected position." (Col. 12, line 35). The male plates must be "positioned abutting the female plate" (Col 12, lines 44-45). The plates must not only abut, but projections of the male plate must actually be positioned within the female plate slots (Col. 12, lines 45-47). It is noteworthy in this regard that several of the claim elements stated after this initial term refer back to the language and repeatedly use the singular form when referring to the female plate (see, Col. 12, lines 36, 44-45, 48, 57 and 59) and to the male plate (see Col. 12, lines 39 and 44). The only use of the plural form – plates – is where claim 9 describes the plates locked together in combination. (See Col. 12, lines 34, 50 and 53). It is hard to imagine how the claim language could be more

8

clear. If PAG truly desires to argue that "a" refers to more than one, or that "together in connected position" refers to the inclusion of additional elements or some indirect method of connection, it is PAG's burden to put forth a basis for such an argument. PAG's failure to do so reveals the futility of their argument.

    c.    **"Or the Like"**

PAG further takes issue with the construction of the phrase "or the like." (See PAG's Mem. at pp. 11-13.) This is a clear example of PAG attempting to create an issue where none exists. Apparently, PAG desires to complicate the present issue by telling this Court that it must construe "like" in a manner other than its plain and ordinary meaning. "Like", as used in this claim, is a noun which is defined as "a person or thing similar or equal to the one referred to[.]" Webster's Third New Int'l Dictionary, 1310 (1993). This definition is consistent with the testimony of Alex DeSorbo, an individual with over 25 years in this industry. In fact, it is simple common sense as perhaps the patent best tells us. "While the connection of the present invention has been described specifically with application to a battery pack, it should be understood that the invention has universal application to other power or electronic control connections such as connections of AC power supplies, power taps, micro controls, camera control equipment and the like, and the claims appended hereto should be construed to cover all such applications, variations and modifications[.]" (See column 11, lines 17-25.) PAG's attempt to expand "or the like" to something other than a power source is simply not supportable in this instance.

    d.    **The Mechanical Connection**

PAG also contends, in an ill-founded conclusory fashion, that claim 9 does not teach a mechanical connection, as argued by Anton/Bauer. (See PAG's Mem. at pp. 13-14.) Under any definition there must be a mechanical connection or else the plates would be physically separate. Moreover, Claim 9 is replete with language demonstrating the contrary. For instance, the language provides the following:

- "said plates being adapted to be releasably locked together"

9

- "releasable locking means on said female plate for engaging at least one of the headed projections in one of said slots to lock said plates in connected position by preventing relative movement between said plates in the direction of said slots by maintaining engagement of said locking means with said headed projections until said locking means is released."

This language, as well as the fact that PAG makes no effort to demonstrate that the claim language cited above does not call for a mechanical connection, demonstrates the futility of PAG's claim.

### e. The Additional Terms

Finally, PAG sets forth a laundry list of terms that it contends must be construed before the Court can address PAG's implied license defense. (See PAG's Mem. at p. 16.) First, Markman "does not require a trial court to explain each word, term and phrase in a claim." Minka Lighting, Inc. v. Craftmade Int'l, Inc., No. 3-00-CV-0888-X, 2001 WL 1012685, at *17 (N.D.Tex. Aug. 20, 2001). Second, unless those terms are relevant to the non-infringing devices, their construction does not matter at this time. Third, to the extent that PAG believes that the Court's analysis of the many noninfringing alternatives will be impacted by a construction of one of these collateral phrases, it bears the burden of demonstrating this fact. PAG's fail to do so qualifies as a waiver.

## VI. CONCLUSION

PAG bears the burden of proof with respect to the implied license defense that it asserted in this litigation. While PAG has argued to this Court on two separate occasions that it was entitled to summary judgment on this issue, it has presented no evidence or argument establishing either factor of this defense. In fact, PAG has refused to take any position whatsoever on whether or not the devices identified by Anton/Bauer rise to the level of a noninfringing alternative. It may not now do so. For all those reasons set forth above, as well as those reasons set forth in Anton/Bauer's original memorandum of law, summary judgment must be granted with respect to PAG's implied license defense.

                PLAINTIFF/COUNTERCLAIM DEFENDANT
                ANTON/BAUER, INC. and ALEX DeSORBO

By: _____
     James T. Shearin, Esq. – ct 01326
     Brian C. Roche, Esq. – ct 17975
     Pullman & Comley, LLC
     850 Main Street, P.O. Box 7006
     Bridgeport, CT 06601-7006
     Phone: (203) 330-200
     Facsimile: (203) 576-8888

     Allen D. Brufsky, Esq. – ct 04490
     475 Galleon Drive
     Naples, Florida 34102
     (239) 261-9393
     (239) 261-9696

**CERTIFICATION**

      Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record, via certified mail/return receipt requested.

Stephen R. Risley, Esq.
J. Scott Culpepper, Esq.
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

Brien Horan, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06013

                                    James T. Shearin – ct 01326
                                    Brian C. Roche    – ct 17975

BPRT/57052.2/BCR/522609v1