IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC., <br>     Plaintiff, <br><br> v. <br><br> PAG, LTD., <br>     Defendant, <br><br> v. <br><br> ANTON/BAUER, INC. and ALEX DESORBO, <br>     Counterclaim and Third Party Defendants | Civil Action <br> File No.: 3:01-CV-577-CFD |

### DEFENDANT, PAG LTD'S PRELIMINARY CLAIM TERM CONSTRUCTIONS

PAG hereby submits its preliminary constructions for the following terms and phrases found in claims 9 and 11 of U.S. Patent No. 4,810,204. PAG reserves the right to modify the constructions set forth below and/or to define additional terms in its claims construction brief.

### Claim Terms

1.    **"A releasable connection" for a battery pack or the like**

The phrase "a releasable connection" should be construed as "a mechanical engagement that can be locked to hold two structures together, and that also can be unlocked so that the two structures can be separated." The phrase "a releasable connection" does not refer to an electrical engagement.

2. **"battery pack"**

The phrase "battery pack" should be construed as "two or more electrochemical cells electrically interconnected in an appropriate series/parallel arrangement to provide the required operating voltage and levels."

3. **"or the like"**

The phrase "or the like" is so indefinite and ambiguous that it cannot be construed.

4. **said plates being adapted to be "releasably locked together in connected position"**

The phrase "releasably locked together in connected position" should be construed as "a mechanical engagement that can be locked to hold two structures together, and that also can be unlocked so that the two structures can be separated." The phrase "a releasably locked together in connected position" does not refer to an electrical engagement.

5. **"female plate"**

The phrase "female plate" should be construed as "an object that interconnects an electrical device or a support or a recharging unit to the male plate."

6. **said female plate including "a plurality of depending slots"**

The phrase "a plurality of depending slots" should be construed as "the symmetrical portion of the keyhole openings cut in the front surface of the female plate that have parallel side walls and that are separate and distinct from the ovoid or elliptical portion of the keyhole

opening." The term "depending slots" does not include the ovoid or elliptical portion of the keyhole opening.

7. **said female plate including... "at least one elongated terminal"**

The phrase "at least one elongate terminal" should be construed as "an electrical connector that has: (i) an expandable tip; and (ii) a threaded shank."

8. **"male plate"**

The phrase "male plate" should be construed as "one side of a closed container that has a half-moon shaped slot in its front wall and which contains rechargeable batteries."

9. **said male plate including "a plurality of spaced headed projections"**

The phrase "a plurality of spaced headed projections" should be construed as "three parts on the male plate that protrude from the surface of the male plate, each of which must have: (i) a large circular head; (ii) an integral narrow leg portion; and (iii) a half-moon shaped end portion or back plate."

10. **said male plate including... "with there being one [spaced headed projection] for each slot"**

The phrase "with there being one [spaced headed projection] for each slot should be construed as requiring "a one-to-one correspondence between the number of depending slots and the number of spaced headed projections." For example, if there are three depending slots, there must be three spaced headed projections.

11. <u>said male plate including… "at least one elongated mating terminal"</u>

The phrase "at least one elongated mating terminal" should be construed as "a removable and adjustable housing on the male plate that must include: (i) a U-shaped opening; (ii) a stationary post that is surrounded by the U-shaped opening; (iii) at least four shoulders; (iv) a groove; (v) a space; and (vi) female contacts."

12. <u>said male plate "being positioned … with the one terminal within the mating terminal"</u>

The phrase "being positioned . . . with the one terminal within the mating terminal" should be construed as "the means provided to assure proper alignment and entry of the male contact terminals into female contact terminals upon assembly of the male and female plates, which means necessarily includes the 'at least one elongate terminal' on the female plate (as defined above) and the 'at least one elongated mating terminal' on the male plate (as defined above)."

13. <u>"releasable locking means on said female plate for engaging rotable member"</u>

This claim term should not be construed as a "means-plus-function" claim term, even though the term "means" is employed in the claim element. The term "releasable locking means" should be construed to mean "a mechanical engagement that can be locked to hold two or more structures together, and that also can be unlocked so that the two or more structures can be separated."

14. **"means urging the member to a closed condition with said pin disposed in the path of movement"**

This claim term should be construed as a "means-plus-function" term. The claimed function is: "urging the member to a closed condition." The corresponding structure in the patent is either: (1) a "leaf spring 72" comprising a generally linear metallic member spanning between a "V-notch 77 on the bottom of body portion 73" and a "block 78;" or (2) a "torsion spring" comprising a coiled metallic spring with one end secured to a hole in "the bottom of body portion 73'" and another end "rotatably mounted in a lateral opening in a fixes block 78."

15. **"torsion spring"**

The term "torsion spring" should be construed as "a coil that reacts against a twisting motion to move or return a part or component."

16. **"fixed support on the backside of the female plate"**

The term "fixed support on the backside of the female plate" should be construed as "an immovable block attached to the backside of the female plate that holds and supports the torsion spring."

This _____ day of December, 2005.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
2600 One Atlanta Plaza
950 East Paces Ferry Road, NE
Atlanta, Georgia 30326
Telephone: 404-760-4300
Facsimile: 404-233-1267
Email: srrisley@rkmc.com

Email: jsculpepper@rkmc.com

Jason M. Kuselias (ct20293)
ROBINSON & COLE, LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone: 860-275-8200
Facsimile: 860-275-8299
Email: jkuselias@rc.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.,<br> Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO.<br>)   3:01-CV-577-CFD<br>) |
| PAG, LTD.<br> Defendant, | )<br>)<br>) |
| v. | )<br>) |
| ANTON/BAUER, INC. and<br>ALEX DESORBO,<br> Counterclaim and Third<br> Party Defendants | )<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of December, 2005, a true and correct copy of the above and foregoing "DEFENDANT, PAG LTD'S PRELIMINARY CLAIM TERM CONSTRUCTIONS" was served on the following counsel of record:

James T. Shearin
**PULLMAN & COMLEY, LLC**
50 Main Street
Bridgeport, CT 06604

Allen D. Brufsky
**CHRISTOPHER & WEISBERG, P.A.**
200 E. Las Olas Boulevard, Suite 2040
Ft. Lauderdale, FL 33301

by electronic mail and also by depositing a copy of the same in the United States mail, in a properly addressed envelope with sufficient first class postage affixed thereto.

             _____
             Stephen R. Risley (ct22652)
             J. Scott Culpepper (ct22653)
             Attorneys for Defendant
             PAG, LTD