UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC. ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION NO. 3:01-CV-577 (CFD) |
| vs. ) | |
| ) | |
| PAG, LTD. ) | |
| ) | |
| Defendant ) | |
| vs. ) | |
| ) | |
| ANTON/BAUER, INC. AND ) | |
| ALEX DESORBO ) | |
| Defendant ) | MARCH 3, 2006 |

**ANTON/BAUER, INC.'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANT, PAG, LTD.'S, RESPONSE TO PLAINTIFF, ANTON/BAUER'S, MEMORANDUM OF LAW IN SUPPORT OF ITS PROPOSED CLAIM CONSTRUCTION OF U.S. PATENT NO. 4,810,204**

**I.    INTRODUCTION**

Anton/Bauer, Inc. ("Anton/Bauer") hereby files this reply memorandum to Defendant, PAG, Ltd.'s Response to Plaintiff, Anton/Bauer's, Memorandum of Law in Support of its Proposed Claim Construction of U.S. Patent No. 4,810,204 ("PAG's Memorandum"). PAG's Memorandum was filed on February 17, 2006.

PAG has addressed only two of the proposed constructions of what the parties agreed would be addressed. See PAG's Memorandum at 1. As Anton/Bauer argued in its Memorandum in Response to Defendant PAG, Ltd.'s Opening Claim Construction

("Markman") Memorandum, dated February 17, 2006 ("Anton/Bauer's Memorandum"), PAG's failure to support any of its constructions with any factual or legal support constitutes an abandonment of its purported claim constructions. See Anton/Bauer's Memorandum at 14 and cases cited therein. Anton/Bauer's constructions should therefore be adopted in their entirety.

## II.    DISCUSSION

The two constructions that PAG focuses on are the following two phrases: (1) "or the like;" and (2) "a plurality of space headed projections … with each projection having head and leg portions."

### A.    "Space Headed Projections"

The latter of these two terms was the sole issue addressed in the entire 29-page brief that PAG filed on January 20, 2006. See Defendant, PAG, Ltd.'s Opening Claim Construction ("Markman") Memorandum ("PAG's Markman Brief"). In fact, PAG's Memorandum at pages 2 through 20 is a verbatim recitation of the argument in its Markman Brief at 2 through 17, and its argument section in its Memorandum at 22 through 25 adds nothing new to the argument it previously made as to its view of the of the construction of the term" headed projections." [1]  There is not a single point offered

---

[1] In fact, PAG even reproduces footnotes from its Markman Brief that have no applicability to its Memorandum. See, e.g., PAG's Memorandum at 5 and 6. Further, PAG's exhibit list (PAG's Memorandum at V), also purports to track exhibits filed in its Markman Brief, at least insofar as Exhibits A through E are concerned, although the exhibits it actually attaches bear no correlation to that exhibit list.

that is new or to which Anton/Bauer has not otherwise responded in its Memorandum of February 17, 2006. Anton/Bauer therefore respectfully refers the Court to that memorandum which it incorporates by reference.

### B.     "Or the Like"

PAG takes issue with Anton/Bauer's proposed construction for the term "a battery pack or the like". Anton/Bauer posits that "or the like" should be construed to mean a device that has a functionality similar to that of a battery pack, to furnish power or electronic control. See Anton/Bauer's Memorandum of Law in Support of its Proposed Claim Construction of Patent No. 4,810,204, dated January 20, 2006 ("Anton/Bauer's Brief") at 10-11. Anton/Bauer's argument is premised on a straightforward, unadulterated reading of the claims term, which is consistent with the examples listed in the patent itself. Id. at 11, citing U.S. Patent No. 4,810,204 ("'204 Patent") at Col. 11, Lines 20-26.

By contrast, PAG focuses on one of the referenced examples – a "power tap" – argues that such a device drains power, and therefore asserts that Anton/Bauer's construction must be wrong. See PAG's Memorandum at 3-4 and 21-22. It contends that Anton/Bauer's product literature demonstrates that "a PowerTap 'allows a camera mounted Ultralight, wireless microphone, or other D.C. accessory to be powered from

---

Moreover, Exhibit E is not referenced in PAG's Memorandum at all and its applicability to this case is not apparent.

the camera battery." Id. at 3, quoting, Exhibit F (emphasis in original). It claims that the PowerTap "mates directly with the PowerTap *receptacle* [which is on the side of the female plate of] the Gold Mount." Id. at pg. 4, citing Exhibit F. Respectfully, PAG either hasn't read the patent, doesn't know the industry, or is intending to obfuscate the truth.

