UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.,<br>    Plaintiff,<br><br>v.<br><br>PAG, LTD.,<br>    Defendant,<br><br>v.<br><br>ANTON/BAUER, INC. and ALEX<br>DESORBO,<br>    Counterclaim and Third Party<br>    Defendants | Civil No.: 3:01-CV-577 (CFD) |

**DEFENDANT PAG, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO ALLOW FOR A GENERAL DISCOVERY PERIOD**

Defendant PAG, LTD. ("PAG") hereby moves this Court to allow an eight-month general discovery period.

**I.   INTRODUCTION**

Both Plaintiff Anton/Bauer, Inc. ("Anton/Bauer") and PAG have acknowledged to this Court in numerous filings—the most recent of which occurred in February 2005—that since the parties have not taken general discovery in this matter, discovery is absolutely necessary to allow the parties to gather evidence for their claims and defenses. Instead of engaging in general discovery, in compliance with this Court's November 20, 2003 Order, the parties have only engaged in discovery related to one discreet issue: PAG's implied license defense. Thus, since Anton/Bauer filed the Complaint in this matter in 2000, the parties have essentially taken no discovery on the substantive issues of this case.

HART1-1315213-1

Initially, because Anton/Bauer moved for a preliminary injunction at the time it filed the Complaint, there was a stay of the discovery period. After this Court ruled on the preliminary injunction motion, the parties did begin to exchange and respond to discovery requests. This Court, however, entered the November 2003 Order, where the Court limited discovery to the narrow issue of PAG's implied license defense. Thus, the parties have taken no discovery related to Anton/Bauer's infringement claims or to PAG's counterclaims and defenses. As such, the parties have not responded to interrogatories, exchanged documents or taken depositions related to the claims for infringement or the counterclaims and defenses. Because neither PAG nor Anton/Bauer has taken discovery—which both parties recognize is imperative to their claims and defenses—a eight-month general discovery period is wholly appropriate.

## II.    PROCEDURAL BACKGROUND AND ARGUMENT

On April 1, 2001, Anton/Bauer filed the Complaint alleging that PAG infringed U.S. Patent No. 4,810,204 ("the '204 patent"). The '204 patent covers a battery pack connection apparatus having both a male and female plate that combines to form a releasable connection between the two plates. Anton/Bauer filed a Motion for Preliminary Injunction simultaneously with the Complaint, contending that Anton/Bauer was being irreparably harmed by PAG's manufacture and sale of its battery packs. While Anton/Bauer's Motion for Preliminary Injunction was pending, the parties agreed to a stay of discovery.

On May 25, 2001, PAG brought a counterclaim against Anton/Bauer for attempted monopolization under the Lanham Act; a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); and for defamation. Additionally, PAG filed a Third Party Complaint against Alex

DeSorbo ("DeSorbo") asserting violations of federal unfair competition, false description and false representation; a violation of CUTPA; and defamation.

On March 27, 2002, PAG moved for summary judgment on the issues of contributory infringement and inducement of infringement. Among other arguments, PAG contended that purchasers of Anton/Bauer's female plates had an implied license to assemble and use the invention claimed in the '204 patent. Additionally, on May 6, 2002, Anton/Bauer filed a Cross-Motion for Summary Judgment, contending that there are no facts to support PAG's claim that end-users have an implied license.

On June 12, 2002, this Court granted Anton/Bauer's Motion for Preliminary Injunction. PAG subsequently filed its notice that it would appeal the Court's decision to the United States Court of Appeals for the Federal Circuit.

Recognizing the necessity for discovery in this matter, in August 2002, the parties submitted the Report of Parties' Planning Meeting in which each party set forth the discovery each needed. DX "A,"[1] Report of Parties' Planning Meeting. Specifically, PAG stated it needed discovery related to:

   (i)     the conception, research and development of reduction to practice, or testing of the subject matter of the patent, and any other patent at issue in this litigation;

   (ii)    the decision to seek patent protection for the subject matter of the patents;

   (iii)   the preparation and prosecution of the patent application;

   (iv)    any lawsuit related to any of the patents;

   (v)     the first sale or offer for sale of products covered by the patents;

   (vi)    all licensing agreements or offers to license the patents;

---

[1] The notation "DX" is shorthand for "Defendant's Exhibit."

  (vii) all analyses relating to PAG's alleged infringement of the patent;

  (viii) Anton/Bauer's claims for damages against PAG;

  (ix) the first sale and commercial marketing of each invention claimed in the patent;

  (x) the repair and replacement of any product allegedly covered by the patents;

  (xi) communications between Anton/Bauer and business entities that sell or have sold products covered by the patents.

DX "A," Report of Parties' Planning Meeting.

