IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,                          )
      Plaintiff,                            )
                                )    Civil Action
                                )    File No.: 3:01-CV-577-CFD
v.                                          )
                                )
PAG LIMITED                                 )
      Defendant,                            )
                                )

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 38, a conference was held between defendant's counsel, Stephen R. Risley, and Allen Brufsky for the plaintiff.

The parties propose the following case management plan:

1. The parties may joint additional parties until one (1) month from the date of decision on Plaintiff's motion for a preliminary injunction.

2. Each party anticipates that discovery will be needed on the following subjects:

    a.  by plaintiff:

    production of documents and things by defendants, concerning the Pag Limited products, and any other products which are compatible with the Anton/Bauer plates, including without limitation, all documents concerning the design, development and manufacture and sale of these products;

    ii.  production of documents and things by defendants concerning all promotional and advertising materials published on behalf of the defendants for the Pag Limited products, or any other products which are compatible with the Anton/Bauer plates;

    iii.  production of documents and things by defendants concerning the Pag Limited products or any other products which are compatible with the Anton/Bauer plates, and which refer to plaintiff, or any patents owned by plaintiff, or products marketed or sold by plaintiff;

EXHIBIT A
PAGE 1 OF 5

iv.    the identifies of all persons who were sent any advertising or promotional material concerning Pag Limited products, or any other products which are compatible with the Anton/Bauer plates;

v.    the extent of sales by defendants of the allegedly infringing Pag Limited product anywhere in the U.S., and the costs allegedly incurred by the defendants for the production and sales of such allegedly infringing products;

vi.    any experts retained by defendants to testify at any trial or otherwise in this litigation, and the opinion of any such expert on all subject matter areas relevant to this litigation.

b.  by defendants:

i.    all documents and things relating to the conception, research and development of reduction to practice, or testing of the claimed subject matter of the patent, and any other patent at issue in this litigation (collectively, the "Patents") including, but not limited to, inventor notebooks, invention disclosures, any deposition of inventors regarding these issues, and produce specifications.

ii.    all documents and things relating to the decision to seek patent protection for the subject matter of the Patents, including but not limited to, prior art searches, prior art search results, patentability investigations, all communication with any patent attorney or agent, and any depositions of inventors, patent attorneys, or agents regarding these issues;

iii.    all documents and things relating to the preparation and prosecution of the application which the Patents issue, as well as any related application to the application from which the Patents issue, including, but not limited to, all communication with the U.S. Patent and Trademark Office;

iv.    all documents and things from any lawsuit in which any of the Patents were previously at issue, including but not limited to, all documents produced by or to Anton/Bauer and all pleadings, correspondence and transcripts.

v.    all documents and things relating to the first sale or offer for sale of products covered by the Patents;

vi.    all licensing agreements, or offers to license the subject matter of the Patents;

vii.    all analyses relating to Pag Limited's alleged infringement of the Patents including, but not limited to, infringement analyses and memoranda;

EXHIBIT A
PAGE 2 OF 5



viii.    all documents and things relating to Anton/Bauer's claims for damages against Pag Limited, including documents sufficient to show Anton/Bauer's business plans, sales, gross margins, and net income since products sold by Anton/Bauer or any of its licensees that incorporate or embody an invention claimed in the Patents;

ix.    all documents and things sufficient to show the first sale and first commercial marketing of each invention claimed in the Patents, including publication and disclosure to customers concerning the invention claimed in the Patents.

x.    all documents relating to the repair and replacement of any product allegedly covered by the Patents, including repair and replacement of such products with the products of any third person, firm, corporation or other business entity.

xi.    all documents consisting of or relating to communications between and among plaintiff, its agents, servants and attorneys, and all distributors, representatives or other persons, firms, corporations or other business entities which sell, or have sold, any products allegedly covered by the Patents concerning the sale, or offer to sell, market, or distribute the products of defendants or any other third person, firm, corporation or other business entity.

3. Discovery will be completed within six (6) months from the date of decision or Plaintiff's motion for a preliminary injunction.

4. Plaintiff and defendants will each require a total of no more than ten depositions of fact witnesses after the date of this report and depositions of any testifying experts to be retained by either the plaintiff or defendants respectively.

