*Olcv 577 letter*
*164*

131/132

# TKHR

## THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.

*ATTORNEYS AT LAW*

100 Galleria Parkway, NW
Suite 1750
Atlanta, GA 30339-5948
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*www.tkhr.com*

*Stephen R. Risley*

*E-Mail: steve.risley@tkhr.com*

December 3, 2003

**VIA FACSIMILE & HAND DELIVERY**

The Honorable Christopher F. Droney
United States District Judge,
    District of Connecticut
450 Main Street
Hartford, Connecticut  06103

Re:     Anton Bauer, Inc. v. PAG, Ltd.
         Civil Action No. 01-CV-577
         Our File No.: 52308-7010

Dear Judge Droney:

        Defendant, PAG Limited, respectfully requests clarification, and/or a conference call with the Court to discuss the Court's November 20, 2003 "Ruling On Pending Motions." Counsel for PAG has been advised by the Court's Chambers to submit a written request to the Court for the Court's consideration. If preferred, PAG will file a formal motion and memorandum. However, in light of the Court's ordered 90-day "limited" discovery period, time is of the essence. Thus, PAG believes that a letter and a conference call are the most efficient route to address the issues raised below.

        Briefly, PAG would like to discuss the following two issues:

        (1)   Since the Court denied PAG's Motion To Renew Its Motion For Summary Judgment without prejudice to renewal after discovery, is PAG also permitted to take discovery during the 90-day "limited" discovery period relating to PAG's implied license defense and Anton/Bauer's rebuttal arguments/evidence thereto?

        As currently worded, the Ruling states that "Plaintiff [Anton/Bauer] and counterclaim defendants [Anton/Bauer and Mr. DeSorbo] are permitted to conduct discovery...." See Ruling On Pending Motions at 1. The Ruling does not state that PAG is permitted to conduct any discovery.

**EXHIBIT D**
**PAGE 1 OF 2**

*INTERNATIONAL PATENT, TRADEMARK AND COPYRIGHT LAW AND RELATED LITIGATION*

◆     *Atlanta, Georgia*     ◆     *Huntsville, Alabama*     ◆

The Honorable Christopher F. Droney
December 3, 2003
Page 2

PAG too would like to take discovery related to the two prongs of the implied license defense. With respect to the first prong of the implied license defense, PAG would like to conduct discovery related to Anton/Bauer's allegation that there are several devices that can be used with Anton/Bauer's female plate in a non-infringing manner. PAG anticipates that discovery related to this prong would be taken from Anton/Bauer and the third party manufacturers of the allegedly non-infringing usable devices.

With respect to the second prong of the implied license defense, PAG seeks discovery related to Anton/Bauer's allegation that the circumstances of Anton/Bauer's sales indicate that a license should not be inferred. PAG anticipates that discovery on this prong would be taken from Anton/Bauer and Anton/Bauer's distributors and customers.

(2)    After the 90-day "limited" discovery period closes, will a "general" discovery period open such that PAG and Anton/Bauer will be afforded an opportunity to conduct more general discovery related to patent infringement/non-infringement, patent validity/invalidity, damages, and PAG's antitrust, defamation, and unfair competition counterclaims?

Thus far, no depositions have been taken in this case, and virtually no substantive written discovery has been provided by any party. Indeed, third party defendant, Mr. DeSorbo, has not yet filed an answer to PAG's third party complaint or responded to any of PAG's discovery requests.

Thank you for your consideration.

Sincerely,

THOMAS, KAYDEN,
HORSTEMEYER & RISLEY, LLP

Stephen R. Risley

cc:    Anton/Bauer's Counsel: (1) Allen D. Brufsky (via facsimile and first class mail); and (2) Brian C. Roche (via facsimile and first class mail)

