UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC. | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. 3:01-CV-577 |
| | ) | (CFD) |
| vs. | ) | |
| | ) | |
| PAG, LTD. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTON/BAUER, INC. AND | ) | |
| ALEX DESORBO | ) | |
| Defendant | ) | MARCH 10, 2006 |

**ANTON/BAUER, INC.'S MEMORANDUM IN OPPOSITION
TO PAG'S MOTION TO ALLOW FOR A GENERAL DISCOVERY PERIOD**

The Plaintiff, Anton/Bauer, Inc. ("Plaintiff" or "Anton/Bauer"), submits this memorandum in opposition to the Defendant's, PAG, Ltd. ("Defendant" or "PAG"), Motion to Allow for a General Discovery Period [doc. # 170].   The purported basis for PAG's untimely request is contained in merely two paragraphs of its eleven page memorandum of law.  (See PAG's Mem. of Law in Supp. of Mot. to Allow for General Discovery Period at pp. 9-10 [hereinafter, "PAG's Mem."].)  First, PAG claims that it has somehow been precluded from conducting sufficient discovery over the past five years. Anton/Bauer respectfully disagrees.   Second, PAG represents that Anton/Bauer indicated in the past that it desired additional discovery.  Given the excessive passage of time, however, Anton/Bauer now seeks to move forward with this case as it will only

be prejudiced by further delays.  For all these reasons, as set forth more fully below, the Defendant's motion should be denied.

## I.    BACKGROUND

On **April 10, 2001**, Anton/Bauer initiated this action raising claims under the Patent Laws of the United States, 35 U.S.C. § 271, et seq., for infringement of United States Patent Number 4,810,204 ("the '204 Patent").    Specifically, Anton/Bauer contends that PAG's introduction of its PAG L-75 battery pack infringes on Claims 9 and 11 of the '204 Patent.  As a result, Anton/Bauer sought injunctive relief, as well as damages, costs, interest and attorneys' fees.

In its Answer, PAG raised counterclaims against Anton/Bauer for attempted monopolization under 15 U.S.C § 2, violation of 15 U.S.C. § 1125(a) (the Lanham Act, § 43(a)), violation of Conn. Gen. Stat. § 42-110b and § 42-110g ("CUTPA"), and for defamation.  PAG further sought a declaratory judgment on the basis of invalidity and noninfringement of the '204 Patent.  Additionally, PAG filed a Third Party Complaint against Alex DeSorbo ("Mr. DeSorbo"), the President of Anton/Bauer, asserting violations of Federal unfair competition, false description and false representations under 15 U.S.C. § 1125(a), violation of CUTPA, and for defamation.  PAG sought injunctive relief in addition to damages, costs, interest and attorneys' fees.

## II.   DISCUSSION

This matter has now been pending almost five years.   Given this fact, Anton/Bauer seeks to resolve this dispute as expeditiously as possible.   By its most recent motion, however, PAG seeks to now engage in an eight-month long period of what it defines as "general discovery."   PAG's request in this regard in nothing more than a delaying tactic.   Given the length of time that has elapsed in this litigation to date, the '204 Patent is on the eve of expiration.[1]   This event is of no small import.   In fact, PAG's proposed discovery appears to be nothing more than a thinly-veiled attempt to push the trial of this action into 2007, after the '204 patent has in fact expired.

Anton/Bauer has already been forced to experience excessive delays with respect to the progress of this litigation.   PAG's proposal with respect to discovery will unnecessarily delay this litigation even further.   Furthermore, much of the discovery that PAG now claims it needs to engage in could and should have been pursued prior to the filing of PAG's latest motion.

