IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.,<br>    Plaintiff,<br><br>v.<br><br>PAG, LTD.,<br>    Defendant,<br><br>v.<br><br>ANTON/BAUER, INC. and ALEX<br>DESORBO,<br>    Counterclaim and Third Party<br>    Defendants | Civil No.: 3:01CV-577 (CFD)<br><br><br><br><br><br><br><br><br><br><br>MARCH 27, 2006 |

## DEFENDANT PAG, LTD.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO ALLOW FOR A GENERAL DISCOVERY PERIOD

In this matter, PAG has not had the benefit of discovery to gather evidence related to its defenses against Anton/Bauer's claims, its counterclaims against Anton/Bauer or its third-party claim against Alex DeSorbo. This is a complete violation of the discovery rules set forth in the Federal Rules of Civil Procedure, which were enacted to counter situations just like this—where parties were subject to trial by ambush. If this matter were to go to trial without a general discovery period, PAG would be wholly prejudiced because it did not have the opportunity to gather the evidence to defend against Anton/Bauer's claims nor to prosecute its own claims.

In addition to the inherent problems in failing to have a discovery period, Anton/Bauer fails to show why a discovery period should not go forward in this matter. First, Anton/Bauer failed to dispute key showings made by PAG in its Motion to Allow for a General Discovery Period. Second, Anton/Bauer made numerous misstatements to this Court related to the facts of

this matter. As requested by PAG in its initial Motion, this Court should allow the parties to conduct general discovery for an eighth month period.

   A.   **Anton/Bauer Fails to Dispute Key Facts Shown by PAG in its Motion.**

In Plaintiff Anton/Bauer, Inc.'s ("Anton/Bauer") response to PAG's Motion to Allow for a General Discovery Period, Anton/Bauer does not—and cannot—dispute the following:

- That as late as February 2005, Anton/Bauer acknowledged that that parties have not taken general discovery in this matter;

- That pursuant to this Court's November 20, 2003 Order, the parties have only engaged in discovery related to one discreet issue—PAG's implied license defense;

- The parties have taken no discovery related to Anton/Bauer's infringement claims;

- The parties have taken no discovery related to PAG's counterclaims against Anton/Bauer;

- The parties have taken no discovery related to PAG's third-party claims against Alex DeSorbo ("DeSorbo"); and

- That other than the implied license defense, the parties have taken no discovery related to PAG's defenses.

First, Anton/Bauer does not explain how—within one year—it takes a conflicting position regarding discovery.[1] As stated above, in February 2005 Anton/Bauer notified this Court that it needed a discovery period to gather evidence. DX "F," Parties Joint Status Report attached to PAG's Memorandum in Support of Motion to Allow Discovery Period. Specifically, Anton/Bauer stated that, through written discovery and 30(b)(6) depositions, it needed discovery

---

[1] To the extent Anton/Bauer explains its conflicting position related to discovery arises out of its concern for delay, PAG deals with that issue later in this Reply Brief. See infra. pp. 5-6.

2

related to PAG's defenses; PAG's counterclaims; PAG's claim for damages; PAG's third-party claims against DeSorbo; and PAG's claim for damages against DeSorbo.[2] Id. Additionally, Anton/Bauer does not—because it cannot—dispute that it has not taken this discovery.

Second, Anton/Bauer does not specifically dispute that the parties only conducted discovery related to PAG's implied license defense. Instead, Anton/Bauer simply contends—in very general terms—that the parties have "conducted discovery." Specifically, Anton/Bauer states that the parties have "engaged in written discovery" although admitting that the parties "conduct[ed] a 30(b)(6) deposition . . . **during the course of implied license discovery.**" (Anton/Bauer's Opposition Brief, p. 4)(emphasis added). Anton/Bauer's general statement that the parties have conducted discovery is wholly misleading—while the parties did conduct discovery, it was entirely related to PAG's implied license defense pursuant to this Court's November 20, 2003 Order.[3]

### B.   Anton/Bauer Misrepresents Numerous Facts to this Court.

Anton/Bauer misrepresents numerous facts in its Opposition Brief. Specifically, Anton/Bauer makes that following misstatements:

(1)   The preliminary injunction hearing provided PAG a method for fact-gathering;

(2)   That PAG moves for a discovery period to delay the trial of this matter because the U.S. Patent No. 4,810,204 ("the '204 patent") expires in the year 2007;

---

[2] Importantly, Anton/Bauer requested this discovery—while its motion for summary judgment was pending—to use after this Court ruled on the summary judgment motion.

[3] In fact, if the parties had conducted discovery on any matter other than PAG's implied license defense, certainly Anton/Bauer would have attached to its Opposition Brief interrogatory responses, document requests, some of the documents produced, and deposition notices. Anton/Bauer did not because no discovery on other issues in this lawsuit has been taken. Additionally, during the deposition of Anton/Bauer's 30(b)(6) witness, Alex DeSorbo, by Stephen Risley ("Risley"), counsel for Anton/Bauer repeatedly objected to Risley's questions as being outside the scope of the implied license defense. DX "A", Excerpts from DeSorbo's Deposition.

