44

1    Q    Mr. DeSorbo, before the break, we were

2   talking about these adapter plates, and I'd like to

3   kind of switch to the Gold Mount female plate real

4   quickly.

5    A    Okay.

6    Q    What percent of the U.S. market of female

7   plates are Gold Mount female plates?  Do you know what

8   I mean?

9    A    No, I don't know what you mean.

10    Q    Well, of all the female plates that are out

11   in the U.S. market, roughly what percent of those

12   female plates are Gold Mount type female plates?

13        MR. SHEARIN:  I'm going to object unless

14   you can demonstrate the relevancy to the limited

15   discovery the court's permitted right now.

16        MR. RISLEY:  Like I said out in the

17   hall, I think it goes to circumstances of the sale.

18        MR. SHEARIN:  But that has nothing to do

19   with the female plate out there.  We're talking about

20   noninfringing alternative uses for that female plate.

21   How many female plates are out there is I think

22   irrelevant.

23        MR. RISLEY:  I -- I don't think it

24   necessarily is.  I'd like to know if 100 percent of all

25   the backs of all the cameras are Gold Mount type female

45

1  plates or not.  And based on that, then we can know

2  what percent of the market is being used to attach to a

3  camera that doesn't even relate to a Gold Mount.

4          MR. SHEARIN:  Do the last part again.

5  How much?

6          MR. RISLEY:  It -- it goes to what's

7  being connected to the female plate which goes directly

8  to a noninfringing use.

9          MR. SHEARIN:  But if it's 100 percent of

10  the market or 50 percent of the market, the question

11  is:  Are there alternative uses for that plate.

12          MR. RISLEY:  Right.

13          MR. SHEARIN:  Yes.

14          MR. RISLEY:  I don't know that I'm going

15  to convince you here.  Are you going to instruct him

16  not to answer or --

17          MR. SHEARIN:  I'm going to instruct him

18  not to answer right now.

19  BY MR. RISLEY:

20    Q    Are you going to follow that instruction?

21    A    Am I going to follow that instruction?

22    Q    Yeah.

23    A    Yeah.

24    Q    Okay.  And I don't want you to answer it, but

25  for that instruction, could you telling me today what

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTON/BAUER, INC.,
    Plaintiff,

    v.

PAG, LTD.,
    Defendant.

: Civil Action No. 3:01CV577 (CFD)

## RULING AND ORDER

The Defendant's Motion to Extend the Court's April 19, 2001 Preliminary Injunction Scheduling Order is GRANTED, as modified. The parties shall comply with the following scheduling order:

The Court hereby ORDERS that on **June 14, 2001**, at 10:00 a.m, in Courtroom Two, United States Courthouse Annex, 450 Main Street, Hartford, Connecticut, the defendants shall show cause why a preliminary injunction should not issue in the above-captioned matter.

Accordingly, it is hereby ORDERED that:

1.    By no later than 12:00 p.m. on **June 1, 2001**, each party shall file with the Clerk of the Court and shall serve upon other counsel of record the following items:

    (a) numbered list of proposed findings of fact, including the actual or projected evidentiary basis for each such finding;

    (b) a numbered list of proposed conclusions of law, including citations to authorities in support of each conclusion;

    (c) a list of witnesses to be examined by the party at the preliminary injunction hearing, including a succinct summary of the testimony which each such witness is expected to

1

provide;

(d) a list of the exhibits which the party expects to offer at the preliminary injunction hearing. This list shall be numbered, to the extent practicable, in the order that the exhibits are likely to be offered.

2.    The parties shall meet to discuss their proposed findings of fact and conclusions of law and to stipulate to any proposed findings of fact or conclusions of law to which they are in accord. In their respective responses to this Order to Show Cause, the parties shall indicate those findings of fact and conclusions of law which are stipulated.

3.    Service of any of the papers noted above shall be made upon adversary counsel by the date and time indicated.

It is so ordered.