      The language of the patent provides that while the "present invention has been described specifically with application to a battery pack, it should be understood that the invention has <u>universal application to other power or electronic control connections</u> such as the connections of AC power supplies, power taps, micro controls, camera control equipment and the like, and the claims appended hereto should be construed to cover all such applications, variations and modifications, all of which are deemed to fall within the scope thereof." '204 Patent at column 11, lines 17-26 (emphasis added). The "or the like" language was first used in United States Patent No. 4,550,968 ("'968 Patent"), issued on November 5, 1985 to John Corrigan, then an employee of Anton/Bauer, Inc. That patent was assigned to Anton/Bauer, Inc. There is absolutely no evidence to suggest with respect to the '968 Patent or the '204 Patent that anyone ever had any doubt as to the meaning of "or the like" or that the term should be defined by and limited to any specific example referenced; rather, it has been understood and, in fact, was designed to generally have "universal application to other power or electronic control connections" of any sort.

In an effort to insert confusion where none exists, PAG has chosen to dwell on a "power tap" example which it claims drains power. It is wrong. A battery pack, or the like, is a device that furnishes power or other electronic control connections. Anton/Bauer Brief at 11. The term "tap" is, in the electronics industry, commonly defined as an "[e]lectrical connection to some point other than at the ends of a register or inductor." See, e.g., Dictionary of Electronics @sciencelobby.com; Dictionary of Electronics @twysted-pair.com. A power tap is simply a connection that permits power to be moved from location to another location. The "releasable connection" of the '204 combination for a "power tap" permits the transfer of power, through the combination of the plates, to some other device. There is not an issue of furnishing versus draining. After all, the '204 combination "for a battery pack" provides the ability to drain power from a pack of battery cells. That same connection, also, furnishes that power to the device to be operated. This same result occurs when the source of power eminates from a power tap.

In this regard, PAG's so-called support is simply a red herring.[2] The reference in Exhibit F is to a PowerTap (an Anton/Bauer trade name) receptacle, not a "power tap" as refered to in the patent specification. It is that receptacle (and its corresponding

---

[2] The first thing to point out with Exhibit F is that it is the classic type of extrinsic evidence that the Federal Circuit has time and time again said is the weakest of evidence for purposes of assisting with claims construction. PAG, takes a 2005 catalog reference for a product/feature name (PowerTap) and tries to use it to define what one schooled in the art would know and use in its lexicon in 1987.

5

mating plug) that is defined to be an "exclusive Anton/Bauer feature [which] allows <u>a camera mounted light</u>, <u>wireless microphone</u> or <u>other D.C. accessory</u> to be powered from the camera battery." Those accessory devices connect with the female plate through the PowerTap receptacle on the side wall of the female plate via a plug. The '204 patent actually addresses this feature when it stated that the female plate "could be provided with an electrical receptacle to receive a plug of a light." '204 Patent, at Column 9, Lines 54-56. That electrical receptacle location is depicted in the '204 Patent, Figure 6 at item No. 94. Notably, that receptacle and its mating plug is not claimed in the '204 Patent and is not an issue in this case. Moreover, the accessory devices PAG references as being attached to the PowerTap receptacle do not form the releasable connection described in the patent for "a battery pack or the like". The claimed connection of the '204 patent, as the patent makes clear, is comprised of the male and female plates (which, for this discussion, *may* be to a "power tap" (as generally described in Col. 11, Lines 20-26) from which the source of electricity eminates and which is then channeled through the combination.

      The patented combination is not, and does not claim, any connection formed through a receptacle on the side wall of the female plate which is the subject of PAG's reference in Exhibit F and its ill founded argument.

### III. **CONCLUSION**

Bluntly stated, PAG is grasping at straws, trying its hardest to twist claims 9 and 11 to avoid a finding of infringement. There is no ambiguity or vagueness no matter how much PAG would which to inject such. A person of ordinary skill in the art would know by reading the patent and being familiar with the prior art that the '204 combination is a unique way of forming a mechanical and electrical connection between two plates, which permits a device attached to one plate to be powered or electronically controlled by an energy source or some form of electronic control attached to the other plate. Respectfully, the Court should not allow itself to be misled by PAG's effort to justify its infringing conduct by a distorted reading of the patent.

        PLAINTIFF
        ANTON/BAUER, INC.


    By: _____/s/ James T. Shearin_____
        James T. Shearin, Esq. – ct 01326
        Brian C. Roche, Esq. – ct 17975
        Pullman & Comley, LLC
        850 Main Street, P.O. Box 7006
        Bridgeport, CT  06601-7006
        Phone:  (203) 330-200
        Facsimile:  (203) 576-8888

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record:

Stephen R. Risley, Esq.
J. Scott Culpepper, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
950 East Paces Ferry Road NE
2600 One Atlanta Plaza
Atlanta, Georgia 30326

Jason M. Kuselias
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

                                                        /s/ James T. Shearin
                                          James T. Shearin –  ct 01326
                                          Brian C. Roche    – ct 17975

Bridgeport/57052.2/JTS/590247v1