Additionally, Anton/Bauer and DeSorbo stated they needed the following discovery:

  (i) PAG products that are compatible with the Anton/Bauer plates;

  (ii) promotional and advertising materials published by PAG for its products or other products compatible with the Anton/Bauer plates;

  (iii) PAG products compatible with the Anton/Bauer plates and which refer to Anton/Bauer, any of its patents or any products marketed and sold by Anton/Bauer;

  (iv) the identity of person who were sent advertising or promotional material concerning PAG products or any products compatible with the Anton/Bauer plates;

  (v) the extent of sales by PAG of the allegedly infringing PAG products in the U.S., and the costs incurred by PAG for production and sales of the products;

  (vi) any experts retained by PAG to testify at trial and the opinion of the expert on all subject matter areas.

DX "A," Report of Parties' Planning Meeting.

On August 22, 2002, this Court rejected the parties' case management plan for failure to comply with Local Rule 38. The parties did not commence discovery.

On February 27, 2003, the Court denied PAG's motion for summary judgment and Anton/Bauer's Cross-Motion for Summary Judgment. The Court stated the denial was without

prejudice to the parties' ability to renew the motion at the conclusion of discovery in accordance with the scheduling order.

On March 6, 2003, the Court approved the parties' proposed case schedule that set discovery deadlines. DX "B" Order Approving Parties' Proposed Case Schedule. Discovery was set to open on March 3, 2003 and fact discovery was cut off on November 3, 2003. Expert reports were due on December 3, 2003 and expert depositions were to be completed by February 5, 2004. The dispositive motion filing cut-off was April 5, 2004 and the status conference for setting the pre-trial order and trial date was April 12, 2004.

On June 4, 2003, PAG filed its Renewed Motion for Summary Judgment. In PAG's Motion, it argued that the defenses of implied license and exhaustion necessitated a finding of non-infringement in its favor. On July 3, 2003, Anton/Bauer responded by requesting discovery pursuant to Rule 56(f). Anton/Bauer requested discovery on two issues relevant to the PAG's implied license theory: (1) whether there are non-infringing uses of the patented product; and (2) whether the circumstances of the sale of the patented product show that the grant of a license should be inferred.

The parties subsequently served discovery requests on each other. When PAG objected to certain of Anton/Bauer and DeSorbo's discovery requests, they moved to compel responses. In the November 20, 2003 Order granting, in part, the Motion to Compel, this Court limited discovery to one specific area—PAG's implied license defense. DX "C," Order Granting, In Part, Anton/Bauer and DeSorbo's Motion to Compel. This Court specifically stated that:

> Plaintiff and counterclaim defendants are permitted to conduct discovery only on the prongs of the implied license test indicated in their memorandum in support of their response to renewed motion for summary judgment (dated July 2, 2003 with docket

>   #107). No other discovery is permitted. Any and all discovery relevant to the prongs of the implied license test must be completed within 90 days of this order.

DX "C," Order Granting, In Part, Anton/Bauer and DeSorbo's Motion to Compel.

On December 3, 2003, PAG's counsel sought clarification of the Court's ruling. DX "D," Letter from Stephen Risley. Among other matters sought, PAG requested it be allowed to take discovery related to both prongs of the implied license defense. PAG also sought direction regarding whether, after the 90-day limited discovery period closed, this Court would permit a "general" discovery period open to allow the parties the opportunity to conduct more general discovery related to patent infringement/non-infringement, patent validity/invalidity, damages, and PAG's antitrust, defamation and unfair competition counterclaims. PAG recognized the need for a "general" discovery period because no depositions had been taken and virtually no substantive written discovery had been provided by either party.

Anton/Bauer responded by saying that after the 90-day discovery period, the parties would be permitted to move for summary judgment with respect to the implied license question. Anton/Bauer admitted that it "assume[d] that the Court will revisit, if necessary, the issue of additional discovery before moving forward in the case." DX "E," Letter from Anton/Bauer's Counsel.

Pursuant to this Court's November 2003 Order, the parties conducted discovery related to PAG's implied license defense from December 2003 through May 1, 2004. Once discovery was completed, Anton/Bauer filed its own Motion for Summary Judgment on May 25, 2004. To date, the parties' Motions for Summary Judgment are still pending.

In February 2005, this Court requested a joint status report from the parties. Recognizing that discovery had only occurred related to one issue—the implied license defense—the parties addressed the status of discovery. Thus, on February 10, 2005, the parties submitted a Status Report setting forth the specific discovery each party sought. DX "F," Parties' Joint Status Report. Specifically, both Anton/Bauer and PAG acknowledged that:

> **General discovery is not completed.** Prior to the filing of summary judgment . . . , the parties engaged in a period of discovery limited solely to the implied license issue. By virtue of this Court's order dated November 20, 2003, all other discovery was stayed until the implied license issue was resolved. **At this time, the parties anticipate that additional discovery will be necessary.** It was the parties' contemplation that the Court would address additional discovery subsequent to the Court's ruling on the Motion for Summary Judgment.

DX "F," Parties' Joint Status Report (emphasis added).