5. The parties will not serve more than 25 interrogatories each.

6. Plaintiff will produce the damage analysis by the conclusion of discovery.

7. Dispositive motions will be filed no later than three (3) months after the conclusion of discovery.

8. The final lists of witnesses and exhibits under F.R.C.P. 26(a)3 will be due within three (3) months after the conclusion of discovery.

9. Rebuttal witnesses shall be designated within one (1) month after the final lists and exhibits are due.

10. The parties shall have twenty (20) days after service of final lists of witnesses and exhibits to list objections under F.R.C.P. 26(a) 3.

11. Settlement is unlikely at this time.

EXHIBIT A
PAGE 3 OF 5

12. The parties request a pre-trial conference at the convenience of the Court.

Dated: _August 8, 2002_

_[signature]_
Stephen R. Risley
Thomas, Kayden, Horstmeyer & Risley
Suite 1750
100 Galleria Pkwy, N.W.
Atlanta, GA  30339-5948

_[signature]_ – 4/9/200_

Allen D. Brufsky
(Bar No. CT 04490)
201 S. Biscayne Boulevard
Miami Center, 34th Floor
Miami, FL  33131

Respectfully submitted,

_[signature]_
Allen D. Brufsky (CT 04490)

Ferrell Schultz Carter Zumpano & Fertel
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325
(305) 913-4618
(305) 371-5732

EXHIBIT B
PAGE 4 OF 5

FILED

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

2002 AUG -9  A 11: 23

| | |
|---|---|
| ANTON/BAUER, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAG LIMITED | ) |
|     Defendant, | ) |
| | ) |

US DISTRICT COURT
HARTFORD CT

Civil Action
File No.: 3:01-CV-577-CFD

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 38, a conference was held between defendant's counsel, Stephen R. Risley, and Allen Brufsky for the plaintiff.

The parties propose the following case management plan:

1. The parties may joint additional parties until one (1) month from the date of decision on Plaintiff's motion for a preliminary injunction.

2. Each party anticipates that discovery will be needed on the following subjects:

    a. by plaintiff:

i.    production of documents and things by defendants, concerning the Pag Limited products, and any other products which are compatible with the Anton/Bauer plates, including without limitation, all documents concerning the design, development and manufacture and sale of these products;

ii.    production of documents and things by defendants concerning all promotional and advertising materials published on behalf of the defendants for the Pag Limited products, or any other products which are compatible with the Anton/Bauer plates;

iii.    production of documents and things by defendants concerning the Pag Limited products or any other products which are compatible with the Anton/Bauer plates, and which refer to plaintiff, or any patents owned by plaintiff, or products marketed or sold by plaintiff;



EXHIBIT A
PAGE 5 OF 5



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,                          )
          Plaintiff,                        )
                                            )
                                            )      Civil Action
     v.                                     )      File No.: 3:01-CV-577-CFD
                                            )
PAG LTD.,                                   )
          Defendant,                        )
                                            )
     v.                                     )
                                            )
ANTON/BAUER, INC. and ALEX                  )
DESORBO,                                    )
                                            )
          Counterclaim and Third Party      )
          Defendants                        )
                                            )

## PROPOSED CASE SCHEDULE

Pursuant to the Court's Order during the telephonic status conference of February 26, 2003, the parties submit the following proposed schedule for this case:

| | |
|---|---|
| Discovery Opens | March 3, 2003 |
| Last Day to Add Parties | May 3, 2003 |
| Fact Discovery Cut Off | November 3, 2003 |
| Expert Reports On Issues For Which Party Carries Burden | December 3, 2003 |
| Plaintiff's Claim Construction Brief Due | December 3, 2003 |
| Experts Reports On Issues For Which Party Does Not Carry Burden | January 5, 2004 |
| Defendant's Claim Construction Brief Due | January 5, 2004 |
| Expert Depositions Completed | February 5, 2004 |

EXHIBIT B
PAGE 1 OF 5

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| ANTON/BAUER, INC.,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| PAG, LTD.,<br>    Defendant, | )<br>)<br>) |
| v. | )<br>)<br>) |
| ANTON/BAUER, INC. and ALEX<br>DESORBO, | )<br>)<br>) |
|     Counterclaim and Third Party<br>    Defendants | )<br>)<br>) |

2003 MAR -4 P 3: 48

Civil Action
File No. 3:01-Cv-577-CFD
HARTFORD CT.