00096437

**EXHIBIT D
PAGE 2 OF 2**

52308- 7010
corres

# PULLMAN & COMLEY, LLC
*Attorneys At Law*

| | | | |
|---|---|---|---|
| ELIZABETH J. AUSTIN | MICHAEL N. LaVELLE | H. WILLIAM SHURE | AMY A. D'ADDETTA |
| RAYMOND J. BALDWIN, JR. | JOSEPH M. LODATO | CHRISTOPHER J. SMITH | JOSHUA A. DOLGER |
| MORRIS W. BANKS | LISA A. MAGLIOCHETTI | JOHN F. STAFSTROM, JR. | ERIC J. GEORGE |
| COLLIN P. BARON | THOMAS F. MAXWELL, JR. | JAMES B. STEWART | DARYL L. GORDON |
| DEBORAH S. BRECK | EDWARD P. McCREERY, III | GROVE W. STODDARD | JESSICA CROSSARTH |
| CHARLES K. CAMPBELL, JR. | ANDREW J. McDONALD | MARSHALL J. TOUPONSE | MATTHEW M. HAUSMAN |
| FRANK B. CLEARY | ROBERT B. MITCHELL | JAMES W. VENMAN | LEE D. HOFFMAN |
| SHEILA ANNE DENTON | HERBERT M. MOORIN | WILLIAM J. WENZEL | TRACY WHEELER LENNON |
| JAMES G. DOWLING, JR. | D. ROBERT MORRIS | BARRIE K. WETSTONE | MATTHEW B LUNDY |
| ANDREW C. GLASSMAN | ALAN S. PARKER | JAMES E WHITE, JR. | NORMA R. MANDULAK |
| LAWRENCE J. GOLDEN | MARIE W. PHELAN | DIANE W. WHITNEY | JULIE A. MORGAN |
| IRVE J. GOLDMAN | ELLIOTT B. POLLACK | MARJORIE WILDER | PETER S. OLSON |
| BARRY D. GREENE | MICHAEL G. PROCTOR | | GERALD C. PIA, JR. |
| NANCY A. D. HANCOCK | LEWIS RABINOWITZ | SAMUEL A. GILLILAND | MARY BETH KASPER RAPICE |
| JOSHUA A. HAWKS-LADDS | RICHARD C. ROBINSON | (1936-1994) | BRIAN C. ROCHE |
| DAVID O. JACKSON | THOMAS A. ROUSE | | LORI L. UNDERBERGER |
| GEORGE J. KASPER | GREGORY E SERVODIDIO | LAURA A. BELLOTTI | GWEN B WEISBERG |
| JOHN J. KINDL | RONALD CASE SHARP | CHRISTIAN D. BIETZ | MICHAEL L. WOLF |
| MICHAEL A. KURS | MARGARET M. SHEAHAN | ALLISON M. BOGOSIAN | AIMEE J. WOOD |
| NANCY DEFONCE LaPERA | JAMES T. SHEARIN | KATHERINE E. CAULFIELD | |
| | | ADAM J. COHEN | |

**Reply to:** Bridgeport
**Telephone:** (203) 330-2222
**E-Mail:** broche@pullcom.com

December 5, 2003

52308- 7010
corres

Stephen R. Risley, Esq.
Thomas, Kayden, Horstemeyer & Risley, LLP
100 Galleria Parkway, Suite 1750
Atlanta, GA 30339

   *Re:   Anton/Bauer, Inc. v. PAG, Ltd.*

Dear Mr. Risley:

   Pursuant to the Court's Order of November 20, 2003, we are writing to you with respect to outstanding discovery related to the implied license issue. In this regard, Anton/Bauer, Inc. ("Anton/Bauer") would request that the following discovery be answered by January 2, 2004, so that Anton/Bauer will be in a position to properly respond to PAG. Ltd.'s Motion for Summary Judgment in the event that the District Court permits that Motion to be renewed at a later stage of this litigation. Specifically, Anton/Bauer would request that the following Requests for Admissions from Anton/Bauer's September 10, 2003 discovery be answered: Requests Nos. 53-62, 66-68, 71-90, 92-99, 109-112, 113-114, 120-126, 129, and 132-141. Anton/Bauer would further request that responses be provided to Interrogatory Nos. 4, 6, 7, and 10 from its First Set of Interrogatories dated March 13, 2003 and Request for Production Nos. 1-2 from its First Request for Production dated March 13, 2003. With respect to Anton/Bauer's Second Set of Requests for Production dated August 14, 2003, Anton/Bauer seeks responses to Requests Nos. 16, 56 and 57. Finally, with respect to Anton/Bauer's Third Request for Production dated August 22, 2003, Anton/Bauer seeks responses to Requests Nos. 2 and 4. Any response should obviously be limited to the implied license issue.

   We intend to submit additional discovery directed to the implied license issue by the end of next week, as permitted under Judge Droney's ruling. We will also likely be noticing depositions related to this issue. In the meantime, please address the designated discovery set forth above.