As this Court is well aware, Anton/Bauer's Motion for Summary Judgment was denied on September 20, 2005.   PAG's representation that motions for summary judgment remain pending is flatly wrong.   (See Def.'s Mem. at p. 6.)   If PAG believed that additional discovery in this action was necessary, it should have pursued and/or requested the Court's leave to engage in this discovery in September of 2005.   PAG

---

[1]     The '204 Patent will expire in approximately nine months.

failed to do so.  In fact, PAG's counsel did not even bother to raise this issue with Anton/Bauer's counsel until December, 2005, almost 3 months after the Court's decision denying Anton/Bauer's motion for summary judgment.  At that time, Anton/Bauer advised that it did not believe that additional discovery was necessary given the time that elapsed in this litigation.  Despite that fact, PAG waited an additional two months to file the instant motion.  PAG's 5 month delay in requesting this discovery should not be condoned under the circumstances of this case.  Moreover, Anton/Bauer should not be forced to now bear the consequences or expense of such discovery.

This is not a situation where no discovery has been conducted over the past five years.  The parties early on engaged in written discovery.  Moreover, each party has had the benefit of conducting a 30(b)(6) deposition in this action during the course of implied license discovery.  Additional written discovery was exchanged at that time.  The parties also engaged in a preliminary injunction hearing, which provided a method for fact gathering not available as a matter of course.

This Court will recall that as far back as 2003, PAG moved for summary judgment on its implied license defense and claimed that <u>no additional discovery was necessary</u>.  In fact, this is the only defense that PAG has vigorously asserted throughout this litigation.  At this late juncture, PAG certainly has enough information to move forward on the basis of this defense.

The Court will further recall the past occasions where PAG has taken the position that no further discovery should be allowed on the basis of the length of time and

4

procedural posture of the litigation. (See PAG's Reply Brief in Supp. of its Renewed Mot. for Summ. J. [doc. # 109] (relevant portions attached hereto as Ex. A); PAG's Mot. for Protective Order to Preclude Discovery in Light of Dispositive Ruling [doc. #111] (relevant portions attached hereto at Ex. B.) Against this background, PAG's instant request rings hollow.

Finally, as noted above, PAG's memorandum also makes reference to discovery regarding its own counterclaims and third-party complaint. Given that PAG has alleged these claims, one can naturally assume that PAG had the required factual/good faith basis to do so. PAG should not be allowed to premise its instant motion on PAG's belief that Anton/Bauer somehow may need additional discovery on these claims. That is a decision to be made by Anton/Bauer alone.

## III.    CONCLUSION

As the Plaintiff in this action, Anton/Bauer seeks to move this case forward to an ultimate resolution. The Defendant's instant request will only impede any progress in that regard and prejudice the Plaintiff. Given the fact that this case was commenced in 2001, as well as the Defendant's 5 month delay in requesting this relief, Anton/Bauer submits that this motion should be denied.

To the extent the Court is inclined to allow the parties to engage in some discovery going forward, the Plaintiff would request that such discovery be limited in both time and scope to the genuine claims at issue in this litigation. In this regard, the Court should limit the number of depositions and written discovery in an effort to fast-

track this case to a resolution.  The parties should not be allowed to engage in a fishing expedition at this stage of the litigation.

THE PLAINTIFF
ANTON/BAUER, INC.

By: _____

James T. Shearin, Esq. – ct 01326
Brian C. Roche, Esq. – ct 17975
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
Phone:     (203) 330-200
Facsimile: (203) 576-8888
E-Mail      jtshearin@pullcom.com
                  broche@pullcom.com

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on the date hereon to all counsel and pro se parties of record:

Stephen R. Risley, Esq.
J. Scott Culpepper, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
950 East Paces Ferry Road NE
2600 One Atlanta Plaza
Atlanta, Georgia 30326

Jason M. Kuselias
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

James T. Shearin – ct 01326
Brian C. Roche – ct 17975

Bridgeport/57052.2/BCR/589638v1

7

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC.,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| PAG LIMITED<br>    Defendant, | )<br>)<br>) | Civil Action<br>File No.: 3:01-CV-577-CFD |
| v. | )<br>) | |
| ANTON/BAUER, INC. and ALEX<br>DESORBO, | )<br>)<br>) | |
|     Counterclaim and Third Party<br>    Defendants | )<br>)<br>) | |

**DEFENDANT, PAG LIMITED'S, REPLY BRIEF IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGEMENT**

**I.      INTRODUCTION**

Defendant, PAG Limited's ("PAG"), Motion for Summary Judgment should be granted.