(3) That when PAG moved for summary judgment on its implied license defense, it claimed that no additional discovery was necessary; and

(4) That PAG has taken the position that no further discovery should be permitted in other filings before this Court.

PAG now shows that every one of Anton/Bauer's contentions is a complete misstatement of the facts of this case.

### 1. The Preliminary Injunction Hearing Was Not Discovery.

Anton/Bauer contends that the preliminary injunction hearing provided a method for fact-finding. As Anton/Bauer knows, however, the issues before this Court during the preliminary injunction were whether PAG was both a contributory infringer and induced infringement of the '204 patent. As for its claim that PAG is a contributory infringer, Anton/Bauer argued that PAG sought to cause infringement by supplying a third party with the means and directions to infringe the '204 patent. Additionally, Anton/Bauer claims that PAG actively induced infringement because it actively aided and abetted a third party's direct infringement of the patent.

In this Court's April 19, 2001 Order, this Court set down a hearing on the Motion for Preliminary Injunction.[4] DX "C" April 19, 2001 Order. The Court gave notice to the parties that it would allow witnesses to testify during the hearing and allow the parties to present exhibits as its evidence. Id. The court did not, however, allow the parties to conduct discovery on Anton/Bauer's motion. Anton/Bauer presented testimony by affidavit only. Prior to the hearing, however, PAG did not have the opportunity to depose either witness. To the extent Anton/Bauer claims that DeSorbo's and Wilson's testimony was discovery, that is certainly not the case.

---

[4] The Court modified this April 19, 2001 Order in its May 3, 2001 Order, which simply extended the oral argument for the preliminary injunction motion until June 14, 2001. DX "B", May 3, 2001 Order.

4

Whatever testimony that was elicited during the hearing does not substitute for Fed. R. Civ. P. 30 which, among other things, permits parties to depose witnesses for seven hours.[5]

Finally, there was absolutely no testimony or evidence presented during the hearing related to PAG's counterclaims against Anton/Bauer or PAG's claims against DeSorbo. As such, there was certainly no "fact-finding" related to PAG's claims during the hearing that would substitute for PAG's right to take discovery under the Federal Rules.

    2.    **PAG Does Not Seek to Delay the Trial Because the Patent Expires In 2007.**

Anton-Bauer claims that PAG's discovery request is nothing more than a thinly-veiled attempt to push the trial of this matter into 2007, which is the year the '204 patent expires. First, simply because a patent expires does not mean that a plaintiff cannot maintain an infringement claim against a party that has allegedly infringed. Specifically, pursuant to 35 U.S.C. § 286, patent holders have a six-year statute of limitations to file an infringement claim. As such, a plaintiff can recover damages for patent infringement up to six years prior to the filing of the complaint. Lawman Armor Corp. v. Winner Int'l, 2003 U.S. Dist. LEXIS 22119 (E.D. Pa. Dec. 10, 2003); See generally Sony Elecs., Inc. v. Soundview Techs., Inc., 359 F. Supp. 2d 173 (D. Conn. 2005). Because of the six-year period, it is of no consequence to Anton-Bauer's claims or its claim for damages whether this matter goes to trial during the year 2006 or 2007. As set forth by section 286, since damages are set from six years before the filing of the complaint, the trial date is of no consequence. Thus, Anton-Bauer's claim that PAG is seeking to delay the trial until after the patent expires is wholly misplaced.

---

[5] In addition, Anton/Bauer had already stipulated to all the facts that established PAG's implied license defense. Specifically, Anton/Bauer admitted and stipulated that its female plate has no non-infringing use and that its female plates are made without restriction. See Exhibit "A" to Anton/Bauer's Opposition to PAG's Motion to Allow for a General Discovery Period.

In addition, Anton/Bauer has demonstrated that its concern that this matter is delayed is not genuine.[6] On March 17, 2006, counsel for PAG, Stephen Risley, wrote to counsel for Anton/Bauer and requested that, to minimize Anton/Bauer's apparent concern for delay, the parties could begin discovery in March 2006. DX "D", March 16, 2006 Correspondence from Stephen Risley to James T. Shearin. Risley stated that because this Court has yet to set a hearing for the Markman hearing, it is likely that by the time this Court rules on the parties' Markman, claims construction, it is likely that discovery could be completed. Demonstrating that Anton/Bauer is not sincere in its contention that discovery will delay this matter, Shearin declined PAG's offer to begin discovery immediately. DX "E", March 21, 2006 Letter from James T. Shearin to Stephen Risley.

### 3. PAG Has Never Stated That Additional Discovery Was Not Needed for Its Defenses, Counterclaim or Third-Party Claims.