Dated at Hartford, Connecticut, on this 3rd day of May, 2001.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

2

APR 2 3 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

APR 19  4     '01

U.S. DIST.
4A...

ANTON/BAUER, INC.,
    Plaintiff,

    v.

PAG, LTD.,
    Defendant.

: Civil Action No. 3:01CV577 (CFD)

## RULING AND ORDER

The request for a temporary restraining order is DENIED.

The Court hereby ORDERS that on **May 10, 2001**, at 2:00 p.m, in Courtroom Two, United States Courthouse Annex, 450 Main Street, Hartford, Connecticut, the defendants shall show cause why a preliminary injunction should not issue in the above-captioned matter.

Accordingly, it is hereby ORDERED that:

1.    By no later than 12:00 p.m. on **May 2, 2001**, each party shall file with the Clerk of the Court and shall serve upon other counsel of record the following items:

    (a)  numbered list of proposed findings of fact, including the actual or projected evidentiary basis for each such finding;

    (b)  a numbered list of proposed conclusions of law, including citations to authorities in support of each conclusion;

    (c)  a list of witnesses to be examined by the party at the preliminary injunction hearing, including a succinct summary of the testimony which each such witness is expected to provide;

    (d)  a list of the exhibits which the party expects to offer at the preliminary

1

Exhibit C
Page 1 of 2

injunction hearing. This list shall be numbered, to the extent practicable, in the order that the exhibits are likely to be offered.

2.    The parties shall meet to discuss their proposed findings of fact and conclusions of law and to stipulate to any proposed findings of fact or conclusions of law to which they are in accord. In their respective responses to this Order to Show Cause, the parties shall indicate those findings of fact and conclusions of law which are stipulated.

3.    Service of any of the papers noted above shall be made by in-hand service upon adversary counsel or pro se parties by the date and time indicated.

4.    Plaintiff's counsel is to serve a copy of this order, the verified complaint, and the motion for a preliminary injunction on the defendants by **April 25, 2000**.

It is so ordered.

Dated at Hartford, Connecticut, on this 19th day of April, 2001.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

2

Exhibit C
Page 2 of 2

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2600 ONE ATLANTA PLAZA
950 EAST PACES FERRY ROAD N.E.
ATLANTA, GA 30326-1119
TEL: 404-760-4300 FAX: 404-233-1267
www.rkmc.com

STEPHEN R. RISLEY

March 17, 2006

**VIA EMAIL AND FIRST CLASS MAIL**

James T. Shearin, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

     RE:  Anton/Bauer, Inc. v. PAG, Ltd. v. Anton/Bauer, Inc. and Alex DeSorbo
         Our File No. 031586-0000

Dear Tim:

In Anton/Bauer's Opposition to PAG's Motion to Allow for a General Discovery Period, Anton/Bauer expressed concern that affording the parties eight months of discovery could delay trial until July 1, 2007, or later. The potential for delay due to discovery will be eliminated, or greatly minimized, if the parties begin discovery now in March 2006 such that most if not all of the eight month discovery period will overlap with the conclusion of the Markman claims construction process and the Court's issuance of its Markman claims construction ruling. Since a date has not yet been set for the Markman hearing, a claims construction ruling is likely several months out. By the time the Court renders its claims construction ruling, discovery could be completed, such that little if any delay will be caused by the discovery period.

Due to this timing overlap, and to ameliorate Anton/Bauer's concern about delay, please let us know if Anton/Bauer will join PAG in asking the Court for an expedited ruling on PAG's motion to open discovery?

We look forward to hearing from you.

                      Sincerely,
                      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                      Stephen R. Risley

SRR/apn
cc:   Jason M. Kuselias, Esq.