Further, both parties set forth their specific positions regarding discovery. Anton/Bauer admitted that:

> Anton/Bauer believes that a limited period of additional discovery is necessary before this action is ready for trial. In this regard, Anton/Bauer will seek to gather relevant information with respect to the defenses raised by PAG in its Answer to the underlying Complaint. Moreover, Anton/Bauer will need to gather additional information concerning the factual predicate for the various counterclaims raised by PAG, as well as the purported damages flowing from same. As set forth above, PAG has also brought a Third-Party Complaint against DeSorbo. Discovery directed towards the basis for these claims, liability and damages will need to be pursued. Anton/Bauer and DeSorbo anticipate that relevant information will be gathered directly from PAG by way of 30(b)(6) depositions concerning these issues. Some additional written discovery will also be necessary to explore these issues.

DX "F," Parties' Joint Status Report.[2]

---

[2] Despite Anton/Bauer and DeSorbo's admission that discovery is necessary to its claims and defenses, they are now taking the position that "no discovery should be undertaken in this case." DX "G," Letter from James Shearin.

Finally, PAG set forth its position with respect to discovery. In addition to interrogatories and document requests, PAG set forth that:

Additional discovery is necessary regarding Anton/Bauer's claim of infringement, as this case is still in the early substantive stages.

\*   \*   \*

> PAG anticipates it will seek third party discovery, including depositions, from Frezzolini Electronics, Inc.; James Crawfore, CEO of Frezzolini Electronics, Inc.; Energex Systems Corporation, Pana-Tek, Inc.; Cool-Lux Lighting Industries, Inc.; IDX Systems Technology, Inc.; one or more individuals associated with Aspen Electronics, Inc. prior to Aspen Electronics' purchase by Anton/Bauer, including Norman Kellogg; one or more of Anton/Bauer Gold Mount female plate, including representatives from Anton/Bauer's NBC, CNN and/or ABC house accounts; '204 patent inventor Anton F. Wilson; one or more employees of Anton/Bauer, including Debra Browning, Shinichi Minowa and Curt Dann; and Joob Janssen of Vitec Group PLC.

DX "F," Parties' Joint Status Report.

Thus, the parties—as recently as February 2005—acknowledge that not only have they not commenced general discovery, but that it is critical to the parties' claims as well as defenses.

### III.   ARGUMENT

This court should permit the parties in this matter to conduct "general" discovery, which the parties acknowledge is necessary to each parties' claims and counterclaims and defenses to those claims. Federal Rule of Civil Procedure 26(b)(1), in pertinent part, provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." See also Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) (noting that "the broad scope of discovery is evident in Rule 26(b)(1)"). Rule 26 further provides that discovery may occur "whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . . The information sought need

not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, the plain language of Rule 26(b)(1) contemplates wide-ranging discovery to the fullest possible extent. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The word "relevant" encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. . . . Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. at 351 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

General discovery related to Anton/Bauer's infringement claims and PAG's counterclaims and other defenses should be permitted. In this matter, discovery has only been permitted on one discreet issue—PAG's implied license defense. Discovery related to infringement and the counterclaims and defenses was explicitly excluded by this Court's November 20, 2003 Order. For example, PAG was not permitted to take discovery during this time from any of Anton/Bauer's prior litigant defendants regarding prior art, claim construction issues, and/or issues relating to the invalidity or unenforceability of the '204 patent. Additionally, PAG was not permitted to take discovery from Anton/Bauer during the implied license discovery period regarding Anton/Bauer's damages claims and bases related thereto.

Further, the parties admit in the February 10, 2005 Status Report that "general discovery is not complete" and that "the parties anticipate that additional discovery will be necessary." Further, Anton/Bauer admits that it needs discovery on a number of issues: PAG's defenses; the factual predicate for the various counterclaims raised by PAG; damages related to PAG's

counterclaims; PAG's Third-Party Complaint against DeSorbo and, specifically, the claims, liability and damages; a 30(b)(6) deposition related to PAG's counterclaims and third-party complaint; and written discovery.

Thus, as both parties have acknowledged to this Court, a general discovery period is wholly necessary for each party to prove their claims and for their defenses to those claims.

IV. **CONCLUSION**

For the above-stated reasons, PAG respectfully requests that this Court allow for a eight-month general discovery period.

DEFENDANT,
PAG LIMITED

Jason M. Kuselias (ct20293)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone: 860-275-8200
Facsimile: 860-275-8299
Email: jkuselias@rc.com

Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, NE
Atlanta, Georgia 30326
Telephone: 404-760-4300
Facsimile: 404-233-1267
Email: srrisley@rkmc.com
Email: jsculpepper@rkmc.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of "DEFENDANT, PAG LTD'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALLOW FOR A GENERAL DISCOVERY PERIOD" was served via first class mail, postage prepaid on the 7th day of March, 2006 on the following counsel of record:

James T. Shearin, Esq.
Pullman & Comley, LLC
50 Main Street
Bridgeport, CT 06604

Allen D. Brufsky, Esq.
Christopher & Weisberg, P.A.
200 E. Las Olas Boulevard, Suite 2040
Ft. Lauderdale, FL 33301

_____
Jason M. Kuselias