## PROPOSED CASE SCHEDULE

Pursuant to the Court's Order during the telephonic status conference of February 26, 2003, the parties submit the following proposed schedule for this case:

| | |
|---|---|
| Discovery Opens | March 3, 2003 |
| Last Day to Add Parties | May 3, 2003 |
| Fact Discovery Cut Off | November 3, 2003 |
| Expert Reports On Issues<br>For Which Party Carries Burden | December 3, 2003 |
| Plaintiff's Claim Construction<br>Brief Due | December 3, 2003 |
| Experts Reports On Issues For Which<br>Party Does Not Carry Burden | January 5, 2004 |
| Defendant's Claim Construction<br>Brief Due | January 5, 2004 |
| Expert Depositions Completed | February 5, 2004 |

EXHIBIT B
PAGE 2 OF 5

| | |
|---|---|
| Claim Construction Hearing | March 5, 2004 |
| Dispositive Motion Filing Cut-Off | April 5, 2004 |
| Status Conference For Setting Pre-Trial Order and Trial Date | April 12, 2004 |

Respectfully submitted this _28th_ day of _February_ 2003.


Anton/Bauer Inc., Plaintiff
Alex DeSorbo, Third-Party Defendant


By _____     Date:

For Allen D. Brufsky  _with permission_


PAG, Limited, Defendant/Third-Party Plaintiff


By _____     Date:

For Stephen R. Risley _with permission_

2

EXHIBIT B
PAGE 3 OF 5

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No.: 3:01-CV-577-CFD |
| | ) | |
| PAG, LTD., | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTON/BAUER, INC. and ALEX | ) | |
| DESORBO, | ) | |
| | ) | |
| Counterclaim and Third Party | ) | |
| Defendants | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that on the _26th_ day of _February_ , 2003, a true and correct copy of the above and foregoing "PROPOSED CASE SCHEDULE" was served on the following counsel of record:

Allen D. Brufsky, Esq.
**FERRELL SCHULTZ CARTER ZUMPANO & FERTEL**
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325

3

EXHIBIT B
PAGE 4 OF 5

by depositing a copy of the same with sufficient first class postage in the United States mail.

Robert B. Dulaney III (ct22654)
THOMAS, KAYDEN, HORSTEMEYER
& RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Counsel for Defendant and Third
Party Plaintiff, PAG, Limited

4

EXHIBIT B
PAGE 5 OF 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.                    :
       Plaintiff,                    :
                                     :
                                     :
       v.                            :      Civil Action No.
                                     :      3:01 CV 577 (CFD)
PAG, LTD.,                           :
       Defendant                     :

## RULING ON PENDING MOTIONS

Pending are the defendant's Motion to Renew its Motion for Summary Judgment [Doc.

#102], Motion for Protective Order [Doc. #111], Second Motion for Protective Order [Doc.

#123], and Motion to Strike [Doc. #113].  Pending also are the third-party defendant's Motion to

Dismiss [Doc. #95], the plaintiff's Motion for Extension of Time [Doc. #103], and the plaintiff

and counterclaim and third-party defendants' Motion to Compel [Doc. #115].  On October 23,

2003, a hearing was held on pending motions.

The third-party defendant's motion to dismiss [Doc. #95] is DENIED.  The plaintiff's

motion for extension of time [Doc. #103] is DENIED AS MOOT.  The defendant's Motion to

Renew its Motion for Summary Judgment [Doc. #102] is DENIED without prejudice to renewal

after discovery has been completed on the prongs of the implied license test.  The defendant's

Motion for Protective Order [Doc. #111] and Second Motion for Protective Order [Doc. #123]

are DENIED IN PART.  The defendant's Motion to Strike [Doc. #113] is DENIED.  The

plaintiff and counterclaim and third-party defendant's Motion to Compel [Doc. #115] is

GRANTED IN PART.

Plaintiff and counterclaim defendants are permitted to conduct discovery only on the

prongs of the implied license test indicated in their memorandum in support of their response to

EXHIBIT C
PAGE 1 OF 2

renewed motion for summary judgment (dated July 3, 2003 with docket #107).  No other

discovery is permitted.  Any and all discovery relevant to the prongs of the implied license test

must be completed within 90 days of this order.

SO ORDERED this 20ᵗʰ day of November 2003, at Hartford, Connecticut.

_____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT C
PAGE 2 OF 2