EXHIBIT E
PAGE 1 OF 2

850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3006  FAX (203) 776-7075
720 HOPMEADOW STREET  SIMSBURY, CT 06070-2225  (860) 651-9348  FAX (860) 651-1431
200 PEQUOT AVENUE  P.O. BOX 510  SOUTHPORT, CT 06890-0510  (203) 254-5000  FAX (203) 254-5070
300 ATLANTIC STREET  STAMFORD, CT 06901-3522  (203) 324-5000  FAX (203) 363-8659
*www.pullcom.com*

**PULLMAN & COMLEY, LLC**

Page 2

It is Anton/Bauer's hope that this discovery can be conducted in a timely and cordial manner so as to avoid any further unnecessary motion practice in this matter. Should you wish to discuss any of these issues further, please do not hesitate to contact me.

Very truly yours,

Brian C. Roche

BCR/tmv
cc:     James T. Shearin, Esq.

EXHIBIT E
PAGE 2 OF 2

208

# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.

                            PLAINTIFF

        VS.

PAG, LTD.

                            DEFENDANT

        VS.

ANTON/BAUER,INC. AND
ALEX DESORBO

                            DEFENDANT

CIVIL ACTION
NO. 3:01-CV-577 (CFD)

February 10 , 2005

## PARTIES' STATUS REPORT

Pursuant to the Court's Order of January 21, 2005, Anton/Bauer, Inc. ("Anton/Bauer" or "Plaintiff"), and PAG, Ltd. ("PAG" or "Defendant"), submit this Joint Status Report with respect to this action.

**A.**    **Nature of the Case**

1.    Anton/Bauer is in the business of manufacturing battery packs especially designed for use with professional portable videocameras. Anton/Bauer commenced this action under the Patent Laws of the United States, 35 U.S.C. § 271, et seq., for infringement of United States Patent Number 4,810,204 ("the '204 Patent"). Specifically, Anton/Bauer contends that PAG's introduction of its PAG L-75 battery pack infringes on Claims 9 and 11 of the '204 Patent. As a result, Anton/Bauer seeks injunctive relief, as well as damages, costs, interest and attorneys' fees.

EXHIBIT F
PAGE 1 OF 12

In its Answer, PAG has raised counterclaims against Anton/Bauer for attempted monopolization under 15 U.S.C § 2, violation of 15 U.S.C. § 1125(a) (the Lanham Act, § 43(a)), violation of Conn. Gen. Stat. § 42-110b and § 42-110g ("CUTPA"), and for defamation. PAG further seeks a declaratory judgment on the basis of invalidity and noninfringement of the '204 Patent. Additionally, PAG filed a Third Party Complaint against Alex DeSorbo ("Mr. DeSorbo") asserting violations of Federal unfair competition, false description and false representations under 15 U.S.C. § 1125(a), violation of CUTPA, and for defamation. PAG seeks injunctive relief in addition to damages, costs, interest and attorneys' fees.

2.     On May 25, 2004, Anton/Bauer moved for summary judgment with respect to PAG's implied license defense. That Motion remains pending.

3.     There has been no jury demand in this action.

**B.     Discovery**

1.     General discovery is not completed. Prior to the filing of summary judgment referenced in Section A above, the parties engaged in a period of discovery limited solely to the implied license issue. By virtue of this Court's order dated November 20, 2003, all other discovery was stayed until the implied license issue was resolved. At this time, the parties anticipate that additional discovery will be necessary. It was the parties' contemplation that the Court would address additional discovery subsequent to the Court's ruling on the Motion for Summary Judgment.

EXHIBIT E
PAGE 2 OF 12

a. <u>Anton/Bauer's Position With Respect to Discovery</u>

Anton/Bauer believes that a limited period of additional discovery is necessary before this action is ready for trial. In this regard, Anton/Bauer will seek to gather relevant information with respect to the defenses raised by PAG in its Answer to the underlying Complaint. Moreover, Anton/Bauer will need to gather additional information concerning the factual predicate for the various counterclaims raised by PAG, as well as the purported damages flowing from same. As set forth above, PAG has also brought a Third-Party Complaint against Anton/Bauer's President, Mr. DeSorbo. Discovery directed towards the basis for these claims, liability and damages will need to be pursued. Anton/Bauer and Mr. DeSorbo anticipate that relevant information will be gathered directly from PAG by way of 30(b)(6) depositions concerning these issues. Some additional written discovery will also be necessary to explore these issues.