Plaintiff, Anton/Bauer, Inc. ("Anton/Bauer"), has admitted to, and stipulated to, *all* of the facts

necessary to satisfy both elements of PAG's implied license defense.  Thus, there are no "material"

facts in dispute.

The law is also undisputed.  In its appellate review of the preliminary injunction issued in

this case, the Federal Circuit clearly set forth the law of PAG's implied license defense.  Based on

the undisputed factual and legal record, and the Federal Circuit's guidance, PAG's motion for

summary judgment must be granted as a matter of law.

Despite its post-reversal efforts to now dispute the previously undisputed, stipulated, and

admitted factual record before this Court, Anton/Bauer cannot change the fact that it presented and

1

argued the same undisputed, stipulated, and admitted facts *to this Court* no less than *three different times*. Based on the previously undisputed, stipulated, and admitted factual record: (1) the parties fully briefed Anton/Bauer's motion for a preliminary injunction - twice; (2) the Court held hearings regarding Anton/Bauer's motion for a preliminary injunction - three times; (3) both parties filed summary judgment motions based on the same undisputed factual record; (4) this Court ruled on Anton/Bauer's motion for a preliminary injunction; (5) Anton/Bauer filed a motion to stay the summary judgment motions pending the Federal Circuit's review of the preliminary injunction based on Anton/Bauer's representation that the Federal Circuit's decision is "dispositive" of the summary judgment motions; and (6) both parties briefed and argued the appeal of the preliminary injunction before the Federal Circuit.

Despite the 2 ½ year history of this case, and, more importantly, the 2 ½ year undisputed factual record of this case, Anton/Bauer now asks this Court to ignore its prior admissions and stipulations so that Anton/Bauer may now allege "new" facts that will eviscerate all of the work that this Court, the Federal Circuit, and the parties have done over the last 2 ½ years based upon the previously undisputed, stipulated, and admitted factual record.

The only "new" relevant fact, however, is that Anton/Bauer lost the appeal. Indeed, Anton/Bauer's "new" facts are "old" facts that Anton/Bauer possessed and knew about prior to filing this lawsuit, prior to moving for a preliminary injunction, prior to filing its motion for summary judgment, prior to filing its motion to stay, and prior to arguing the appeal before the Federal Circuit.

PAG respectfully submits, that the Court should not allow Anton/Bauer to eviscerate the 2 ½ year undisputed, stipulated, and admitted factual record of this case. Had Anton/Bauer won the appeal, Anton/Bauer would stand by its prior representation to this Court that the Federal Circuit's

2

decision is "dispositive" of the parties' respective summary judgment motions. Now that it has lost

the appeal, however, this Court cannot allow Anton/Bauer to walk away from its numerous prior

admissions and representations. PAG's renewed motion for summary judgment should be granted.

## II.    LEGAL ARGUMENT AND CITATION OF SUPPORTING AUTHORITY

### A.    Anton/Bauer Admitted And Stipulated To The Material Facts That Establish PAG's Implied License Defense

In its decision reversing the preliminary injunction, the Federal Circuit held that "a

patentee grants an implied license to a purchaser when (1) the patentee sells an article that has no

noninfringing uses and (2) the circumstances of the sale plainly indicate that the grant of a license

should be inferred." Anton/Bauer, Inc. v. PAG, Ltd., 329 F.2d 1343, 1350 (Fed. Cir. 2003),

reh'g denied. Anton/Bauer has *already* admitted and stipulated to facts that satisfy each element

of the implied license test. Thus, as no "material" facts are in dispute, PAG's Motion for

Summary Judgment should be granted.

#### 1.    Anton/Bauer Admitted And Stipulated That Its Female Plate Has No Non-Infringing Use

Now that Anton/Bauer has lost the appeal that it said is "dispositive" of its infringement

allegation, Anton/Bauer wants to ignore its "dispositive" statement and the 2 ½ year undisputed,

stipulated, and admitted record – all in a last gasp effort to overcome PAG's implied license

defense. Anton/Bauer's prior admissions, stipulations, and representations that its female plates

have no non-infringing use, however, are party admissions and statements against interest that

are binding on Anton/Bauer.

     i.     **Anton/Bauer's Local Rule 9(c)(1) Statement Admits That**
              **There Is No Non-Infringing Use Of Its Female Plate**

In Anton/Bauer's Cross Motion for Summary Judgment, Anton/Bauer adopted the same

Local Rule 9(c)(1) Statement that PAG previously filed with PAG's summary judgment motion.