Anton/Bauer claims that on three separate occasions during this litigation, PAG has taken the position that no further discovery should be taken: (1) in PAG's Motion for Summary Judgment on the Implied License Defense; (2) in PAG's Reply Brief in Support of its Renewed Motion for Summary Judgment; and (3) in PAG's Motion for Protective Order to Preclude Discovery in Light of Dispositive Ruling. Contrary to Anton/Bauer's contentions, however,

---

[6] Further, Anton/Bauer claims that PAG should have filed the Motion to Allow for a General Discovery Period after this Court denied Anton/Bauer's Motion for Summary Judgment on September 20, 2005. PAG, however, was never served with this Court's September 20, 2005 Order and, thus, first learned of the Order upon reading Anton/Bauer's Memorandum in Opposition to PAG's Motion to Allow for a General Discovery Period. As such, PAG did not delay in bringing the instant motion.

PAG never submitted to this Court that discovery was not needed for its defenses or for its counterclaim against Anton/Bauer or third-party claim against DeSorbo.[7]

As an initial matter, on March 27, 2002, PAG moved for summary judgment on the issues of contributory infringement and inducement of infringement. DX "C", PAG's Motion for Summary Judgment. Among other arguments, PAG contended that purchasers of Anton/Bauer's female plates had an implied license to assemble and use the invention claimed in the '204 patent. No where in PAG's motion does PAG contend that it did need discovery on matters related to its counterclaim, third-party claims or other defenses to Anton/Bauer's claims. On February 27, 2003, the Court denied PAG's Motion for Summary Judgment and stated that the denial was without prejudice to the parties' ability to renew the motion at the conclusion of the narrowly-limited implied license discovery period. Pursuant to this Order, PAG filed its Renewed Motion for Summary Judgment on June 4, 2003. DX "E", PAG's Renewed Motion for Summary Judgment. Again—and contrary to Anton/Bauer's contention—PAG did not state that it did not need discovery for its other defenses, counterclaim or third-party complaint.

Second, nothing in PAG's Reply Brief in Support of its Motion for Summary Judgment states that PAG no longer seeks discovery. This is certainly evidenced by the fact that, despite attaching PAG's brief, Anton/Bauer neither quotes language from the brief where PAG purportedly claims that it does not need discovery nor does Anton/Bauer cite to any page in the

---

[7] Instead, PAG has affirmatively stated to this Court that it did, in fact, need discovery on issues related to infringement, its counterclaims and third-party claims. DX "F", Defendant PAG's Opposition to Plaintiff Anton/Bauer's Motion to Stay and Motion for Protective Order, p. 6.

brief where the purported admission is set forth. As such, PAG did not advise the Court in the Reply Brief in Support of its Motion for Summary Judgment that it did not need discovery.[8]

Third, Anton/Bauer attempts to mislead this Court when it states that in PAG's August 1, 2003 Motion for Protective Order, PAG stated that it did not want discovery on its counterclaim and third-party claims. Contrary to Anton/Bauer's contention, PAG's motion related solely to the implied license defense. Specifically, PAG argued that discovery on the implied license defense was unnecessary because Anton/Bauer had previously admitted, stipulated and/or represented to this Court all of the facts that satisfied PAG's implied license defense as a matter of law. Thus, PAG's argument was based on the fact that the parties had stipulated to all facts and, because of that, there was no need to conduct discovery on that defense. In no way did PAG state that discovery should not go forward on its other defenses or claims against Anton/Bauer and DeSorbo, as Anton/Bauer contends.[9]

---

[8] This is only logical since there would be no discovery on Anton/Bauer's infringement claim if PAG prevailed on the implied license defense. PAG, however, still needs discovery related to its counterclaim and third-party claims.

[9] This is effectively DeSorbo's third attempt to have DeSorbo dismissed from this case. In the first two instances, Anton/Bauer moved to dismiss PAG's third-party complaint against DeSorbo, which this Court denied on both occasions. Now, because there has been absolutely no discovery related to PAG's third-party claims against DeSorbo, PAG will be effectively prevented from proving its claims because it did not have the benefit of obtaining documents related to DeSorbo nor will it have had the opportunity to depose him. Thus, DeSorbo would be dismissed without effectively having a ruling on the merits of the claims against him, which Anton/Bauer has unsuccessfully attempted on two occasions.

## CONCLUSION

For the above-stated reasons, PAG respectfully requests that this Court allow for an eight-month general discovery period.

DEFENDANT,
PAG LIMITED

Jason M. Kuselias (ct20293)
Jeffrey J. White (ct25781)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone: 860-275-8200
Facsimile: 860-275-8299
Email: jkuselias@rc.com
Email: jwhite@rc.com

Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, NE
Atlanta, Georgia 30326
Telephone: 404-760-4300
Facsimile: 404-233-1267
Email: srrisley@rkmc.com
Email: jsculpepper@rkmc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of PAG's reply brief was served via first class mail, postage prepaid on the 27th day of March, 2006 on the following counsel of record:

James T. Shearin, Esq.
Pullman & Comley, LLC
50 Main Street
Bridgeport, CT 06604

Allen D. Brufsky, Esq.
Christopher & Weisberg, P.A.
200 E. Las Olas Boulevard, Suite 2040
Ft. Lauderdale, FL 33301

_____
Jeffrey J. White