Exhibit D
Page of 1 of 1

ATl 30045192.1

# PULLMAN & COMLEY, LLC
## ATTORNEYS AT LAW

JAMES T. SHEARIN
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p  203-330-2240
f  203 576 8888
jshearin@pullcom.com

March 21, 2006

*Via E-Mail & U.S. Mail:*
*srrisley@rkmc.com*

Stephen R. Risley, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2600 One Atlanta Plaza
950 East Paces Ferry Road NE
Atlanta, GA 30326

**Re:    Anton/Bauer, Inc. v. PAG, Ltd. v. Anton/Bauer, Inc. and Alex DeSorbo**

Dear Steve:

I am in receipt of your letter of March 17, 2006. My client continues to maintain the position advocated in its Memorandum in Opposition to your Motion to Allow for a General Discovery Period. I therefore decline to join in your request.

Very truly yours,

*James T. Shearin*

James T. Shearin

JTS/ljb
cc:     Alan Brufsky, Esq. – *Via E-Mail: ABrufs@aol.com*

Bridgeport/57052.2/JTS/591979v1

Exhibit E
Page 1 of 1

BRIDGEPORT    GREENWICH    HARTFORD    STAMFORD    WESTPORT    WHITE PLAINS

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTON/BAUER, INC.,<br>　　　Plaintiff, | ) | |
| | ) | |
| v. | ) | **COPY** |
| | ) | |
| PAG LIMITED | ) | |
| 　　　Defendant, | ) | Civil Action |
| | ) | File No.: 3:01-CV-577-CFD |
| v. | ) | |
| | ) | |
| ANTON/BAUER, INC. and ALEX | ) | |
| DESORBO, | ) | |
| | ) | |
| 　　　Counterclaim and Third Party | ) | |
| 　　　Defendants | ) | |
| | ) | |

## DEFENDANT, PAG LIMITED'S OPPOSITION TO PLAINTIFF ANTON/BAUER'S MOTION TO STAY AND MOTION FOR PROTECTIVE ORDER

## I.　　STATEMENT OF FACTS

On April 10, 2001, Plaintiff, Anton/Bauer, Inc. (hereinafter Anton/Bauer") filed its Complaint and Motion for Preliminary Injunction against Defendant, PAG, Limited. (Docket Entry 1, 3). Defendant PAG, Limited (hereinafter "PAG") filed its Answer, Counterclaims, and Third-Party Complaint on May 25, 2001. (Docket Entry 19). In response to PAG's Counterclaims and third-party complaint, Anton/Bauer and third-party defendant Alex DeSorbo (all represented by the same counsel), filed various Motions under Rule 12. (Docket Entry 27, 29, and 31).

On March 29, 2002, the Court denied Anton/Bauer's Rule 12 Motion to Dismiss the Counterclaims asserted by PAG. (Endorsement on Docket Entry 31). Similarly, on September

1

10, 2002, the Court denied Alex DeSorbo's Motion to Dismiss the third-party complaint asserted

by PAG. (Docket Entry 88).

**A.    Anton/Bauer Asked For Stay, Including Discovery, Until After Ruling On Preliminary Injunction**

During the pendency of Anton /Bauer's Motion for Preliminary Injunction, and after the

Court denied its Rule 12 Motion to Dismiss, Anton/Bauer filed a Motion to Stay Proceedings.

(Docket Entry 44, attached hereto as DX "A," April 8, 2002 Motion to Stay). In its April 8, 2002

Motion to Stay, Anton/Bauer asserted to the Court:

> Further, a Scheduling Order has been agreed to by the parties in this case. The
> Scheduling Order being filed concurrently extends *inter alia*, discovery, which is
> to be completed within six months from a date of decision of the Plaintiff's
> Motion for a Preliminary Injunction.

DX "A," April 8, 2002 Motion to Stay, p.2.

On June 13, 2002, the Court issued its Ruling on the Preliminary Injunction. (Docket

Entry 58).

**B.    After Ruling On Preliminary Injunction, Anton/Bauer's Counsel Agreed To Discovery Being Taken**

After the Court Ruled on the issue of the Preliminary Injunction, in accordance to the

agreement of the parties, the Stipulated Consent Order and Report of Planning Meeting were

submitted to the Court. (Docket Entry 76, 77).