Anton/Bauer has already been forced to experience excessive delays with respect to the progress of this litigation. PAG's proposal with respect to discovery set forth below will unnecessarily delay this litigation in progressing towards trial. Much of the discovery that PAG now claims it needs to engage in could and should have been pursued during the implied license discovery period this Court already provided to the parties. Much of the discovery is irrelevant. Anton/Bauer should not be forced to now bear the consequences or expense of such discovery. Anton/Bauer and Mr. DeSorbo believe that discovery can readily be completed under the following schedule:

Fact Discovery -- 5 months

Expert Reports -- 30 days after close of discovery, if necessary

Expert Discovery -- 45 days after Expert Report submission deadline

EXHIBIT F
PAGE 3 OF 12

Upon the completion of this fact discovery period, as well as any necessary discovery related to expert witnesses, Anton/Bauer and Mr. DeSorbo believe that the Court should conduct a status conference to discuss any issues related to discovery and to ascertain whether a <u>Markman</u> hearing is necessary under the circumstances of this case, and to discuss what dispositive motions will be filed, if any. If necessary, issues related to scheduling in that regard can be formulated by the Court, with the parties input, at that time.

Anton/Bauer strenuously disagrees with PAG's statement below that the pending motion for summary judgment highlights the need for a <u>Markman</u> hearing. The invention and the construction of the term is readily apparent from the patent language, and no construction is necessary to deal with the limited issues raised in the motion.

b. <u>PAG's Position With Respect to Discovery</u>

PAG submits that additional discovery is necessary regarding Anton/Bauer's claim of infringement, as this case is still in the early substantive stages. On June 12, 2002, this Court issued a Preliminary Injunction enjoining PAG from advertising, marketing, and/or offering for sale the allegedly infringing device, PAG's L75 battery pack. PAG appealed the granting of the injunction to the Federal Circuit, who ultimately reversed this Court's preliminary injunction in May 2003. Thereafter, PAG moved for Summary Judgment, which, as indicated above, led to the Court instituting a limited and focused discovery period in November 2003. As also indicated above, Anton/Bauer filed a Motion for Summary Judgment after the limited discovery period on May 25, 2004, which is still pending.



EXHIBIT F
PAGE 4 OF 12

4

Consequently, the parties have essentially taken no discovery on the substantive issues of this case, namely, Anton/Bauer's infringement claims and PAG's counterclaims and defenses (other than implied license). The parties have not taken depositions on these issues, as Anton/Bauer and PAG were just beginning to exchange and respond to discovery requests when general discovery was halted. Time is needed to enable the parties to renew discovery requests, provide responses, produce documents, and take party depositions.

Neither PAG nor Anton/Bauer has taken third party discovery, including third party depositions, in relation to Anton/Bauer's infringement claims, PAG's counterclaims, and PAG's defenses. PAG anticipates that it will seek third party discovery, including depositions, from Frezzolini Electronics, Inc.; James Crawford, CEO of Frezzolini Electronics, Inc.; Energex Systems Corporation, Pana-Tek, Inc.; Cool-Lux Lighting Industries, Inc.; IDX Systems Technology, Inc.; one or more individuals associated with Aspen Electronics, Inc. prior to Aspen Electronics' purchase by Anton/Bauer, including Norman Kellogg; one or more of Anton/Bauer's Dealers and/or Distributors; one or more of Anton/Bauer's purchasers of an Anton/Bauer Gold Mount female plate, including representatives from Anton/Bauer's NBC, CNN, and/or ABC house accounts; '204 patent inventor Anton F. Wilson; one or more employees of Anton/Bauer, including Debra Browning, Shinichi Minowa, and Curt Dann; and Joop Janssen of Vitec Group PLC. This list is nonexhaustive, as discovery may lead to identification of additional entities from which PAG may desire discovery. Nevertheless, PAG submits that it needs approximately eight months to take this discovery in combination with discovery from Plaintiff Anton/Bauer and/or Defendant Alex DeSorbo.

EXHIBIT F
PAGE 5 OF 12

Anton/Bauer asserts above that PAG should have taken this discovery during the implied license discovery period. However, such discovery, which is directly related to Anton/Bauer's infringement claims and PAG's other defenses, was explicitly excluded by this Court's Order of November 20, 2003. For example, PAG was not permitted to take discovery during this time from any of Anton/Bauer's prior litigant defendants regarding prior art, claim construction issues, and/or issues relating to the invalidity or unenforceability of the '204 patent. PAG was also not permitted to take discovery from Anton/Bauer during the implied license discovery period regarding Anton/Bauer's damages claims and bases related thereto.