See DX "A," Docket Entry No. 49, Plaintiff Anton/Bauer's Brief in Support of Anton/Bauer,

Inc.'s Cross Motion for Summary Judgment at Exhibit "B;" see also DX "B," Docket Entry Nos.

41-43, PAG's Motion for Summary Judgment at Exhibit "A."

More specifically, Anton/Bauer expressly adopted and admitted the undisputed fact set

forth in paragraph 25, which states: "Plaintiff's 'female plate' has no non-infringing uses." DX

"A," Docket Entry No. 49, Plaintiff Anton/Bauer's Brief In Support of Anton/Bauer, Inc.'s Cross

Motion of Summary Judgment at Exhibit "B," page 5.  In light of this admission, the first

element of the implied license test is satisfied.  See Anton/Bauer, 329 F.3d at 1351 (holding that

the first element of the implied license test is met).

     ii.     **Anton/Bauer's Failure To Dispute PAG's Local Rule 9(c)(1)**
              **Statement Also Constitutes An Admission**

The Local Rules of this Court mandate that "[a]ll material facts set forth in said statement

[a movant's statement of undisputed facts] will be deemed admitted unless controverted by the

statement required to be filed by the opposing party...."  Local Rule 56(a)(1).[1]  In response to

PAG's motion for summary judgment, Anton/Bauer failed to file a Local Rule 9(c)(2) Statement

(now renumbered as Local Rule 56(a)(2)) controverting any of the undisputed facts set forth in

PAG's 9(c)(1) Statement.  Thus, per Local Rule, PAG's entire 9(c)(1) Statement, including the

fact that Anton/Bauer's female plate has no non-infringing use, must be deemed admitted facts.

---

[1] The Local Rules have been renumbered such that previous Local Rule 9(c)(1) is now Local
Rule 56(a)(1).

In light of this deemed admission, the first element of the implied license test is satisfied.  See Anton/Bauer, 329 F.3d at 1351 (holding that the first element of the implied license test is met).

### iii.    Anton/Bauer Has Repeatedly Represented To This Court That Its Female Plate Has No Non-Infringing Use

In addition to Anton/Bauer's admission and stipulation that its female plates have no non-infringing use, Anton/Bauer has also represented to this Court at least *three different times* that its female plates have no non-infringing use:

> ▷ the "female and the male plates have no use at all until and unless they are combined with one another."

DX "A," Docket Entry No. 49, Anton/Bauer's Cross Motion for Summary Judgment at 4 (emphasis added).

> ▷ the "unpatentable individual components of the patented '204 connection (the male and female plates) would not be individually covered by the claims of the '204 patent, but in view of the fact that they have no other use but as a practical matter to be used in an infringing '204 combination...."

DX "C," Docket Entry No. 51, Plaintiff, Anton/Bauer, Inc.'s Memorandum of Law In Response to the Court's April 16, 2002 Order, at 4 (emphasis added).

> ▷ the "combination of the '204 [patent] consists of its two primary elements - *both in and of themselves not staple articles of commerce* and *neither suitable for any non-infringing use*."

DX "D," Docket Entry No. 53, Plaintiff, Anton/Bauer, Inc.'s Memorandum of Law Concerning Combination Patents at 6 (italics in original, underline added).  In light of these three representations, the first element of the implied license test is satisfied.  See Anton/Bauer, 329 F.3d at 1351 (holding that the first element of the implied license test is met).