Prior to submitting the Report of Planning Meeting containing the discovery schedule,

counsel for PAG contacted counsel for Anton/Bauer and specifically re-affirmed the agreement

between the parties that discovery was to commence and was to be completed within six months.

DX "B," Declaration of N. Andrew Crain, para. 3-5. Anton/Bauer's counsel re-affirmed this

agreement, and PAG's counsel was given permission to submit the original Planning Meeting

Report signed by Mr. Brufsky in April 2002. Id., para. 4-5; DX "C," Joint Planning Meeting Report.

At no time during the conversation regarding submission of the Planning Meeting Report was there any indication that Anton/Bauer's counsel felt discovery that had expired, that discovery could not be taken, or that discovery should be further stayed pending PAG's appeal of the ruling on the Preliminary Injunction. DX "B," Declaration of N. Andrew Crain, para. 6.

### C.    PAG's Discovery Requests To Anton/Bauer And Alex DeSorbo Comply With The Agreed Upon Discovery Schedule

In accordance with the agreed upon discovery schedule, PAG's counsel served discovery requests upon Anton/Bauer and third party defendant Alex DeSorbo, by delivering them to Mr. Brufsky on August 27, 2002. DX "D" Certificate of Service for Interrogatories to Anton/Bauer; DX "E," Certificate of Service for Document Requests to Anton/Bauer; DX "F," Certificate of Service for Document Requests to Alex DeSorbo. DX "H," Certificate of Service for Interrogatories to Alex DeSorbo. Additionally, PAG noticed the Rule 30(b)(6) deposition of Anton/Bauer for a date after the due date for Anton/Bauer's document requests. DX "G," Certificate of Service for Deposition Notice.

### D.    Anton/Bauer Filed A Motion To Stay All Proceedings, Including Discovery, Followed One Week Later By Motion Arguing That Discovery Had Already Expired

On September 4, 2002, Anton/Bauer filed a Motion to Stay "all further proceedings in the action" during PAG's appeal of the Court's ruling on the issue of Preliminary Injunction. See Anton/Bauer's September 4, 2002 Motion to Stay, p. 1. PAG's counsel did not receive notice of this Motion to Stay until September 10, 2002.

In its Motion to Stay, Anton/Bauer asserts that the issues on appeal of infringement of Anton/Bauer's patent will be dispositive of this action. Id., at para. 3. However, Anton/Bauer's Motion to Stay does not address PAG's counterclaims against Anton/Bauer, or PAG's third party-complaint against Alex DeSorbo. Id.

After serving its discovery requests on Anton/Bauer and Alex DeSorbo, PAG's counsel received the Court's rejection of the Planning Meeting Report for failure to comply with Local Rule 38. On September 5, 2002, counsel for the parties had a telephone conference regarding PAG's discovery requests and the Court's rejection of the Planning Meeting Report. See Affidavit of Jason Weiss filed with Anton/Bauer's Motion for Protective Order.

### 1. Anton/Bauer Did Not Consult On The Legal Issues Raised In The Motion For Protective Order

During the telephone conference, PAG's counsel specifically stated that it would grant additional time for Anton/Bauer to produce the requested discovery. DX "I," Declaration of J. Scott Culpepper, para. 9. Additionally, PAG's counsel asserted that it would be most appropriate to find out the basis for the Court's rejection of the Planning Meeting Report, and have a teleconference with the Court on the issue of discovery. See Affidavit of Jason Weiss, para. 6.

At no time during the September 5, 2002 teleconference did Anton/Bauer's counsel inform PAG's counsel that Anton/Bauer had already filed a Motion to Stay proceedings. DX "I," Declaration of J. Scott Culpepper, para. 7. At the conclusion of the teleconference Anton/Bauer's counsel stated that the Motion for Protective Order would not be filed. Id., para. 10.