Anton/Bauer's pending Motion for Summary Judgment highlights the need for the Court to conduct a Markman hearing pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), and construe the asserted claims of the '204 patent. Anton/Bauer asserts above that no construction is necessary, but the Court cannot compare the claims of the '204 patent to the accused device until the claims have been construed as a matter of law. Federal Circuit authority is clear on this point. See e.g., Markman, 52 F.3d at 979 ("We ... hold that ... the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim.").

PAG requests a Markman hearing and submits that one is necessary in order to construe at least the following terms of the claims of the '204 patent:

1.   "or the like"

2.   "a plurality of depending slots"

3.   "one elongate terminal"

4.   "elongate in the same direction"

EXHIBIT F
PAGE 6 OF 12

5.    "a plurality of spaced headed projections"

6.    "head and leg portions"

7.    "elongated mating terminal"

8.    "one terminal within the mating terminal"

9.    "means ... for engaging"

10.    "relative movement"

11.    "path of movement"

As required by <u>Markman</u> and subsequent Federal Circuit precedent, each of these claim phrases must be construed by the Court so that the proper legal claim construction can be ascertained prior to any comparison to an alleged infringing device. It is crucial for the Court to conduct a <u>Markman</u> hearing to construe these claims terms because, for example, the "means ... for engaging" term must be construed as a matter of law according to the guidelines set out in 35 U.S.C. § 112, paragraph six, since it is a means-plus-function claim term.  Thus, PAG submits that the Court should conduct a <u>Markman</u> hearing to construe this and any other disputed claim terms.

In conjunction with briefs that may be submitted to the Court in advance of a <u>Markman</u> hearing, PAG anticipates that the parties will submit expert reports to assist the Court in interpreting the disputed claims.  Thus, prior to the <u>Markman</u> hearing but after submission of expert reports, the parties will need approximately two months to depose the other party's expert(s).

PAG anticipates that it can complete discovery under the following suggested schedule:

Open Discovery – 7 months

EXHIBIT F
PAGE 7 OF 12

7

Initial Expert Reports – Due 5 months after beginning of open discovery

Rebuttal Expert Reports – 20 days after Initial Expert Reports due

Expert Depositions – Period of 2 months after Expert Report submission deadline

Post-<u>Markman</u> Ruling Discovery – Period of 2 months after Court's <u>Markman</u> ruling is entered

**C.    <u>Settlement</u>**

1.    While this matter was  referred to Judge Garfinkle for a settlement conference on July 24, 2002, there have been no formal settlement conferences with the Court .  The parties had direct discussions in May and June of 2004.  They were unsuccessful in resolving this case.

2.    There are no outstanding reports due from either party with respect to the issue of settlement.

3.    Anton/Bauer suggests that a settlement conference be considered after a ruling is issued on its Motion for Summary Judgment directed towards PAG's implied license defense.  PAG submits that a more appropriate time for a settlement conference is after the Court construes the claims of the '204 patent.

**D.    <u>Trial Preparation</u>**

1.    With respect to trial readiness, the parties would note that the Court's Order of November 20, 2003, limited the focus of this case to PAG's implied license defense.

a. <u>Anton/Bauer's PositionAnton/Bauer's Position</u>

See discussion at Section B.1.a above.

b. <u>PAG's Position</u>


EXHIBIT F
PAGE 8 OF 12

8

As discussed above, additional discovery is necessary on the remaining issues of this case. PAG envisions that the Court will conduct a <u>Markman</u> hearing pursuant to <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967 (Fed. Cir. 1995), to construe the claims at issue.

PAG proposes the following briefing schedule in advance of the <u>Markman</u> hearing:

    (1)    Anton/Bauer's Claim Construction Brief — 6 months after beginning of open discovery;

    (2)    PAG's Responsive Claim Construction Brief — 30 days after filing of Anton/Bauer's Claim Construction Brief;

    (3)    Anton/Bauer's Reply Brief — 15 days after filing of PAG's Responsive Claim Construction Brief.

    (4)    PAG's Reply Brief — 5 days after filing of Anton/Bauer's Reply (limited only to newly raised issues in Anton/Bauer's Reply Brief, if any);

    (5)    <u>Markman</u> hearing – to be scheduled by Court

As indicated above, Anton/Bauer proposes a status conference after the close of expert discovery to discuss a Markman hearing and any other dispositive motions that the parties plan to file. PAG is not opposed to a status conference, but maintains that a Markman hearing is necessary and that the status conference should be held after the Court issues its Markman ruling construing the disputed claim terms.