## 2. Anton/Bauer Also Stipulated To The Second Element Of The Implied License Test - Its Female Plate Sales Are Made Without Restriction

As set forth above, the second element of the implied license defense is that Anton/Bauer's sales of its female plate are made without restriction. See Anton/Bauer, 329 F.3d at 1350. This second element of the implied license test is also satisfied. Indeed, based upon the undisputed, stipulated, and admitted factual record, this Court already found that "Anton/Bauer does not expressly restrict the use of its products containing a 'female plate' with otherwise unauthorized parts...." DX "F," Docket Entry No. 58, U.S. District Judge Droney's Ruling On Motion For Preliminary Injunction at 13. Thus, based on Anton/Bauer's previous admissions and representations, this Court has already found that Anton/Bauer's sells its female plate without restriction.

### i. Anton/Bauer's Summary Judgment Pleadings Admit Unrestricted Sales

Anton/Bauer has also repeatedly admitted that its sales of its female plate are made without restriction. In its Cross Motion for Summary Judgment, Anton/Bauer admitted that:

> 26.    When plaintiff sells its female plates to OEM video camera manufactures, it does not inform or advise such OEM video camera manufacturers that purchasing end users of the OEM video camera manufacturers' cameras will infringe the '204 patent if said end users connect a male plate, other than plaintiff's male plate, to plaintiff's "female plate."

> 27.    When plaintiff sells its "female plate" to ultimate end users directly or through its distribution network, plaintiff does not inform or advise the ultimate end user that connecting a male plate other than plaintiff's male plate to plaintiff's "female plate" with "releasable locking means" will infringe the '204 patent.

DX "A," Plaintiff Anton/Bauer's Brief In Support Of Anton/Bauer, Inc.'s, Cross Motion For Summary Judgment at 3 (Anton/Bauer's statement of undisputed facts are set forth in Exhibits A

& B (Exhibit B is PAG's Local Rule 9(c)(1) Statement Of Undisputed Facts, which Anton/Bauer adopted)).

Anton/Bauer also failed to controvert these same two factual statements when it responded to PAG's summary judgment motion and PAG's Local Rule 9(c)(1) Statement Of Undisputed Facts, which contains identical paragraphs. As Anton/Bauer has twice admitted that it sells its female plate without restriction, Anton/Bauer has admitted that the second element of the implied license defense is satisfied. Summary judgment should therefore be entered in favor of PAG because both elements of the implied license defense are satisfied. See Anton/Bauer, 329 F.3d at 1351 (holding that PAG cannot be an infringer as a matter of law because both elements of the implied license defense are satisfied).

### ii.    Anton/Bauer's Federal Circuit Opposition To PAG's Motion To Stay Admitted Unrestricted Sales

In addition to its admissions before this Court regarding unrestricted sales, Anton/Bauer also represented to the Federal Circuit that "Anton/Bauer does not expressly restrict use of its products containing a 'female plate' with otherwise unauthorized parts...." DX "E," Appellee, Anton/Bauer, Inc. and Alex Desorbo's Reply to Appellant, PAG Limited's Rule 8 Motion to Stay the District Court's Preliminary Injunction Order Pending the Appeal to This Court [the Federal Circuit] at 6.

Thus, Anton/Bauer's own admissions before this Court and the Federal Circuit clearly show that its sales of its female plate are made without restriction. Summary judgment should therefore be entered in favor of PAG because both elements of the implied license defense are satisfied. See Anton/Bauer, 329 F.3d at 1351 (holding that PAG cannot be an infringer as a matter of law because both elements of the implied license defense are satisfied).

**B.    Anton/Bauer's Allegedly "New" Facts Are "Old" News**

Now that it has lost the appeal, and the Federal Circuit has held that PAG cannot infringe

Anton/Bauer's patent as a matter of law, Anton/Bauer would have this Court believe that the

there are "new" facts in dispute that purportedly breathe life into a lawsuit for which there has

already been a "dispositive" ruling.  See DX "G," Docket Entry No. 82, Plaintiff, Anton/Bauer,

Inc.'s Motion To Stay Proceedings at 1 (Anton/Bauer asserted that the Federal Circuit's "ruling

on the principal issue presented on appeal, i.e. whether there is infringement of Anton/Bauer's

patents under 35 U.S.C. §271(b) and 35 U.S.C. §271(c), _will be dispositive of this_

_action_.")(emphasis added); DX "H," Docket Entry No. 90, Plaintiff, Anton/Bauer, Inc.'s Motion

in Response to Defendant, PAG Limited's Opposition to Plaintiff, Anton/Bauer's Motion to Stay

Proceedings and Motion for Protective Order at 6 ("the determination by the Court of Appeals

would _be dispositive of the issue of infringement_....")(emphasis added).