4

However, Anton/Bauer's counsel did file the Motion for Protective Order. In its Motion for Protective Order, Anton/Bauer asserts for the first time, and contrary to its own previous filings with this Court, that discovery has closed and that all discovery had to be completed by October 25, 2001. See Motion for Protective Order, para. 4-5.

## II.    ARGUMENT AND CITATION OF AUTHORITIES

Anton/Bauer's Motion to Stay and subsequent Motion for Protective Order should both be denied. If for no other reason, this Court should deny the Motions as Anton/Bauer has made inconsistent arguments to the Court within these two motions filed within a week of each other.

### A.    Anton/Bauer's Motion To Stay Should Be Denied As There Are Issues Remaining In The Litigation And Anton/Bauer Agreed To Discovery After The Preliminary Injunction Ruling

Anton/Bauer argues as the sole ground for its Motion to Stay, that "[t]he ruling on the principal issue presented by the appeal [to the Federal Circuit], i.e., whether there is infringement of Anton/Bauer's patents under 35 U.S.C. 271(b)( and 35 U.S.C. 271 (c), will be dispositive of this action." See September 4, 2002, Motion to Stay, para. 3. According to Anton/Bauer, "since the appeal will be dispositive, the Court should exercise its discretion to stay the proceedings during the pendency of the appeal to save further time and effort." Id., at para 5.

#### 1.    Anton/Bauer Does Not Meet The Burden Required For A Stay

Even if Anton/Bauer's argument were correct, the pendency of an alleged dispositive motion is not, in and of itself, a sufficient grounds by itself for a stay of all proceedings, and in particular for a stay of discovery. As noted by the courts, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Turner Broadcasting Sys. v. Trainda Corp., 175 F.R.D. 554 (D. Nev. 1997). In circumstances where an alleged dispositive motion is pending, courts in the Second Circuit have held that "the mere filing

5

of a dispositve motion...does not warrant the issuance of a stay." <u>United States v. Nassau</u>, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

Accordingly, even taking Anton/Bauer's argument for a stay on its face, Anton/Bauer has failed to meet the heavy burden required for issuance of a stay of the proceedings, and in particular for a stay of discovery. <u>Id.</u>

## 2. <u>The Appeal Is Not Dispositive Of All Issues In The Litigation</u>

In addition to lacking legal basis, Anton/Bauer's argument for a stay is based on an incorrect factual assertion, that the pending appeal is dispositive of this litigation. The pending appeal to the Federal Circuit is <u>not</u> dispositive of this litigation. As an initial matter, the appeal to the Federal Circuit is from a preliminary injunction ruling. There has been no final determination of validity, enforceability, and infringement of the patent-in-suit, the appeal only concerns this Court's finding for purposes of the preliminary injunction that Anton/Bauer is likely to succeed on the merits. Even if the appeal is denied, Anton/Bauer must still <u>prove</u> patent infringement and damages. PAG is entitled to discovery on these and the other issues of the case, and judicial economy will be best served by having this discovery take place while the appeal is before the Federal Circuit.

Further, still pending in this litigation, in addition to allegations of patent infringement, are PAG's counter-claims against Anton/Bauer, and PAG's third-party claims against Alex DeSorbo. Anton/Bauer filed Motions to dismiss both the counterclaims and the third-party claims (Docket Entry 27, 29, and 31). This Court denied Anton/Bauer's Motions to Dismiss. (Endorsement to Docket Entry 31, Docket Entry 88). Accordingly, PAG's counterclaims and third-party claims are still very much at issue in the present case, and PAG is entitled to discovery on these issues.

3.   **Anton/Bauer's Counsel Agreed In Writing And Argued To This Court That Discovery Should Take Place After The Ruling On The Preliminary Injunction**

Finally, throughout this litigation, Anton/Bauer has agreed, and even argued to this Court, that discovery was to take place _after_ the Court's ruling on the preliminary injunction. Anton/Bauer's sudden reversal on this issue, shortly after the submission of the Joint Planning Meeting Report can only be seen as an act intended to delay the litigation.