2.    See responses to Nos. 1 & 3.

EXHIBIT _F_
PAGE 9 OF 12

9

3.      Anton/Bauer and Mr. DeSorbo would reserve the right to file additional Motions for Summary Judgment to address the counterclaims, cross-claims and remaining defenses to this suit, if the discovery suggests that those were appropriate under the circumstances. PAG envisions that the parties may file one or more Motions for Summary Judgment after the Court construes the disputed claim terms.    Like Anton/Bauer, PAG reserves the right to file additional Motions for Summary Judgment related to Anton/Bauer's claim of infringement, PAG's counterclaims, and/or PAG's defenses.

Anton/Bauer anticipates that this matter will be ready for trial within 45 days from a ruling on any additional Motions for Summary Judgment filed in this action.    PAG anticipates that this matter should be ready for trial within forty-five days from a ruling on any additional Motions for Summary Judgment filed after the Court construes the disputed claim(s) pursuant to <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967 (Fed. Cir. 1995).

4.      With respect to the filing of a trial memorandum, a scheduling order needs to be put in place with respect to this deadline. No joint trial memorandum has been filed because this case is not yet trial ready.

EXHIBIT F
PAGE 10 OF 12

PLAINTIFF/COUNTERCLAIM DEFENDANT
ANTON/BAUER, INC. and ALEX DeSORBO

By: *Brian C. Roche*
   James T. Shearin, Esq. – ct 01326
   Brian C. Roche, Esq. – ct 17975
   Pullman & Comley, LLC
   850 Main Street, P.O. Box 7006
   Bridgeport, CT  06601-7006
   Phone:  (203) 330-200
   Facsimile:  (203) 576-8888

   Allen D. Brufsky, Esq. – ct 04490
   475 Galleon Drive
   Naples, Florida 34102
   Telephone:    (239) 261-9393
   Facsimile:     (239) 261-9696

THE DEFENDANT
PAG, LTD.

By: _____
   Stephen R. Risley, Esq. – ct 22652
   J. Scott Culpepper, Esq. – ct 22653
   N. Andrew Crain, Esq. – ct 24514
   Thomas, Kayden, Horstemeyer &
   Risley, L.L.P.
   100 Galleria Parkway, Suite 1750
   Atlanta, Georgia 30339

EXHIBIT F
PAGE 11 OF 12

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record, via certified mail/return receipt requested.

Stephen R. Risley, Esq.
J. Scott Culpepper, Esq.
Thomas, Kayden, Horstemeyer & Risley, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339

Brien Horan, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06013

James T. Shearin – ct 01326
Brian C. Roche    – ct 17975

BPRT/57052.2/BCR/548095v1

EXHIBIT F
PAGE 12 OF 12

12

# PULLMAN & COMLEY, LLC
## ATTORNEYS AT LAW

JAMES T. SHEARIN
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p   203 330 2240
f   203 576 8888
jshearin@pullcom.com

January 3, 2006

**Via E-Mail and Regular Mail**

Meredith H. Ragains, Esq.
Robins, Kaplan, Miller & Ciresi, L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road N.E.
Atlanta, GA 30326-1119

Re:    Anton/Bauer, Inc. v. PAG, Ltd. v. Anton/Bauer, Inc. and Alex DeSorbo

Dear Attorney Ragains:

Thank you for your letter of December 27, 2005.

This case was filed on April 1, 2001. Since then, the parties have exchanged written discovery, undertaken several depositions and had the benefit of the discovery undertaken in conjunction with the preliminary injunction hearing and the implied license issue. The implied license defense is the only defense that PAG, to date, has asserted to the patent infringement claims on which it felt any confidence to file a motion for summary judgment. When it filed that motion, it said that no discovery was necessary in the case. PAG's motion for summary judgment was denied on November 20, 2003. The court then gave it permission to conduct discovery on the implied license issue only. No other discovery was permitted.

Consequently, I do not agree that discovery should be undertaken at this late date.

Very truly yours,

James T. Shearin

JTS:ljb
cc:    Alex DeSorbo
       Allen Brufsky, Esq.

EXHIBIT _G_
PAGE _1_ OF _1_

Bridgeport/57052.2/JTS/583864v1

**BRIDGEPORT      GREENWICH      HARTFORD      STAMFORD      WESTPORT      WHITE PLAINS**