Anton/Bauer's desperate pleas, however, are baseless.  All of the allegedly "new" facts

proffered by ·Anton/Bauer in its Response Memorandum to PAG's Renewed Motion For

Summary Judgment have been in existence for years.  In fact, Anton/Bauer's allegedly "new"

facts pre-date: (1) the filing of this lawsuit; (2) the filing of Anton/Bauer's motion for a

preliminary injunction; (3) the filing of the parties' respective summary judgment motions; and

(4) the entire appellate process.

All of Anton/Bauer's "new" evidence is really just "old" news that was available to

Anton/Bauer years ago - _before_ this Court issued its preliminary injunction - and _before_ the

Federal Circuit issued its "dispositive" ruling.  It simply is too late for Anton/Bauer to try and

undue the 2 ½ years of litigation, party admissions, stipulations, findings of fact, and conclusions

of law based upon _old_ facts that have been existence throughout the course of this lawsuit.

**C.     Conservation Of Judicial (And PAG's) Resources Mandate That
Anton/Bauer Should Not Be Permitted To Change The Facts Now**

It is highly unfair and taxing on the resources of this Court, the Federal Circuit, and PAG
for Anton/Bauer to proffer "new" facts at this late stage of the proceedings, especially since all of
the purportedly "new" facts were known to Anton/Bauer *before* this litigation began, and the
Federal Circuit has now issued its "dispositive" ruling.

Anton/Bauer could have proffered its "new" facts before this Court issued its preliminary
injunction ruling, before the parties filed their respective summary judgment motions, and before
the Federal Circuit issued its dispositive ruling.  If the Court allows Anton/Bauer to introduce its
allegedly "new" facts now, with all of the history of this case, and in direct contradiction of all of
Anton/Bauer's party admissions, stipulations, and representations, all of the work that has been
done to date will have been a BIG waste of time, energy, and money.

PAG implores the Court to not condone Anton/Bauer's transparent attempt to raise "new"
facts now, after the Federal Circuit has issued its "dispositive" ruling – a ruling that Anton/Bauer
lost.

## III.   CONCLUSION

For the above-stated reasons, and also for the reasons set forth in PAG's Renewed Motion For Summary Judgment, PAG respectfully requests this Court to grant PAG's Renewed Motion for Summary Judgement.

Respectfully submitted this 17th day of July, 2003.

Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
N. Andrew Crain (ct24514)
THOMAS, KAYDEN, HORSTEMEYER
    & RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Brien P. Horan (ct06870)
ROBINSON & COLE, L.L.P.
280 Trumbell Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Counsel for PAG, Limited

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC.,<br>　　　Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PAG LIMITED<br>　　　Defendant, | ) ) ) | Civil Action<br>File No.: 3:01-CV-577-CFD |
| v. | ) ) | |
| ANTON/BAUER, INC. and ALEX<br>DESORBO, | ) ) ) | |
| 　　　Counterclaim and Third Party<br>　　　Defendants | ) ) ) ) | |

## CERTIFICATE OF SERVICE

I certify that on the 17th day of July, 2003, a true and correct copy of the above and foregoing "DEFENDANT PAG LIMITED'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGEMENT" was served on the following counsel of record:

Allen D. Brufsky, Esq.
FERRELL SCHULTZ CARTER ZUMPANO & FERTEL
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325

and

Brian C. Roche
PULLMAN & COMLEY, LLC
850 Main Street
Bridgeport, Connecticut 06604

by depositing a copy of the same in the United States mail with sufficient first class postage.