For instance, in the discovery Planning Meeting held in April 2002 between counsel for Anton/Bauer and PAG, the parties agreed that discovery should begin after the Court's ruling on the preliminary injunction issue. DX "C," Report of Parties Planning Meeting. Anton/Bauer's counsel specifically agreed in the Planning Meeting that discovery should take place for six months after this Court's ruling on the preliminary injunction motion, and submitted this agreement to the Court. Id.

Similarly, in a different Motion to Stay filed by Anton/Bauer in April 2002, Anton/Bauer asserted the proceedings should be stayed until the Court's ruling on the preliminary injunction. DX "A," April 8, 2002 Motion to Stay, p.2. As a basis for delaying the proceedings in its April 2002 Motion to Stay, Anton/Bauer argued to the Court that the parties had agreed to a scheduling order wherein discovery was to be completed within six months from the Court's ruling. Id.

This Court ruled on the preliminary injunction, and in accordance with the agreement between the parties, PAG submitted the Planning Meeting Report. Before submitting the Report, PAG's counsel called Anton/Bauer's counsel's office and reaffirmed the agreement in the Planning Meeting Report, obtaining permission to file the copy of the Planning Meeting Report signed by Anton/Baer's counsel in April 2002. DX "B," Declaration of N. Andrew Crain, para.

7

3-5.  The Planning Meeting Report was reaffirmed and PAG's counsel was given permission to submit the Report to the Court.  Id.

After all of these affirmative actions by Anton/Bauer, there can be no doubt that Anton/Bauer anticipated and agreed that discovery was to proceed after the Court's ruling on the preliminary injunction motion.  Anton/Bauer now attempts to deny PAG the opportunity to take discovery on the underlying issues of patent infringement, as well as PAG's counterclaims and third-party claims, contrary to Anton/Bauer's prior agreement.

Accordingly, as detailed above, Anton/Bauer' Motion to Stay does not state any valid grounds for a stay of discovery, much less meet the heavy burden required to obtain such a stay of discovery. See e.g. Nassau, 188 F.R.D. at 188; Turner Broadcasting, 175 F.R.D. at 556.  Thus, Anton/Bauer's Motion to Stay should be denied.

Further, Anton/Bauer's actions to unnecessarily delay discovery warrant sanction.  See e.g. Keller v. Emmelyn Logan-Baldwin, 55 F.3d 84, 99 (2d Cir. 1995) (actions sanctionable if "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay", quoting Olivari v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)).

**B.    Anton/Bauer's Motion For Protective Order  Should Be Denied As Discovery Has Not Expired**

As detailed above, Anton/Bauer has agreed in writing more than once that discovery was to proceed after this Court's ruling on the preliminary injunction.  Anton/Bauer even argued to this Court that a stay of the case was warranted until the preliminary injunction ruling, in part because the parties had agreed to take discovery after the Court's ruling. DX "A," April 8, 2002 Motion to Stay, p.2.

8

Now, in addition to filing its Motion to Stay asking that all proceedings be stayed, Anton/Bauer goes further with its Motion for Protective Order, and argues for the first time that discovery <u>has expired</u> such that PAG is precluded from ever taking discovery in this litigation. This is an entirely new argument, contrary to Anton/Bauer's counsel's agreement with counsel for PAG, contrary to the Planning Report signed by Anton/Bauer and submitted by the parties to the Court, and contrary to Anton/Bauer's previous arguments to this Court.

### 1.    Anton/Bauer Can Show No Harm As Anton/Bauer Has No Good Faith Belief That Discovery Expired

A "party seeking a protective order has the burden of demonstrating that good cause exists for the order." <u>Wilcock v. Equidev Capital LLC</u>, 2001 U.S. Dist. LEXIS 11744 (S.D.N.Y. 2001), citing <u>In re Agent Orange Product Liability Litigation</u>, 821 F.2d 139, 145 (2d Cir. 1987). Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for a protective order. <u>Id.</u>, quoting <u>The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 143 (S.D.N.Y. 1997).