N. Andrew Crain (ct24514)
Counsel for PAG, Limited

11

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC., )<br><br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>PAG, LTD. )<br>    )<br>    Defendant, Counterclaim and )<br>    Third Party Plaintiff, )<br>    )<br>v. )<br>    )<br>ANTON/BAUER, INC. and )<br>ALEX DESORBO, )<br>    )<br>    Counterclaim and Third )<br>    Party Defendants. )<br>    ) | CIVIL ACTION NO.<br>3:01-CV-577-CFD |

## DEFENDANT PAG LIMITED'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DISCOVERY IN LIGHT OF THE "DISPOSITIVE" RULING

Defendant PAG, Limited ("PAG") hereby moves the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 37 for a protective order to preclude discovery on the infringement issue in light of the Federal Circuit's dispositive ruling. Specifically, the Court should grant this protective order because (1) the Court of Appeals for the Federal Circuit has already issued a dispositive ruling under the relevant facts that PAG cannot be liable to Anton/Bauer for patent infringement (contributory and/or inducement infringement) as a matter of law; and (2) those relevant facts have either been previously admitted, stipulated, and/or represented to this Court and also have not changed since prior to the commencement of this litigation.

Nevertheless, Anton/Bauer is of the position that discovery should proceed on its infringement allegations, including PAG's implied license defense. Plus, Anton/Bauer has threatened to move this Court to compel such production and to seek monetary sanctions therefor, which is another reason that PAG now seeks relief from the Court.

The facts and law supporting PAG's motion are set forth in "PAG's Memorandum In Support Of Its Motion for Protective Order to Preclude Discovery in Light of the Dispositive Ruling," filed herewith. Accordingly, because Anton/Bauer has already admitted, stipulated, and/or represented to this Court all of the facts that satisfy PAG's implied license defense as a matter of law, PAG's Motion for Protective Order should be GRANTED, thereby precluding discovery on the infringement issue in view of the Federal Circuit's dispositive ruling.

Respectfully submitted this 1st day of August, 2003.

Stephen R. Risley  (ct22652)
J. Scott Culpepper  (ct22653)
N. Andrew Crain (ct24514)
THOMAS, KAYDEN, HORSTEMEYER
    & RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Brien P. Horan (ct06870)
ROBINSON & COLE, LLP
280 Trumbell Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299

Counsel for Defendant and Third-Party
Plaintiff, PAG Limited

2

## CERTIFICATION

PAG hereby certifies that it has in good faith attempted to resolve this dispute with Anton/Bauer without court intervention, the evidence of which is contained in the memorandum filed herewith. Anton/Bauer has demanded responses to discovery to which PAG contends it should not have to respond. Furthermore, Anton/Bauer has most recently threatened to move to compel production of this discovery and to seek sanctions against PAG for what Anton/Bauer characterizes as discovery violations. Hence, the parties need guidance from the Court on this issue, which is the pretence for PAG's current motion.

Stephen R. Risley  (ct22652)
J. Scott Culpepper  (ct22653)
N. Andrew Crain  (ct24514)
THOMAS, KAYDEN, HORSTEMEYER
  & RISLEY, L.L.P.
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,                         )
    Plaintiff,                             )
                                           )    CIVIL ACTION NO.
v.                                         )    3:01-CV-577-CFD
                                           )
PAG, LTD.                                  )
    Defendant, Counterclaim and            )
    Third Party Plaintiff,                 )
                                           )
v.                                         )
                                           )
ANTON/BAUER, INC. and                      )
ALEX DESORBO,                              )
    Counterclaim and Third                 )
    Party Defendants.                      )
_____ )

### CERTIFICATE OF SERVICE

I certify that on the 1st day of August, 2003, a true and correct copy of the above and foregoing "DEFENDANT PAG LIMITED'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DISCOVERY IN LIGHT OF THE "DISPOSITIVE" RULING" was served on the following counsel of record:

Allen D. Brufsky, Esq.
FERRELL SCHULTZ CARTER ZUMPANO & FERTEL
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325

and

Brian C. Roche
PULLMAN & COMLEY, LLC
850 Main Street
Bridgeport, Connecticut 06604

by depositing a copy of the same in the United States mail with sufficient first class postage.

N. Andrew Crain (ct24514)
Counsel for PAG, Limited

4