As mentioned, Anton/Bauer filed its Motion to Stay <u>before</u> the Motion for Protective Order. The Motion to Stay asks that all proceedings, including discovery be stayed. <u>Nowhere</u> in its Motion to Stay, does Anton/Bauer mention that it has any good faith belief that discovery has expired, that discovery should not be taken at all, or that Anton/Bauer would suffer any harm if discovery proceeds. Similarly, Anton/Bauer does not allege any such harm in its Motion for a Protective Order.

Instead, Anton/Bauer appears to base its Motion for Protective Order on a self-serving interpretation of the Court's rejection of the parties' Planning Meeting Report. (Endorsement on Docket Entry 77). The annotation states that the Court rejected the Planning Meeting Report for

9

failing to comply completely with Local Rule 38. Anton/Bauer asserts that the Court's rejection of the Report means that discovery expired in October 2001, and Anton/Bauer now seeks to deny PAG all discovery in this litigation by moving for a Protective Order.

Review of Local Rule 38 shows that the Planning Meeting Report drafted by Anton/Bauer's counsel fails to comply with the formatting requirements of Local Rule 38, and fails to include some information required under Local Rule 38. This is the most likely reason for the rejection of the planning report. A new Planning Meeting Report complying with Local Rule 38 has been drafted by PAG's counsel and forwarded to Anton/Bauer's counsel.

Further, Anton/Bauer's argument that discovery expired in October 2001 ignores Anton/Bauer's own Rule 12 Motions and its own April 2002 Motion to Stay proceedings. According to Anton/Bauer's Motion for Protective Order, discovery on PAG's counterclaims and third-party claims against Alex DeSorbo expired before this Court ruled on Anton/Bauer's Rule 12 Motions to dismiss these claims. In fact, this Court did not even rule on the Motion to Dismiss regarding the third-party complaint until after Anton/Bauer's Motion for Protective Order was filed. Accordingly, Anton/Bauer's newly offered argument that discovery expired before Anton/Bauer and Alex DeSorbo were obligated to answer PAG's claims is entirely self-serving, and has no reasonable basis in the facts and circumstances of this litigation.

## 2. Anton/Bauer's Counsel Failed To Comply With The Meet And Confer Requirement Of Rule 26

After the parties became aware of the Court's rejection of the planning report, they held a teleconference. During the teleconference with Anton/Bauer's counsel, PAG's counsel brought the rejected planning report issue up, and tried to convince Anton/Bauer's counsel to agree to obtain clarification of the Order from the Court. See Affidavit of Jason Weiss, para. 6.

Anton/Bauer's counsel admits that PAG's counsel proposed to clarify the Court's ruling before any motions were filed. Id. Inexplicably, during this conference, which Anton/Bauer's counsel asserts was an effort to resolve the issues, Anton/Bauer's counsel never disclosed that Anton/Bauer had actually filed a Motion to Stay all proceedings, including discovery, the day before the teleconference. DX "I," Declaration of J. Scott Culpepper, para. 7.

Anton/Bauer made vague statements about planning to file a Motion to Stay, but did not disclose that it had actually been filed prior to the teleconference. Id. Further, in an attempt to resolve the discovery dispute, PAG's counsel agreed to give Anton/Bauer additional time to respond to the discovery requests so that the parties could confer with the Court. Id., at para. 9. Anton/Bauer's counsel agreed at the end of the teleconference that Anton/Bauer would not be filing for the Protective Order. Id. at para. 10.

That same day, contrary to their statement that no such motion would be filed, Anton/Bauer's counsel signed and submitted the Motion for Protective Order. Anton/Bauer's counsel refused to confer in good faith or to clarify or resolve this discovery issue before filing its Motion. These actions by Anton/Bauer's counsel do not comply with Federal Rule 26's requirement for a good faith "meet and confer" on the issues before filing for a protective order. Fed. R. Civ. P. 26(c). This failure to confer on the issues in good faith, by itself, should warrant denial of Anton/Bauer's Motion for Protective Order.

3. **Anton/Bauer's Own Assertions And Agreements Show That It Has No Good Faith Belief That Discovery Has Expired Of That It Will Be Harmed By Discovery Proceeding**

PAG's counsel's goal was to clarify the issues as required by Rule 26, rather than waste the Court's time with needless motions. After assuring PAG's counsel in a teleconference that a Motion for Protective Order would not be filed, Anton/Bauer's counsel signed and submitted the

11

Motion for Protective Order that very day. As discussed above, the assertions within the Motion for Protective Order are contrary to every assertion, argument, or statement previously made by Anton/Bauer on the issue of the timing of discovery.

Anton/Bauer does not seek a protective order related to any defects in the discovery requests or argue that PAG is not entitled to the discovery sought. Further, Anton/Bauer does not even attempt to articulate any harm that Anton/Bauer would suffer as a result of the discovery, as required to obtain a Motion for Protective Order. See Wilcock, 2001 U.S. Dist. LEXIS 11744 at *2; citing In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). Instead, the sole purpose of this Motion is to try and improperly deny PAG discovery on the issues of this litigation. Accordingly, PAG submits that the Motion for a Protective Order should be denied, and that Anton/Bauer should be ordered to pay PAG's expenses, costs, and attorneys' fees associated with responding to the Motion for Protective Order.

## III.  CONCLUSION

For at least the reasons stated above, Anton/Bauer's Motion to Stay and Anton/Bauer's Motion for Protective Order should be DENIED.

Further, PAG, Limited respectfully requests that this Court

    a.    order Anton/Bauer and Alex DeSorbo to fully and completely respond to PAG's discovery requests; and

    b.    enter a discovery schedule allowing for discovery to end no earlier than six months after Court's order on Anton/Bauer's Motion for Protective Order, and Motion to Stay.

Finally, in PAG, Limited requests that Anton/Bauer be ordered to pay of PAG's costs, expenses, and attorneys' fees associated with opposing Anton/Bauer's Motions.

Respectfully submitted this 25th day of September 2002.

Stephen R. Risley (ct22652)
J. Scott Culpepper (ct22653)
Robert B. Dulaney III  (ct22654)
**THOMAS, KAYDEN, HORSTEMEYER**
**& RISLEY, L.L.P.**
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933


Brien P. Horan (ct06870)
**ROBINSON & COLE, L.L.P.**
280 Trumbell Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299


Counsel for Defendant

13

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTON/BAUER, INC.,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| PAG LIMITED<br>    Defendant, | )<br>)<br>) |
| v. | )<br>) |
| ANTON/BAUER, INC. and ALEX<br>DESORBO, | )<br>)<br>) |
|     Counterclaim and Third Party<br>    Defendants | )<br>)<br>) |

Civil Action
File No.: 3:01-CV-577-CFD

## CERTIFICATE OF SERVICE

I certify that on the 25th day of September, 2002, a true and correct copy of the above and foregoing "DEFENDANT, PAG LIMITED'S OPPOSITION TO PLAINTIFF ANTON/BAUER'S MOTION TO STAY AND MOTION FOR PROTECTIVE ORDER" was served on the following counsel of record:

Allen D. Brufsky, Esq.
**FERRELL SCHULTZ CARTER ZUMPANO & FERTEL**
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131-4325

14

by depositing a copy of the same in the United States mail.

Robert B. Dulaney III (ct22654)
**THOMAS, KAYDEN, HORSTEMEYER
& RISLEY, L.L.P.**
100 Galleria Parkway, Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Counsel for Defendant

15